IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JINKS, DANIEL & CROW, P.C., § | | |
| PLAINTIFF, § | | |
| v. § | CASE NUMBER: | |
| COMMUNITY BANK AND TRUST OF § SOUTHEAST ALABAMA, and INTERNAL REVENUE SERVICE, § | 2:05cv940-T | |
| DEFENDANTS. § | | |

## FIRST AMENDED COMPLAINT

### JURISDICTION

1. This is a Complaint seeking Interpleader and a Declaratory Judgment determining a question of actual controversy among the parties, as is more fully set forth herein.

2. This cause of action is brought pursuant to 11 U.S.C. , §§ 1335, 1397, 2201, 2202, 2361.

3. Law Firm is a professional corporation, licensed along with its attorneys, to operate its law practice in Union Springs, Bullock County, Alabama.

4. Upon information and belief, Community Bank and Trust of Southeast Alabama (hereinafter "CB&T") is a banking corporation with principal

       offices located in Alabama, qualified to do business in the state of Alabama.

5. Defendant United States Treasury Department and Defendant Internal Revenue Service (hereinafter collectively referred to as "IRS") are United States governmental agencies and/or entities.

## FACTS

6. Law Firm represented Ben T. Adams (hereinafter, "Mr. Adams"), a resident of Clio, Barbour County Alabama, in a lawsuit styled Ben T. Adams v. Charter Construction Management Company, Case number CV2003-24, Circuit Court of Barbour County, Alabama.

7. Following a bench trial on February 2, 2004, the Court entered a judgment against Charter Construction Management Company, Inc., and in favor of Mr. Adams in the amount of $94,415.04. Charter Construction Management Company, Inc., appealed the Court's decision. The Supreme Court of Alabama affirmed the trial court's decision.

8. After all expenses, costs and attorney fees were paid from the amount of the judgment received by Law Firm on behalf of Mr. Adams, the amount of $56,438.97 remained, and was held in the Trust Account of the Law Firm at the time of the filing of the original Complaint. Subsequent to the filing of the original Complaint, these proceeds were paid to the Clerk of the U. S.

   District Court, Middle District of Alabama.

9.  Following receipt of the amount of the judgment, Defendant CB&T contacted the Law Firm, claiming a perfected security interest in the amount of $273,000.00 in the remaining proceeds held in the Trust Account of the Law Firm.

10.  CB&T asserts that their claim of an interest in the proceeds is based upon their agreement with Mr. Adams to assign his interest in the proceeds to CB&T. CB&T claims that it has a perfected security interest in the proceeds by virtue of its filings of a UCC-1 and a UCC-3.

11.  Defendant IRS claims that Mr. Adams owed federal taxes, and that Notices of Levy and Federal Tax Liens were placed against Mr. Adams' property; therefore, the IRS claims it has a federal tax lien on Mr. Adams' proceeds, in a total amount which exceeds $47,000.00.

12.  Because of these conflicting claims advanced by CB&T and IRS, the Law Firm is in doubt as to which of these Defendants is entitled to be paid from the proceeds and how said proceeds should be disbursed.

  WHEREFORE, THE PREMISES CONSIDERED, Plaintiff requests the following:

   A.  That this Court take jurisdiction of this Complaint for Interpleader and Declaratory Judgment and declare the rights and obligations of

    the parties with respect to the aforesaid judgment;

B.    That each of the Defendants be restrained from instituting any action against Plaintiff for the recovery of the proceeds from judgment until this Court has determined the extent, if any, of the parties' claims against said judgment proceeds, and the priority of said claims;

C.    That prior to the determination of whether either Defendant is entitled to the judgment proceeds, this Court enter an order permitting the Law Firm to interplead the judgment proceeds;

D.    That the Law Firm shall be entitled to recover costs, expenses and reasonable attorney fees for this cause of action; and

E.    Such other, further or different relief to which the Law Firm may be entitled.

THIS the 25th day of October, 2005.

                                    s/ Janie S. Gilliland
                                    Janie S. Gilliland

OF COUNSEL:
JANIE S. GILLILAND
Attorney at Law
P. O. Box 241345
Montgomery, AL 36124-1345
Telephone:   334-409-2003
Facsimile:    334-409-2009

Certificate of Service

I hereby certify that I have, on this 25th day of October, 2005, delivered a copy of the foregoing on the following, by placing a copy of the same in the United States Mail, properly addressed, with sufficient first-class postage affixed thereto, to insure delivery.

                s/Janie S. Gilliland

The Hon. Anne Stone Sumblin
P. O. Box 345
Kinston, AL 36453

The Attorney General
Department of Justice
Room B-103
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

The United States of America
The United States Attorney
P. O. Box 197
Montgomery, AL 36106-0197

Internal Revenue Service
District Director, IRS
801 Tom Martin Drive, Suite 126
Birmingham, AL 35211