IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JINKS, DANIEL & CROW, P.C. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 2:05CV940-T |
| ) | |
| COMMUNITY BANK AND TRUST OF ) | |
| SOUTHEAST ALABAMA, and ) | |
| INTERNAL REVENUE SERVICE ) | |
| ) | |
| Defendants. ) | |

## ANSWER

The named defendant, the Internal Revenue Service, by and through undersigned counsel, in response to the First Amended Complaint filed by Plaintiff, admits, denies and alleges as follows:

### FIRST DEFENSE

The plaintiff has named the Internal Revenue Service as a defendant in this case. The Internal Revenue Service is not a proper defendant, it is an agency of the United States. The United States is the proper defendant.

### SECOND DEFENSE

The IRS is entitled to first priority with respect to the interplead funds. A Notice of Federal Tax Lien was filed with the Alabama Secretary of State on January 12, 2004 against AA-Adams Construction Company, a partnership. The law suit that generated the funds that are the subject of this suit was styled *Ben T. Adams, d/b/a AA-Adams Construction Company vs. Charter Construction Management Co., Inc. et al.* Because Ben T. Adams is a general partner in AA-Adams Construction Company, the tax lien attaches to Ben T. Adams and his property, based on

assessment, notice and demand directed to the partnership AA-Adams Construction Company.

### THIRD DEFENSE

The plaintiff, in its prayer for relief, asks for recovery of "costs, expenses, and reasonable attorneys fees for this cause of action...." The IRS objects to any payment of attorney's fees in this interpleader action to the extent such payment would reduce the amount due the IRS under its tax lien. *Cable Atlanta, Inc. v. Project, Inc.*, 749 F.2d 626, 627 (11th Cir. 1984). Federal law provides that neither attorney's fees nor court costs in an interpleader action may be paid in derogation of a Federal tax lien. This does not affect any liability of other defendants for the plaintiff's fees and costs, as long as it does not reduce the amount payable to the United States. *United States v. Chapman*, 281 F.2d 862, 871 (10th Cir. 1960).

### FOURTH DEFENSE

In response to the specifically numbered paragraphs of the First Amended Complaint, the named defendant, the Internal Revenue Service, answers as follows:

1. Defendant denies that plaintiff is entitled to seek a declaratory judgment in this case because declaratory judgment generally may not be obtained regarding Federal taxes pursuant to 28 U.S.C. 2201(a). Defendant admits the remainder of paragraph 1.

2. Defendant denies. Presumably, plaintiff is bringing this cause of action pursuant to **28** U.S.C. §§ 1335, 1397, 2201, 2202 and 2361. However, as discussed in paragraph 1, above, plaintiff is not entitled to declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Defendant denies for lack of knowledge or information sufficient to form a belief.

4. Defendant denies for lack of knowledge or information sufficient to form a belief.

5. Defendant admits.

6. Defendant denies that the law suit was styled *Ben T. Adams vs. Charter* etc., but

instead was styled *Ben T. Adams d/b/a AA-Adams Construction Company v. Charter* etc.

Defendant denies the remainder of paragraph 6.

    7.    Defendant denies for lack of knowledge or information sufficient to form a belief.

    8.    Defendant denies for lack of knowledge or information sufficient to form a belief.

    9.    Defendant denies for lack of knowledge or information sufficient to form a belief.

    10.    Defendant denies for lack of knowledge or information sufficient to form a belief.

    11.    Defendant admits.

    12.    Defendant denies for lack of knowledge or information sufficient to form a belief.

    13.    Any factual allegations not specifically admitted herein are denied.

**WHEREFORE,** Defendant prays this Court Order that Defendant Internal Revenue Service is entitled to the interplead funds to the extent of the tax liens plus interest and penalties, Plaintiff take nothing, and for such further and equitable relief as justice requires.

                                          LEURA GARRETT CANARY
                                          United States Attorney

                                          /s/ James T. Lyons
                                          JAMES T. LYONS
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          Post Office Box 14198
                                          Washington, D.C. 20044
                                          Telephone: (202) 514-5880
                                          james.t.lyons@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on December 1, 2005, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Ms. Janie Gilliland, plaintiff's counsel.  I also hereby certify that service of the foregoing Answer has been made by depositing a copy in the United States mail, by first class postage prepaid, addressed to the following:

      Ms. Anne Stone Sumblin
      P.O. Box 345
      Kinston, AL 36453

      /s/ James T. Lyons
      JAMES T. LYONS
      Trial Attorney, Tax Division
      U.S. Department of Justice
      P.O. Box 14198
      Washington, D.C.  20044