IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JINKS, DANIEL & CROW, P.C.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **COMMUNITY BANK AND TRUST OF** ) | **CIVIL ACTION NO.** |
| **SOUTHEAST ALABAMA, UNITED** ) | **2:05cv940-T** |
| **STATES DEPARTMENT OF** ) | |
| **TREASURY, INTERNAL REVENUE** ) | |
| **SERVICE,** ) | |
| ) | |
| **Defendants.** ) | |

**MOTION FOR SUMMARY JUDGMENT OF DEFENDANT**
**COMMUNITY BANK AND TRUST OF SOUTHEAST ALABAMA**

Pursuant to Rule 56, *FED. R. CIV. P.*, and this Court's Scheduling Order in this action, defendant Community Bank and Trust of Southeast Alabama ("CB&T"), moves for summary judgment in its favor and against the plaintiff and the defendant, the U.S. Department of Treasury, Internal Revenue Service (the "IRS"), on the grounds that no genuine issue of material fact exists, and that summary judgment is due to be entered in favor of CB&T as a matter of law. In support of this motion, CB&T says as follows:

**I. Nature of Action.**

This is an interpleader action to determine who is the proper party to receive the approximately $50,000 of net proceeds of a lawsuit styled, *Ben T. Adams, d/b/a AA Adams Construction Company vs. Charter Construction Management Co., Inc., et al.,* CV No. 03-24, Circuit Court of Barbour County, Clayton Division (the "Civil Action"). CB&T seeks the funds based upon its prior perfected security interest in and to the proceeds of the Civil Action,

specifically, and the accounts and general intangibles of <u>Ben T. Adams</u>, generally. The IRS seeks the funds because it filed in the probate office of Barbour County and the Office of the Secretary of State of Alabama certain notices of federal tax liens against the <u>partnership</u> assets of "AA Adams Construction," a <u>partnership</u>.

## II.  Narrative Summary

In or around March 2005, the plaintiff, Jinks, Daniel & Crow, P.C., received approximately $106,000 that was paid to it to satisfy the judgment in favor of Ben Adams in the Civil Action (the "Civil Action Proceeds").[1] A year earlier, in March 2004, CB&T notified plaintiff by letter of CB&T's security interest in Mr. Adams' claims in the Civil Action, and the proceeds (copy attached as Exhibit A). Sometime on or after May 5, 2004, Mr. Jinks received the Notices of Levy of the IRS (copies attached as Exhibits B and C) that reference its claim to assets of "AA Adams Construction," a partnership, <u>and</u> "Admas (*sic*) Ben T," as a general partner.

### *CB&T's Perfected Security Interest In Civil Action Proceeds*

CB&T's perfected and priority security interest in and to the Civil Action Proceeds arises from a debt owed to CB&T by AA Adams Construction Co., the partnership, under a promissory note dated January 15, 2004, in the principal amount of $259,188.07 (the "Note"). *See* Affidavit of Lynn B. Kelsoe, attached as Exhibit D, at ¶3 and Exh. 1 (copy of the Note). The Note was a consolidation and renewal of prior promissory notes evidencing partnership debt owed to CB&T. *Id.* Mr. Adams was a guarantor of the Note and of the promissory notes that were renewed under

---

[1] After payment of attorneys' fees and expenses due to the plaintiff, the net amount of the Civil Action Proceeds that plaintiff paid to the Clerk of this Court in connection with the filing of the interpleader were approximately $56,000. CB&T has no dispute with the amount deducted by plaintiff from the Civil Action Proceeds, and, thus, no dispute with the amount paid by plaintiff to the Clerk of this Court in connection with this action.

2

the Note. *Id*. As of April 25, 2005, the debt owed under the Note was $273,249.04, exclusive of late fees and collection costs. *Id*.

The Note contains a Security Agreement in which AA Adams Construction Co. granted to CB&T a security interest in Equipment, Accounts, General Intangibles and identified contracts. Exhibit D, ¶4 and Exh. 1. CB&T perfected its security interest in the collateral securing the Note by filing a UCC-1 with Alabama's Secretary of State on January 29, 2004. Exh. D at ¶4 and Exh. 2 (UCC-1, B-04-0073409FS).

On February 27, 2004, CB&T, AA Adams Construction Co., and Ben Adams entered into that certain Correction Amendment to Security Agreement (the "Amendment"). Exhibit D at ¶5 and Exh. 3 (copy of the Amendment). The Amendment details that CB&T, AA Adams Construction Co., and Ben Adams were confirming that CB&T had learned that the Civil Action was brought in Ben Adam's name and not that of the partnership, and that Ben Adams intended to grant CB&T a security interest in and to the Civil Action and the proceeds thereof. *Id.* at Recitals 3 and 5.

In reliance on the information about the Civil Action, CB&T amended the note and security agreement pursuant to the Amendment, and CB&T recorded UCC-3's and a UCC-1 to perfect its lien against the Civil Action Proceeds of Ben Adams. CB&T perfected its security interest in and to the Civil Action Proceeds on March 3, 2004, when it recorded its UCC-3 amending the UCC-1 filed on January 29, 2004, to add Adams as a debtor and to further describe CB&T's Security interest in and to the Civil Action Proceeds. Exh. D at ¶5 and Exh. 4 (copy of UCC-3, B-04-0073409AM). In addition, CB&T recorded on March 3, 2004, a second UCC-1 to perfect CB&T's security interest in all Equipment, Accounts, General Intangibles, Payment Intangibles, Contract Claims, and Commercial Tort Claims of AA Adams Construction Co. <u>and</u>

3

Ben Adams, including but not limited to those arising from the Civil Action. Exh. D at ¶5 and Exh. 5 (copy of UCC-1, 04-015-9577FS).

### *Notice of Federal Tax Lien and Notices of Levy*

On January 22, 2004, the IRS filed in the Office of the Judge of Probate of Barbour County (the "Judge of Probate") a Notice of Federal Tax Lien on IRS Form 668 (the "First NFTL") (copy attached as Exh. E). The First NFTL names "AA-Adams Construction, a partnership" as the only taxpayer. The First NFTL states that notice is given that taxes in the amount of $32,547.30 have been assessed "against the following-named taxpayer," *i.e.*, the partnership AA Adams Construction. *Id.* (emphasis added). Importantly, the First NFTL further states that a lien exists "in favor of the United States on all property and rights to property belonging to this taxpayer," *i.e.*, the partnership AA Adams Construction. *Id.* (emphasis added). The First NFTL does not identify any of the general partners of "AA-Adams Construction; it does not identify Ben Adams; and it does not assert a claim against any assets of any entity other than the named partnership.[2]

In January 2004, the IRS also filed its first Notice of Federal Tax Lien in the Office of Alabama's Secretary of State (copy attached as Exhibit H)(collectively, the "First NFTLs"). Like the First NFTL filed in Barbour County, however, this NFTL failed to name Mr. Adams and failed to assert a lien against any of his assets. *Id.* A search of the records of the Secretary of State reveals no notices of federal tax liens filed there against Ben Adams individually (copy of UCC-11 search attached as Exhibit I).

---

[2] The IRS later filed a second and a third Notice of Federal Tax Lien on the same form that named only the partnership and not Mr. Adams. *See* Exhibits F and G.

### *Priority of CB&T's Security Interest*

CB&T's security interest in the Civil Action Proceeds of Ben Adams takes priority over the federal tax lien of the IRS arising under the First NFTLs because CB&T properly perfected its security interest in and to Civil Action Proceeds of Ben Adams when it filed its UCC-3 and UCC-1 on March 3, 2004. The Civil Action Proceeds are an asset of Ben Adams, as opposed to an asset of the partnership, given the selection on the Civil Action Cover Sheet that the action was brought by an "individual;" the name in which the Civil Action was filed; the absence of any reference to the partnership in the complaint filed in the Civil Action; the undisputed representations or admissions of Adams and of the partnership to CB&T in the Amendment; and the mandate in the Order in the Civil Action that Ben Adams recover the judgment amount. *See* MSJ Exhibit J (copy of civil action cover sheet and complaint filed in the Civil Action); Exhibit D-3; and Exhibit K.

At the time CB&T perfected its security interest in the Civil Action Proceeds in March 2004, the IRS had <u>not</u> asserted nor perfected a lien against property or assets of Ben Adams. With the filing of its First NFTLs in January 2004 in Barbour County and in the Office of the Secretary of State (Exhibits E and H), the IRS only perfected its lien against assets of AA-Adams Construction, the partnership that was named as the only taxpayer in the First NFTLs. *In re Robby's Pancake House of Florida, Inc.*, 24 B.R. 989 (Bkt. E. D. Tenn. 1982); *see also, In re Hudgins*, 967 F.2d 973, 976 (4th Cir. 1992); *In re Sutton*, 302 B.R. 568 (Bkt. N. D. Ohio 2003); and *In re Focht*, 243 B.R. 263 (W. D. PA 1999). As a result, CB&T's security interest in and to the Civil Action Proceeds of Ben Adams primes the tax lien of the IRS.

### III. Material in Support of Motion for Summary Judgment

CB&T supports its Motion for Summary Judgment with the following evidentiary material:

A.  Sumblin Letter to Jinks (Exh. A).

B.  Notices of Levy (Exh. B and C).

C.  Kelsoe Affidavit (Exh. D), along with the following exhibits that are attached as exhibits to her affidavit:

    1.  January 2004 Promissory Note.

    2.  UCC-1, B-04-0073409FS.

    3.  Correction Amendment.

    4.  UCC-3, B-04-0073409AM.

    5.  UCC-1, 04-015-0577FS.

D.  Notices of Federal Tax Liens (Exh. E, F, and G) filed in probate court.

E.  Notices of Federal Tax Liens (Exh. H) filed in the Office of the Secretary of State.

F.  UCC-11 Search of Secretary of State for liens of Ben Adams (Exh. I).

G.  Certified Copy of Civil Action Cover Sheet and Complaint (Exh. J).

H.  Certified Copy of Order in Civil Action (Exh. K).

WHEREFORE, premises considered, CB&T prays that this Court will grant its motion, will enter summary judgment in favor of CB&T, and will award CB&T the Civil Action Proceeds, plus interest, and less any amounts due to plaintiff for its reasonable fees and costs in

filing this action. CB&T prays for such other and different relief that this Court deems appropriate.

                                                 s/ Anne Stone Sumblin
                                                 Anne Stone Sumblin (98-8358)
                                                 Attorney for CB&T

OF COUNSEL:

WALSTON WELLS & BIRCHALL, LLP
PO Box 345
Kinston, AL 35643
Telephone: (334) 565-3380
Fax: (334) 565-3076
*asumblin@oppcatv.com*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on February 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Janie S. Gilliland
        PO Box 241345
        Montgomery, AL  36124-1345
        Email: *janiegilliland@knology.net*

        James T. Lyons
        Trial Attorney, Tax Division
        U. S. Department of Justice
        PO Box 14198
        Washington, DC  20044
        Email:  *james.t.lyons@usdoj.gov*

                                                 s/ Anne Stone Sumblin
                                                 Of Counsel