# CORRECTION AMENDMENT TO SECURITY AGREEMENT & NOTE

This Correction Amendment to Security Agreement & Note is entered into as of the 27th day of February 2004 by and between A.A. Adams Construction Company, an Alabama general partnership ("Adams"), Ben T. Adams, an individual ("Ben Adams"), and Community Bank & Trust of SE Alabama ("CB&T").

## Recitals

1. Adams is indebted to CB&T under that certain promissory note dated as of January 15, 2004, in the original principal amount of $259,188.07 (the "Note"). Ben Adams is a guarantor of the Note pursuant to the Guaranty Agreement dated as of January 15, 2004.

2. As a condition to the extension of credit by CB&T under the Note, CB&T required that Adams grant to CB&T a security interest in and to all of the accounts and general intangibles of Adams, in addition to reaffirming CB&T's security interest in and to certain construction contracts to which Adams is a party (the "Security Agreement").

3. At the execution of the Note and Security Agreement, Ben Adams informed CB&T of a lawsuit. CB&T subsequently obtained information about the lawsuit styled *Ben T. Adams, d/b/a AA-Adams Construction Company v. Charter Construction Management Co., Inc., the Charter Companies, Carl Sutton, Sutton Construction Services, and et al.*, CV 03-024, Circuit Court of Barbour County, Alabama (the "Civil Action"). In particular, CB&T learned that Ben Adams' Civil Action included both contract claims ("Contract Claims") and commercial tort claims within the meaning of Article 9 of Alabama's Uniform Commercial Code ("Commercial Tort Claims"), and that the lawsuit was brought by Ben Adams, individually, d/b/a Adams Construction Company, and not in the name of the partnership.

4. Adams remains indebted to CB&T for outstanding interest owed that was not included in, or capitalized by, the Note. Adams has requested that CB&T continue to forbear from exercising its rights and remedies with respect to the interest owed by Adams to CB&T.

5. In order to correct, confirm, clarify, and reaffirm that the security interest granted by Adams encompasses all of the claims set forth in the Civil Action, including all Contract Claims and Commercial Tort Claims, and that Ben Adams, in his individual capacity, grants to CB&T a security interest in this collateral, and in order to obtain CB&T's forbearance with respect to the outstanding interest owed, the parties seek to amend the Security Agreement and Note as follows.

## Amendment

1

EXH. 3

NOW THEREFORE, in consideration of the Recitals above, which Recitals are incorporated herein by reference, and for Ten Dollars in hand paid, and for such other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the parties agree as follows:

1. **Accuracy of Recitals**. Adams and Ben Adams each acknowledge the accuracy of the factual statements contained in the Recitals above, including but not limited to the validity, enforceability, and status of the Note and Security Agreement, and the debt evidenced thereby, without offset, claim, or any defense.

2. **Amendment To Security Agreement**. The Security Agreement, incorporated herein by reference, is amended to add Ben Adams as a party granting to CB&T a security interest in the Property described in the Security Agreement, as amended hereby, to secure his obligation to CB&T under the Guaranty and Note, and Ben Adams does grant, bargain, and sell to CB&T a security interest in and to the Property as identified, described, and defined in the Security Agreement, as amended hereby, as if he had signed originally the Security Agreement in his individual capacity. The Security Agreement is further amended to include as Property to secure the Note and Guaranty any and all Commercial Tort Claims of Adams and Ben Adams, including but not limited to all Commercial Tort Claims of either of them arising under or related to the Civil Action; and, to the extent necessary, the Security Agreement is further amended to clarify and confirm that CB&T's security interest in General Intangibles and Accounts under and as defined by the Security Agreement includes proceeds of accounts and payment intangibles, as that term is defined in Article 9 of Alabama's Uniform Commercial Code, and any and all Contract Claims of Adams and Ben Adams, including but not limited to all Contract Claims arising under or related to the Civil Action.

3. **Amendment To Note**. The Note is amended to provide that, in the event that proceeds from the Civil Action are paid, delivered, or made available to Ben Adams or to Ben Adams and CB&T, jointly, the proceeds shall be paid immediately to CB&T and applied to the Note as a payment then due and payable under the Note to pay all accrued and outstanding interest, first, and the balance toward principal owed under the Note, second.

4. **Right To Protect Interest; Right to Information; Power of Attorney**. CB&T is authorized to prepare any and all such documents and notices to perfect CB&T's security interest in and to the Property described in the Security Agreement, as amended, including but not limited to filings with the Secretary of State and notices to counsel and parties in the Civil Action. The parties recognize and agree that CB&T is entitled to information concerning the status of the Civil Action, and that, without disclosing confidential attorney-client information, counsel for Ben Adams is authorized to discuss the status of the Civil Action with CB&T and its agents and attorneys. Adams and Ben Adams hereby appoint CB&T, and any person it may designate, the true and lawful attorney of Adams and Ben Adams, with full power of

2

substitution, to receive, collect, and endorse in the name of Adams or Ben Adams on any instrument given in evidence, payment, or partial payment of any proceeds of the Civil Action or any other Contract Claim or Commercial Tort Claim of Adams or Ben Adams, as CB&T may deem necessary or appropriate to preserve and protect its right, title, and interest, in and to the proceeds of the same.

5. **CB&T's Security Interest and Ben Adams' Contingent Fee Agreement.** CB&T recognizes that Ben Adams has entered into a contingent fee agreement with respect to the Civil Action with Lynn W. Jinks, III, LLC, and Thomas F. Kelly, Jr., P.C. ("Adams' Counsel"), and that any recovery due to Ben Adams in the Civil Action is subject to the rights of Adams' Counsel under their contingent fee agreement.

6. **Integration; Effect.** This Amendment constitutes the entire agreement of the parties pertaining to the subject matter hereof and all prior negotiations and representations relating thereto are merged herein. This Amendment is not intended to modify and does not modify the rights, remedies and obligations of Adams or Ben Adams under the Note, Security Agreement, or Guaranty Agreement, except to the extent expressly set forth herein. This Agreement shall inure to the benefit of, and be binding upon, the representatives, heirs, successors, and assigns of the parties hereto, respectively.

7. **Miscellaneous.** Neither this Amendment nor any term hereof may be terminated, amended, supplemented, waived, released or modified orally, but only by an instrument in writing signed by an authorized officer of CB&T. If more than one party executes this Amendment, then the representations, warranties and agreements of the undersigned hereunder are joint and several. Each party to this Amendment has read and reviewed the Amendment, has had their respective attorney or professional advisor review this Amendment, or, at least, has had the opportunity to do so, and each understands fully its terms as written. If any term of this Amendment or any obligation hereunder shall be held to be invalid, illegal or unenforceable, the remainder of this Amendment and any other application of such term shall not be effected thereby. The section headings of this Amendment have been inserted for convenience only, and shall not modify, define, limit or expand the express provisions hereof. This Amendment shall in all respects be governed by, and construed and enforced in accordance with, the laws of the State of Alabama.

8. **Executed in Counterparts and Facsimile.** This Amendment may be executed by facsimile and in two or more counterparts, each of which shall constitute an original, but when taken together shall constitute but one agreement, and any party may execute this Amendment by executing any one or more of such counterparts.

IN WITNESS WHEREOF, each of the parties to this Amendment has hereunto set its hand and seal or has caused this Amendment to be executed by its duly authorized officers as of the date first written above.

3

| A.A. Adams Construction Company | CB&T |
|---|---|
| By: *Ben T. Adams* <br> By: *[signature]* <br> **Ben T. Adams** <br> **Its Partner** | *Frank Garrett* <br> **Frank Garrett** <br> **Its Dale County President** |

*[signature]*
**Ben T. Adams**


STATE OF ALABAMA   )
__Dale__ COUNTY   )

I, the undersigned authority, a Notary Public in and for said county in said state, hereby certify that Frank Garrett, whose name as Dale County President of Community Bank & Trust of Southeast Alabama, is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand and official seal this the 27th day of February, 2004.

_____
Notary Public

AFFIX SEAL
My commission expires: __4-22-07__

STATE OF ALABAMA   )
__Dale__ COUNTY   )

I, the undersigned authority, a Notary Public in and for said county in said state, hereby certify that Ben T. Adams, whose name as Partner of A.A. Adams Construction Company, is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he, as such officer and with full authority, executed the same voluntarily for and as the act of said partnership.

Given under my hand and official seal this the 27th day of February 2004.

_____
Notary Public

AFFIX SEAL
My commission expires: __4-22-07__

STATE OF ALABAMA   )

4

___Dale___ COUNTY )

I, the undersigned authority, a Notary Public in and for said county in said state, hereby certify that Ben T. Adams, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this 27th day of February, 2004.

_____
Notary Public

AFFIX SEAL
My commission expires: 4-22-07

5