| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93  Rev. 5/99 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number<br>C V T 2 003 024<br>Date of Filing:                Judge Code:<br>02 04 03  SMITH42<br>Month  Day  Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF Barbour _____ , ALABAMA
*(Name of County)*

Ben T. Adams d/b/a AA-Adams Construction Company v. Charter Construction Management Co., Inc., The Charter Companies, Ceri Sutton, Sutton Construction Services

Plaintiff                                                          Defendant

First Plaintiff  [ ] Business  [✓] Individual      First Defendant  [✓] Business  [ ] Individual
                 [ ] Government [ ] Other                            [ ] Government [ ] Other

NATURE OF SUIT:  Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**
- [ ] WDEA - Wrongful Death
- [ ] TONG - Negligence: General
- [ ] TOMV - Negligence: Motor Vehicle
- [ ] TOWA - Wantonness
- [ ] TOPL - Product Liability/AEMLD
- [ ] TOMM - Malpractice-Medical
- [ ] TOLM - Malpractice-Legal
- [ ] TOOM - Malpractice-Other
- [ ] TBFM - Fraud/Bad Faith/Misrepresentation
- [ ] TOXX - Other:

**TORTS: PROPERTY INJURY**
- [ ] TOPE - Personal Property
- [ ] TORE - Real Property

**OTHER CIVIL FILINGS**
- [ ] ABAN - Abandoned Automobile
- [ ] ACCT - Account & Nonmortgage
- [ ] APAA - Administrative Agency Appeal
- [ ] ADPA - Administrative Procedure Act
- [ ] ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- [ ] MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- [ ] CVRT - Civil Rights
- [ ] COND - Condemnation/Eminent Domain/Right-of-Way
- [ ] CTMP - Contempt of Court
- [✓] CONT - Contract/Ejectment/Writ of Seizure
- [ ] TOCN - Conversion
- [ ] EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
- [ ] CVUD - Eviction Appeal/Unlawful Detainer
- [ ] FORJ - Foreign Judgment
- [ ] FORF - Fruits of Crime Forfeiture
- [ ] MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- [ ] PFAB - Protection From Abuse
- [ ] FELA - Railroad/Seaman (FELA)
- [ ] RPRO - Real Property
- [ ] WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- [ ] COMP - Workers' Compensation
- [ ] CVXX - Miscellaneous Circuit Civil Case

ORIGIN *(check one):*   F [✓] INITIAL FILING      A [ ] APPEAL FROM<br>DISTRICT COURT      C [ ] OTHER:

                        R [ ] REMANDED          T [ ] TRANSFERRED FROM<br>OTHER CIRCUIT COURT

HAS JURY TRIAL BEEN DEMANDED?    [✓] YES  [ ] NO    Note:  Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

RELIEF REQUESTED:   [✓] MONETARY AWARD REQUESTED      [ ] NO MONETARY AWARD REQUESTED

ATTORNEY CODE:     01-29-03              _Signature of Attorney/Party filing this form_
J I N 0 0 2        Date

MEDIATION REQUESTED:   [ ] YES  [ ] NO  [✓] UNDECIDED

*10C*

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## CLAYTON DIVISION

| | |
|---|---|
| **BEN T. ADAMS, d/b/a AA–ADAMS** | ) |
| **CONSTRUCTION COMPANY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| -vs- | ) |
| | ) |
| **CHARTER CONSTRUCTION MANAGEMENT** | ) |
| **CO., INC.; THE CHARTER COMPANIES,** | ) |
| **CARL SUTTON, SUTTON CONSTRUCTION** | ) |
| **SERVICES AND A, B, C, D, E, F AND G, said** | ) |
| fictitious parties being those persons or entities | ) |
| who or which are the successors in interest to any | ) |
| of the named Defendants and/or who were the | ) |
| owners or principals of the construction projects | ) |
| which are the subject of this lawsuit, the names of | ) |
| said fictitious parties being unknown to the | ) |
| Plaintiff at this time but which will be | ) |
| substituted by Amendment when ascertained, | ) |
| | ) |
| **Defendants.** | ) |

CV-03- _024_

FEB 4 2003

## COMPLAINT

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Ben T. Adams is an adult resident citizen of Barbour County,

Alabama whose address is 83 County Road 23, Clio, Alabama 36017.  Ben T. Adams

does business as AA-Adams Construction.

2.      Defendant Charter Construction Management Company, Inc., on

information and belief, is an Alabama corporation whose principal place of business is

located at 730 North Dean Road, Suite 200, Auburn, Alabama 36830.  The Charter

Companies, on information and belief, is a parent or subsidiary of Charter Construction,

whose address is also 730 North Dean Road, Suite 200, Auburn, Alabama 36830.

3.     Defendant Carl Sutton is an adult resident citizen of Barbour County, Alabama, whose address is P. O. Box 397, Ariton, Alabama 36311. At all pertinent times Carl Sutton was acting as an agent for the other Defendants, within the course and scope of his agency.

4.     Defendant Sutton Construction and Drywall Services, Inc. is an Alabama corporation, whose address is P. O. Box 397, Ariton, Alabama 36311.

5.     Fictitious Defendants A, B, C, D, E, F and G are those persons or entities who or which are the successors in interest to any of the named Defendants and/or who were the owners or principals of the construction projects which are the subject of this lawsuit, the names of said fictitious parties being unknown to the Plaintiff at this time but which will be substituted by Amendment when ascertained.

6.     The contractual agreements which form the basis of this dispute were made in Barbour County, Alabama.

7.     The statements and representations which were made to the Plaintiff and which, in part, form the basis for this action, were made to the Plaintiff in Barbour County, Alabama.

8.     Certain of Plaintiff's factual assertions and claims may be made in the alternative as permitted by the Alabama Rules of Civil Procedure.

## FACTS

9.     In approximately May of 2000, the Plaintiff was contacted by the Defendant, , Carl Sutton, acting on behalf of and as an agent for the other Defendants (hereafter the Sutton Defendants will be referred to as "Sutton" and the Charter Defendants will be referred to as "Charter"). Sutton contracted with and promised the

Plaintiff that if he would furnish construction materials to certain job sites owned and/or managed by Charter, that the Plaintiff would be promptly paid. Sutton told the Plaintiff that payment for the materials furnished by him would be made directly from Charter.

10.    Thereafter, Plaintiff did furnish to Charter's job sites in excess of $130,000.00 worth of materials.

11.    Charter accepted the materials and goods furnished by the Plaintiff and was aware that the materials were being sold to them by the Plaintiff and that the Plaintiff expected payment from Charter.

12.    Charter did make payment to the Plaintiff on several occasions for these materials, however, an unpaid balance remains of approximately $94,915.00.

13.    Over the course of the last several months the Plaintiff has requested payment of the unpaid balance but both Charter and Sutton have refused.

14.    As a direct and proximate result of the wrongful conduct of the Defendants, the Plaintiff has been injured and damaged. Specifically, the Plaintiff has lost approximately $94,915.00 for goods that it has delivered to Charter's job sites. In addition, the Plaintiff has been caused to suffer worry, anxiety, frustration, and mental anguish as a result of losing a large sum of money. Plaintiff has been forced to the brink of bankruptcy by these losses.

## COUNT I

## GOODS SOLD AND DELIVERED

15.    Plaintiff re-alleges paragraphs 1-14 of his Complaint as if set out here in full.

16.     The Charter Defendants owe the Plaintiff approximately $94,915.00, together with interest, for goods sold and delivered by the Plaintiff to the Defendant between approximately October, 2000 and July, 2001.

## COUNT II

### BREACH OF CONTRACT

17.     Plaintiff re-alleges Paragraphs 1-16 of this Complaint as if set out here in full.

18.     **The Defendants Sutton and Charter both expressly or impliedly contracted** with the Plaintiff that he would be paid for goods sold and delivered to Charter's job sites.

19.     Plaintiff has advanced significant sums for expenses on behalf of Defendants.

20.     These Defendants have breached that contract by failing to pay to the Plaintiff all monies due and owing to him under the terms of this contract.

## COUNT III

### MISREPRESENTATION

21.     Plaintiff re-alleges Paragraphs 1-20 of his Complaint as if set out here in full.

22.     Sometime in the late spring or summer of 2001, Defendant Sutton, acting as an agent for Defendant Charter, represented to Adams that, if Adams would supply construction materials to Charter's job sites, he would be paid for such construction materials directly by Charter.

23.     At the time these representations were made, Defendants Sutton and Charter knew or should have known that they were false.

24.    These misrepresentations were made innocently, negligently, wantonly, and/or intentionally.

25.    In reliance on these representations, Plaintiff did furnish construction materials to Charter's job sites.

26.    As a direct and proximate result of the misrepresentations made to him, the Plaintiff has been injured and damaged as alleged above.

27.    Plaintiff claims punitive damages in this count.

## COUNT IV

### NEGLIGENCE AND/OR WANTONNESS

28.    Plaintiff re-alleges Paragraphs 1-27 of this Complaint as if set out here in full.

29.    Charter and Sutton both undertook a duty to devise a system whereby suppliers of construction materials, such as the Plaintiff, would be paid directly and fully for the materials supplied by them to Charter's job sites.

30.    Charter and Sutton negligently and/or wantonly failed to make proper arrangements and to implement appropriate systems to ensure that the Plaintiff was fully and timely paid.

31.    As a direct and proximate result of the negligence and/or wantonness of the Defendants, the Plaintiff has been injured and damaged as set out above.

WHEREFORE, the premises considered, the Plaintiff demands judgment against all Defendants as follows:

(a)    For contractual damages and/or for goods sold and delivered in the amount of $94,915.00;

(a)    Punitive damages;

(b)    Interest;

(c)    Attorney's fees;

(d)    Compensatory damages, including damages for mental anguish

and emotional distress, in an appropriate amount;

(e)    Such other relief as the Court may deem appropriate.


Lynn W. Jinks, III
Attorney for Plaintiff

Thomas F. Kelly, Jr.
Attorney for Plaintiff

**OF COUNSEL:**

**JINKS, DANIEL & CROW, L.L.C.**
**P. O. Box 310**
**Union Springs, AL 36089**
**(334) 738-4225**

**Thomas F. Kelly, Jr., P.C.**
**Attorney at Law**
**17 Court Square**
**Post Office Box 605**
**Clayton, Alabama 36016-0605**
**(334) 775-8009**

16C

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.

Lynn W. Jinks, III
OF COUNSEL

I certify this to be a true
and correct copy of the
original which is on file
and enrolled in my office
in Clayton or Eufaula,
Barbour County, Alabama

Witness my hand and seal
this 14th day of February 2006

David S. Nix, Clerk