IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JINKS, DANIEL & CROW, P.C., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMUNITY BANK AND TRUST OF )<br>SOUTHEAST ALABAMA, UNITED )<br>STATES DEPARTMENT OF )<br>TREASURY, INTERNAL REVENUE )<br>SERVICE, )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>2:05cv940-T |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT OF DEFENDANT
<u>COMMUNITY BANK AND TRUST OF SOUTHEAST ALABAMA</u>

Community Bank and Trust of Southeast Alabama ("CB&T") submits the following in support of CB&T's Motion for Summary Judgment:

### I. <u>Undisputed Facts</u>

In or around March 2005, the plaintiff, Jinks, Daniel & Crow, P.C., received approximately $106,000 (the "Civil Action Proceeds") that was paid to it to satisfy the judgment in favor of Ben Adams in the lawsuit styled, *Ben T. Adams, d/b/a AA Adams Construction Company vs. Charter Construction Management Co., Inc., et al* (the "Civil Action"). A year earlier, in March 2004, CB&T notified the plaintiff by letter of CB&T's security interest in Ben Adams' claims in the Civil Action and its proceeds. Exhibit A to Motion for Summary Judgment ("MSJ"). Sometime on or after May 5, 2004, the plaintiff received two Notices of Levy of the IRS that referenced its claim to assets of "AA Adams Construction Co.," a partnership, <u>and</u> Ben Adams as partner. Exhibits B and C to MSJ.

### *CB&T's Perfected Security Interest in Civil Action Proceeds of Ben Adams*

CB&T's security interest in and to the Civil Action Proceeds arises from a debt owed to CB&T by AA Adams Construction Co., the partnership, under a promissory note dated January 15, 2004, in the principal amount of $259,188.07 (the "Note"). *See* Exhibit D to MSJ (Affidavit of Lynn B. Kelsoe, at ¶3 and Exh. 1 (copy of the Note)). The Note is a consolidation and renewal of prior promissory notes evidencing partnership debt owed to CB&T. *Id.* Ben Adams is a guarantor of the Note and of the promissory notes that were renewed under the Note. *Id*. As of April 25, 2005, the debt owed under the Note was $273,249.04, exclusive of late fees and collection costs. *Id*.

The Note contains a Security Agreement in which AA Adams Construction Co. granted to CB&T a security interest in Equipment, Accounts, General Intangibles and identified contracts. Exhibit D, ¶4 and Exh. 1. CB&T perfected its security interest in the collateral securing the Note by filing a UCC-1 with Alabama's Secretary of State on January 29, 2004. Exhibit D at ¶4 and Exh. 2 (UCC-1, B-04-0073409FS).

On February 27, 2004, CB&T, AA Adams Construction Co., and Ben Adams entered into that certain Correction Amendment to Security Agreement. Exhibit D at ¶5 and Exh. 3 (copy of the Amendment). In its Recitals, the Amendment details that CB&T, AA Adams Construction Co., and Ben Adams were confirming that CB&T had learned that the Civil Action was "brought by Ben Adams, individually," and "not in the name of the partnership." *Id.* The Amendment in its Recitals also details that the parties wanted to confirm that CB&T was to have a security interest in and to Ben Adams' claims in the Civil Action and the proceeds thereof. *Id.* Moreover, the partnership and Adams confirm in the Amendment the accuracy of the Amendment's Recitals. *Id.* at p. 2.

With the amendment of the Note and security agreement, CB&T perfected its lien against the Civil Action Proceeds of Ben Adams on March 3, 2004. Specifically, CB&T recorded on March 3, 2004, its UCC-3 amending the UCC-1 filed on January 29, 2004, to add Adams as a debtor and to further describe CB&T's security interest in and to the Civil Action Proceeds. Exhibit D at ¶5 and Exh. 4 (copy of UCC-3, B-04-0073409AM). In addition, CB&T recorded on March 3, 2004, a second UCC-1 to perfect CB&T's security interest in all Equipment, Accounts, General Intangibles, Payment Intangibles, Contract Claims, and Commercial Tort Claims of AA Adams Construction Co. and Ben Adams, including but not limited to those arising from the Civil Action. Exhibit D at ¶5 and Exh. 5 (copy of UCC-1, 04-015-9577FS).

### *Civil Action Proceeds an Asset of Ben Adams*

The undisputed facts confirm that the Civil Action Proceeds are an asset of Ben Adams, as opposed to an asset of the partnership. The Civil Action Cover Sheet confirms that the action was brought by an "individual." Exhibit J to MSJ. The Civil Action was filed in the name of Ben Adams, d/b/a AA Adams Construction, as opposed to being brought in the name of the partnership. *Id.* The complaint in the Civil Action makes no reference to the partnership. *Id.* The representations or admissions of Adams and of the partnership to CB&T in the Amendment confirm that the claims in the Civil Action are Adams, not the partnership's. Exhibit D-3 to MSJ. The Order in the Civil Action mandates that Ben Adams recover the judgment amount. *See* Exhibit K to MSJ.

### *Notice of Federal Tax Lien and Notices of Levy*

On January 22, 2004, the IRS filed in the Office of the Judge of Probate of Barbour County (the "Judge of Probate") a Notice of Federal Tax Lien on IRS Form 668 (the

3

"First NFTL"). Exhibit E to MSJ. The First NFTL names "AA-Adams Construction, a partnership" as the <u>only</u> taxpayer. The First NFTL states that notice is given that taxes in the amount of $32,547.30 have been assessed "against the <u>following-named taxpayer</u>." *Id.* (emphasis added). Importantly, the First NFTL further states that a lien exists "in favor of the United States on all property and rights to property belonging to <u>this taxpayer</u>." *Id.* (emphasis added). The First NFTL does <u>not</u> identify any of the general partners of "AA-Adams Construction," and, importantly, it does <u>not</u> identify Ben Adams. *Id.* Moreover, the First NFTL does not assert a claim against the assets of any entity other than the partnership.[1]

In addition to filing the First NFTL in the Probate Office, the IRS filed notices of its liens against the partnership in the Office of the Secretary of State as required by Alabama law. Exhibit H to MSJ. However, again, these notices only reference the partnership and its assets and do not reference Mr. Adams or his assets. *Id.* Likewise, these notices by the IRS, by their very terms, do not even assert a claim against the assets of any entity other than the partnership. *Id.*

## II. <u>Argument</u>

Based upon the foregoing undisputed facts, CB&T's argument is as follows:

### *<u>CB&T Perfected Its Lien in March 2004</u>*

CB&T's security interest in the Civil Action Proceeds of Ben Adams takes priority over the federal tax lien of the IRS because CB&T properly perfected its security interest in and to Civil Action Proceeds of Ben Adams when it filed its UCC-3 and UCC-1 on March 3,

---

[1] After the Notices of Levy were sent to Mr. Jinks, a second Notice of Federal Tax Lien was filed on June 22, 2004, in the Probate Office (the "Second NFTL"). Exhibit F to MSJ. This Second NFTL also names only "AA-Adams Construction, a Partnership" as the taxpayer, and it gives notice of the assessment of taxes against this taxpayer in the amount of $12,825.83. A

2004.  *See* §7-9A-310(a), *Code of Alabama* (2002 Repl. Vol.)(the filing of financing statement with Secretary of State required for perfection); *see also, Southern Ready Mix, Inc., v. AmSouth Bank N.A.*, 576 So.2d 188 (Ala. 1991).

### *Civil Action Proceeds Are Asset of Ben Adams Not of the Partnership*

The Civil Action Proceeds are an asset of Ben Adams, as opposed to an asset of the partnership.  First, it is undisputed that the complaint in the Civil Action was filed by the "individual," Ben Adams, and not his partnership.  *See* Exhibit J to MSJ (Civil Action Cover Sheet).  Second, the complaint is filed in the name of Ben Adams "d/b/a AA-Adams Construction Co.," and not in the name of the partnership that Ben Adams once operated.  Exhibit J to MSJ (Complaint).  In addition, the Complaint fails to reference the partnership or any claim of the partnership.  *Id.*  Third, in the Amendment, Ben Adams and the partnership confirm that the Civil Action was brought in Ben Adam's name, and that he, as opposed to the partnership, was granting to CB&T a security interest in and to the Civil Action and its proceeds.  Exhibit D-3 to MSJ.  Fourth, the Order entered in the Civil Action provides that "Adams is entitled to recover the sum of $94,415.04."  Exhibit K to MSJ.

Any unsupported assertion in this action by the IRS that the Civil Action <u>should have</u> been brought in the name of the partnership or that it <u>should be</u> considered a partnership asset, notwithstanding the undisputed and unchallenged actions of Ben Adams in identifying the claims as his and in bringing the claims in his name, is without merit and is not relevant.  Whether the Civil Action <u>should have been brought</u> in the name of the partnership is not an issue as to the perfection and priority of CB&T's lien against the Civil Action Proceeds that were paid to Ben Adams, and, thus, is not an issue in this action.

---

third Notice of Federal Tax Lien was filed in November 2004, naming only the partnership.

### *IRS Failed to Perfect Lien against Assets of Ben Adams*

At the time CB&T perfected its security interest in the Civil Action Proceeds in March 2004, the IRS had <u>not</u> perfected a lien against property or assets of Ben Adams.  With the filing of its First NFTL in January 2004, the IRS only perfected its lien against assets of AA-Adams Construction, the partnership that was named as the only taxpayer in the First NFTL.  *In re Robby's Pancake House of Florida, Inc.*, 24 B.R. 989 (Bkt. E. D. Tenn. 1982); *see also, In re Hudgins*, 967 F.2d 973, 976 (4th Cir. 1992); *In re Sutton*, 302 B.R. 568 (Bkt. N. D. Ohio 2003); and *In re Focht*, 243 B.R. 263 (W. D. PA 1999).

CB&T recognizes that there are cases that purport to hold that a notice of federal tax lien that names a partnership, but not its partners, creates a lien on the un-named partner's assets.  *See e.g., American Surety Co. v. Sunberg*, 58 Wash.2d 337, 363 P.2d 99 (1961), *cert. denied,* 368 U.S. 989, 82 S.Ct. 598, 7 L.Ed.2d 526 (1962); *Underwood v. U. S.*, 118 F.2d 760 (5th Cir. 1941)(notice of tax lien contained both name of partnership and name of partners whose asset was at issue).  However, CB&T finds that the cases are distinguishable from the undisputed facts of this case, either because the names of the entity and those of its partner were so similar or because the notice of tax lien named both the entity and the partner.  *Id.*

Importantly, in those cases that purport to hold that the federal tax lien against a partnership extended to the individual partner's assets, CB&T found no discussion of the wording of the IRS form that was used to create the tax lien.  Here, however, it is clear that the IRS Form 668 that was used by the IRS states that the lien exists on all property of "this taxpayer," and that the only-named "taxpayer" was the partnership.  Exhibit E to MSJ.  Unlike the Notices of Levy that were sent to plaintiff in May 2004 (after CB&T had perfected its

---

(the "Third NFTL").  Exhibit G to MSJ.

security interest), the First NFTL, the Second NFTL, and the Third NFTL filed in both the Probate Office and in the Office of the Secretary of State only name the partnership. *Cf.* Exhibits B and C to Exhibits E, F, G, and H.

Moreover, the cases that discuss the extent of the federal tax lien in similar circumstances make it clear that the IRS could have named all of the general partners in the notice of federal tax lien for their liability for the tax debt of the partnership. Here, the IRS could have named Ben Adams in its First NFTLs, as demonstrated by the May 2004 Notices of Levy in which Ben Adams was named. See Exhibits B and C. Nonetheless, prior to March 2004 when CB&T perfected its lien against the Civil Action Proceeds of Ben Adams, the IRS only named the partnership in the NFTLs and the IRS's chosen language on its form clearly states that its lien extends only to the property of the partnership, not Ben Adams.

### III. Conclusion

The record is undisputed that CB&T has the prior perfected security interest in the Civil Action Proceeds and that the Civil Action Proceeds are an asset of Ben Adams as opposed to the partnership. As a result, summary judgment is due to be entered in favor of CB&T and against the IRS as a matter of law.

Respectfully submitted,

s/ Anne Stone Sumblin
Anne Stone Sumblin (98-8358)
Attorney for CB&T

OF COUNSEL:

WALSTON WELLS & BIRCHALL, LLP
PO Box 345
Kinston, AL 35643
Telephone: (334) 565-3380
Fax: (334) 565-3076
*asumblin@oppcatv.com*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Janie S. Gilliland
      PO Box 241345
      Montgomery, AL  36124-1345
      Email: *janiegilliland@knology.net*

      James T. Lyons
      Trial Attorney, Tax Division
      U. S. Department of Justice
      PO Box 14198
      Washington, DC  20044
      Email:  *james.t.lyons@usdoj.gov*

                                  s/ Anne Stone Sumblin
                                  Of Counsel