## TABLE OF AUTHORITIES

### FEDERAL CASES

Adams v. United States, 328 F.Supp. 228, 232 (D. Neb. 1971) . . . . . . . . . . . . . . . 9
Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) . . . . . . . . . . . . . . . . . 8
Cable Atlanta, Inc. v. Project, Inc., 749 F.2d 626, 627 (11th Cir. 1984) . . . . . 12,13
Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) . . . . . . . . . . . . . . . . . . . . . . . 5
In re Focht, 243 B.R. 263 (W.D. Penn. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . 11
Hudgins v. United States, 967 F.2d 973, 977 (4th Cir. 1992) . . . . . . . . . . . . 10, 11
Richter's Loan Company v. United States, 235 F.2d 753 (5th Cir. 1956) . . . . . . . 9
In re Robby's Pancake House, 24 B.R. 989 (Bankr. E.D. Tenn 1982) . . . . . . . . 11
Spinks v. Jones, 499 F.2d 339, 340 (5th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . 12
In re Sutton, 302 B.R. 568 (Bankr. N.D. Ohio)  . . . . . . . . . . . . . . . . . . . . . . . . 11
Tony Thornton v. United States, 791 F.2d 635, 638 (8th Cir. 1986) . . . . . . . . . . 10
Underwood v. United States, 118 F.2d 760, 761 (5th Cir. 1941)  . . . . . . . . . . . 8,9
United States v. McDermott, 507 U.S. 447, 449 (1993) . . . . . . . . . . . . . . . . . . . 6

### STATE CASES

American Surety v. Sundberg, 58 Wash. 2d 337, 343 (1961) . . . . . . . . . . . . . . . 9

### FEDERAL STATUTES & RULES

Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5
Internal Revenue Code (26 U.S.C.):
        § 6321  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        § 6323  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7,8,10

# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JINKS, DANIEL & CROW, P.C.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Case No. 2:05CV940-T |
| ) | |
| **COMMUNITY BANK AND** ) | |
| **TRUST OF SOUTHEAST** ) | |
| **ALABAMA, and INTERNAL** ) | |
| **REVENUE SERVICE** ) | |
| ) | |
| **Defendants.** ) | |

## MOTION FOR SUMMARY JUDGMENT
## BY THE INTERNAL REVENUE SERVICE
## WITH INCORPORATED MEMORANDUM OF LAW

Defendant, the Internal Revenue Service, moves for summary judgment in this interpleader action, pursuant to Federal Rule of Civil Procedure 56, and respectfully requests that $32,547.30, plus interest and penalties,[1] of the interpleaded funds be paid to the Internal Revenue Service. In support of its

---

[1] Because interest and penalties continue to accrue until the IRS receives a check, a final amount cannot be calculated as of this time. However, if the Court grants the requested relief, the IRS will provide a final amount (and substantiation of that amount) as of the date that the Court will remit a check.

motion for summary judgment, the Internal Revenue Service ("IRS") submits the following statement of material facts and memorandum of law.

## I. Statement Of Material Facts

1. This interpleader action arises out of a law suit styled <u>Ben T. Adams d/b/a AA-Adams Construction Company vs. Charter Construction Management Co. Inc., the Charter Companies, Carl Sutton, Sutton Construction Services, et al.</u>, CV-2003-24, Circuit Court of Barbour County, Alabama. [Exhibit A (Defendant Community Bank and Trust's ("CB&T") Initial Disclosures), pp. 2, 17].

2. That law suit included contract claims and commercial tort claims. [Exhibit A, p. 17]. The Order in that case filed February 23, 2004 states that AA-Adams Construction Company was listed as a supplier to a subcontractor named Sutton Construction Company on that subcontractor's suppliers'/subcontractors' lists. AA-Adams Construction Company's account balance on a construction job was $98,915.04, and it received a partial payment in the amount of $4,500, reducing the balance to $94,415.04. [Exhibit B (fax from Barbour County, Alabama Circuit Court Clerk) p. 17-18]. A judgment was rendered by the trial court in favor of "Ben Adams, d/b/a AA-Adams Construction Company against Charter Construction Management Co., Inc. in this same amount of $94,415.04. [Exhibit

B, p. 19]. The Supreme Court of Alabama affirmed the trial court's decision. [First Amended Complaint, ¶ 8].

3.      Plaintiff represented Ben T. Adams d/b/a AA-Adams Construction Company, and after expenses, costs and attorney fees were paid from the judgment received in that case, $56,438.97 remained. [Exhibit A, p. 2; First Amended Complaint ¶¶ 6 & 8]. Plaintiff sent a check for $56,438.97 to this Court, and states that it does not know whether the IRS or CB&T is entitled to be paid from these funds ("Subject Funds"). [First Amended Complaint ¶¶ 8 & 12].

4.      AA-Adams Construction Company, a general partnership, owes federal taxes in excess of $56,000, plus interest and penalties. [Exhibit A, pp. 17, 28-30]. Ben T. Adams is a general partner in AA-Adams Construction Company. [Exhibit A, p. 20].

5.      The IRS filed a Notice of Federal Tax Lien for $32,547.30 against AA-Adams Construction, a Partnership, with the Alabama Secretary of State on January 12, 2004. [Exhibit A, p. 42]. The IRS filed a Notice of Federal Tax Lien for that same $32,547.30 against AA-Adams Construction, a Partnership, with the Judge of Probate, Barbour County, Alabama on January 22, 2004. [Exhibit A, p. 28]. CB&T does not dispute that the IRS filed these two Notices of Federal Tax

Lien against AA-Adams Construction, a Partnership. [CB&T Answer, ¶ 11; Exhibit A, pp. 28 & 42]. CB&T also does not dispute that the IRS perfected its lien in January 2004 against the AA-Adams Construction, a Partnership. [Exhibit A, p. 4].

6.   According to a letter from CB&T to the IRS, CB&T's security interest in the subject funds arises from a debt in excess of $273,000 owed to CB&T by AA-Adams Construction Company under a promissory note, and CB&T claims to have perfected its security interest in the subject funds on March 3, 2004, by filing a UCC-1 and UCC-3 on March 3, 2004. [Exhibit A, p. 4]. That promissory note is signed on behalf of Adams Construction Company by Ben T. Adams, Partner. [Exhibit A, p. 15].

7.   In its Complaint, Plaintiff requests that it be paid out of the Subject Funds its attorneys' fees and costs incurred in bringing this action, however, the IRS denies that plaintiff is entitled to be paid out of these funds. [First Amended Complaint, p. 4, Prayer for Relief, Part D; IRS Answer, p. 3, Third Defense].

## II.  Memorandum Of Law

### A.    Burden Of Proof

Rule 56 of the Federal Rules of Civil Procedures provides that summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  Summary judgment should be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### B.    The IRS Has A Priority Interest Over CB&T To The Subject Funds.

The central issue in this interpleader action is the relative priority of the claim to the Subject Funds by the IRS as compared to the claim by CB&T.  Pursuant to Section 6321 of the Internal Revenue Code, "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property,

whether real or personal, belonging to such person." A "person" includes a partnership, pursuant to Section 7701(a)(1) of the Internal Revenue Code.

Absent contrary statutory provisions, priority of federal tax liens is a matter of federal law, and is determined by the common-law principle of first-in-time, first-in-right. <u>United States v. McDermott</u>, 507 U.S. 447, 449 (1993). For purposes of applying this principle, the federal tax lien arises on the date of assessment. In some circumstances, the IRS must file a Notice of Federal Tax Lien to protects its right of priority against others. <u>See</u> I.R.C. (26 U.S.C.) § 6323 (requiring the IRS to file a Notice of Federal Tax Lien to protect its priority against purchasers, **holders of security interests**, mechanic lienors, and judgment lien creditors). The two independent reasons that the IRS has a priority interest over CB&T to the Subject Funds follow.

1. <u>The Subject Funds are the Property of the Partnership.</u>

As noted in paragraph one of the Statement of Material Facts, the lawsuit that generated the Subject Funds was styled <u>Ben T. Adams d/b/a AA-Adams Construction Company vs. Charter Construction Management Co., Inc.; the Charter Companies, Carl Sutton, Sutton Construction Services, et al.</u> The name of the partnership, AA-Adams Construction Company, actually appears in the

caption and the judgment, demonstrating that this is not a personal law suit by Ben T. Adams, but instead is a business suit by AA-Adams Construction Company against, among others, other construction businesses.  Importantly, only the name AA-Adams Construction Company, and not Ben T. Adams, was listed in the suppliers'/subcontractors' lists that contained the account balance that formed the basis of the law suit against Charter Construction.  Moreover, the claims involved, contract claims and commercial tort claims, also indicate that this is a business suit brought by AA-Adams Construction Company, and not simply a personal suit by Ben T. Adams.

    CB&T does not dispute that the IRS tax lien was perfected in January 2004 against AA-Adams Construction Company, a Partnership.  Therefore, because the Subject Funds were generated by a law suit by the partnership and not by Ben T. Adams individually, they are assets of the partnership and are subject to the IRS tax lien.  It is undisputed that the IRS tax lien was filed in January 2004 before CB&T perfected its security interest on March 3, 2004.  Therefore, the IRS tax lien has priority over CB&T's lien because the filing of the IRS tax lien in January 2004 protects its right of priority versus CB&T, a holder of a security interest perfected on March 3, 2004, after the filing of the IRS tax lien.  I.R.C. § 6323.

    2.    <u>The Notices of Federal Tax Lien Protected the IRS' Right of Priority in Ben T. Adams' Property against CB&T's Security Interest</u>

CB&T claims that because the Notices of Federal Tax Lien dated January 12, 2004 and January 22, 2004 did not specifically name Ben T. Adams, CB&T's security interest perfected March 3, 2004 has priority over the IRS federal tax lien against Ben T. Adams. CB&T claims that the IRS did not protect its right to priority against CB&T's security interest because the IRS did not file the Notices of Federal Tax Lien against Ben T. Adams, but that it only filed the Notices of Federal Tax Lien against the partnership. <u>See</u> I.R.C. 6323. However, the Notices of Federal Tax Lien constitute notice with respect to the partnership **and Ben T. Adams** under applicable law.

In <u>Underwood v. United States</u>, 118 F.2d 760, 761 (5th Cir. 1941),[2] Underwood contended that a federal tax lien resulting from taxes owed by a partnership attached only to the property of the partnership, and not the property individually owned by the partners. The court rejected that contention, stating: "The partners were liable individually for any debts contracted in the name of the

---

[2]This Fifth Circuit decision is precedent for the 11th Circuit, because it was handed down prior to close of business on September 30, 1981. <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981).

company and for any taxes validly assessed against it." Id. at 761.  In Adams v. United States, 328 F.Supp. 228, 232 (D. Neb. 1971) (citing Underwood), the court held that a lien filed against the property of a partnership is also a lien on the personal property of an individual partner, and that the United States properly levied on the individual partner's property.  The court also stated that "the demand made by the United States on the taxpayers Ralph's Body Shop was demand upon all partners of that business and that a lien arose on the personal property of plaintiff when the deficiency was assessed." Id. at 232.

In Richter's Loan Company v. United States, 235 F.2d 753 (5th Cir.³ 1956), the court held that a notice of federal tax lien that misspelled the taxpayer's name constituted constructive notice to establish the federal tax lien's priority.  In American Surety v. Sundberg, 58 Wash.2d 337, 343 (1961) (footnote omitted), the court stated:  "A demand on the partnership is a demand upon all of the partners and is a sufficient compliance with the terms of both § 6321 and § 6303 of the Internal Revenue Code of 1954, for the purpose of making the taxes assessed a lien on the property of the individual partners."

---

³See footnote 2.

In a case involving I.R.C. § 6323 that is similar to the instant case, the filing of notices of federal tax liens on Form 668 (as in this case) naming the partnership and one partner was sufficient to establish the priority of the federal tax liens against a judgment lien creditor with respect to property of the unnamed partner. Tony Thornton v. United States, 791 F.2d 635, 638 (8th Cir. 1986).

The Fourth Circuit, in another I.R.C. § 6323 case, held "that the constructive notice approach is appropriate in determining whether a tax lien is perfected and therefore unavoidable in bankruptcy." Hudgins v. United States, 967 F.2d 973, 977 (4th Cir. 1992). The court held that filing the notice of federal tax lien naming only the individual's corporation gave purchasers of the individual's business assets constructive notice that the assets were encumbered. However, the court also held that this filing did not give constructive notice with respect to the individual's nonbusiness assets, because the individual was shielded from liability for the corporation's debts under general corporate law. The result in Hudgins regarding nonbusiness assets would be different under the facts of the instant case, because Ben T. Adams is liable for the partnership's debt as a general partner.

Another case involving a bankruptcy proceeding, citing <u>Hudgins</u>, reached the conclusion that notice of a federal tax lien with respect to an individual's corporation did not provide notice of that federal tax lien with respect to the individual.  <u>In re Sutton</u>, 302 B.R. 568 (Bankr. N.D. Ohio).  The <u>Hudgins</u> court summarized the caselaw in this area by stating that "the majority of courts in tax cases not involving bankruptcy proceedings have followed the constructive notice approach."  967 F.2d at 976.

The IRS is aware that contrary authority exists in two bankruptcy cases.  <u>In re Robby's Pancake House</u>, 24 B.R. 989 (Bankr. E.D. Tenn. 1982); <u>In re Focht</u>, 243 B.R. 263 (W.D. Penn. 1999).  However, because these cases are not within the Eleventh Circuit and involved bankruptcy proceedings, the IRS believes that the majority of the caselaw, including the precedent of the Eleventh Circuit and cases outside the bankruptcy context, should control this case.

Many of the cases discussed above indicate that constructive notice exists when a reasonable and diligent search would likely reveal the existence of the federal tax lien against the individual.  In the instant case, because Ben T. Adams and AA-Adams Construction Company share a similar name, a reasonable and diligent search by a competing creditor would likely reveal the existence of the

federal tax lien filed against Ben T. Adams. In the instant case, CB&T actually made the loan that created its security interest to AA-Adams Construction Company, and the promissory note was signed by Ben T. Adams, Partner. Therefore, CB&T had actual notice that Ben T. Adams was a partner in AA-Adams Construction Company. There is no injustice done by determining that CB&T had constructive notice of the tax lien on Ben T. Adams property as a result of the filing of the Notice of Federal Lien naming AA-Adams Construction Company, a Partnership, because CB&T knew that Ben T. Adams was a partner.

### C. Petitioner Should Not Be Allowed To Deduct Its Attorneys' Fees And Costs From The Subject Funds.

In its Complaint, Plaintiff requests that it be paid out of the Subject Funds its attorneys' fees and costs incurred in bringing this action. It is well settled, however, that a plaintiff-stakeholder in an interpleader suit "is not entitled to attorney's fees to the extent that they are payable out of a part of the fund impressed with a federal tax lien." Cable Atlanta, Inc. v. Project, Inc., 749 F.2d 626, 627 (11th Cir. 1984) (quoting Spinks v. Jones, 499 F.2d 339, 340 (5th Cir. 1974)). The rationale behind this decision is that pursuant to sections 6321 and 6322 of the Internal Revenue Code, the federal tax lien attached prior to the

commencement of the interpleader action, and thus, has priority over any inchoate and uncertain claim for attorney's fees accruing in that action.  See Cable Atlanta, 749 F.2d at 627.

For this reason, Plaintiff's request to be paid out of the Subject Funds for its attorneys' fees and costs incurred in this action should be denied.

### III.  Conclusion

The IRS should be awarded the Subject Funds at issue in this action in the amount of $32,547.30, plus interest and penalties, for two independently sufficient reasons.  First, the Subject Funds are the property of the partnership, and CB&T does not dispute that the IRS' federal tax lien takes priority over CB&T's security interest with respect to the partnership's property.  Second, the IRS holds a priority interest over CB&T with respect to Ben T. Adams' property because the Notices of Federal Tax Lien provided notice as to Ben T. Adams under applicable law.   Additionally, Plaintiff's request to be paid its attorneys' fees and costs incurred in this action out of the Subject Funds should be denied because such payments cannot be made out of funds impressed with federal tax liens, as is the case here.

For the foregoing reasons, the Interest Revenue Service respectfully requests that its motion for summary judgment be granted, and that the IRS be awarded the Subject Funds in the amount of $32,547.30, plus interest and penalties.

        Respectfully Submitted,

        LEURA G. CANARY
        United States Attorney

        /s/ James T. Lyons
        JAMES T. LYONS
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 14198
        Ben Franklin Station
        Washington, D.C.  20044
        Telephone: (202) 514-5880
        Facsimile:  (202) 514-9868
        New York Bar No. 3933868
        james.t.lyons@usdoj.gov

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing MOTION FOR SUMMARY JUDGMENT BY THE UNITED STATES OF AMERICA WITH INCORPORATED MEMORANDUM OF LAW has been made by filing the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to Ms. Janie Gilliland, Plaintiff's counsel, and Ms. Anne Stone Sumblin, Defendant CB&T's counsel, this 14th day of February, 2006.

                                                                        James T. Lyons
                                                                        JAMES T. LYONS