

**Walston Wells**

WALSTON WELLS & BIRCHALL, LLP

P.O. Box 345 • Kinston, Alabama 36453

Anne Stone Sumblin
(334) 565-3380
Facsimile: (334) 565-3076
asumblin@oppcatv.com

January 27, 2006

**BY MAIL**

James T. Lyons, Esq.
Trial Attorney, Tax Division
U.S. Department of Justice
POB 14198
Washington DC 20044

RE:    **Jinks, Daniel, Crow v. Community Bank & Trust of SE Alabama,**
**2:05cv940-T**

Dear James:

Enclosed is the Rule 26(f) information of CB&T that we are required to exchange by January 30, 2006. The documents behind Tab No. 1 are my first letter to the IRS and its exhibits A through G; the documents behind Tab No. 2 are my second letter to the IRS and its enclosures; the documents behind Tab No. 3 are a fax and documents I received from the IRS; and the documents behind Tab No. 4 are the results of a UCC 11 search of last December. By copy to Janie, I am advising her that I am exchanging this information with you, but I am not going to provide her with copies of the documents unless she requests.

I look forward to receiving your documents.

Yours very truly,

WALSTON WELLS & BIRCHALL, LLP

Anne Stone Sumblin

ABSS/sc
cc:    Janie Gilliland (by fax; w/o encl.)

WALSTON, WELLS & BIRCHALL, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
(205) 244-5200

# Walston Wells
## Anderson & Birchall, LLP

P.O. Box 345 • Kinston, Alabama 36453

Anne Stone Sumblin
(334) 565-3380
Facsimile (334) 565-3076
asumblin@alaweb.com

May 2, 2005

**VIA FAX (334-290-4095) (letter only)**
**and U. S. EXPRESS MAIL**

Mrs. Pamela Johnson
Collection Manager
Internal Revenue Service
1285 Carmichael Way
Montgomery, AL 36106

> RE: Notices of Levy Dated May 5, 2004, As To
> AA-Adams Construction, and Ben T. Adams Partner in
> Amounts of $33,515.42 and $2,977.03 (the "Notices of Levy")

Dear Mrs. Johnson:

We represent Community Bank and Trust of Southeast Alabama ("CB&T"). CB&T is a secured creditor of Mr. Adams.

### Lawsuit Proceeds Owned By Ben Adams and Subject to Competing Claims

Pursuant to the instructions of Mrs. L. F. Sankey of the Internal Revenue Service, we write to provide you with the verified information and documentation supporting CB&T's perfected and priority security interest (the "Security Interest") in and to proceeds of the lawsuit filed by *Ben T. Adams, d/b/a AA Adams Construction Co. vs. Charter Construction Co., Inc., et al.*, CV 2003-24, Circuit Court of Barbour County, Alabama (the "Civil Action").

Mr. Lynn Jinks, attorney for Mr. Adams in the Civil Action, recently reported that he has in his trust account $106,000 paid to him to satisfy the judgment in favor of Mr. Adams in the Civil Action (the "Civil Action Proceeds"). By letter dated March 10, 2004 (copy enclosed as Exh. A), CB&T directly notified Mr. Jinks of CB&T's Security Interest in Mr. Adams' claims in the Civil Action, and the proceeds thereof. Mr. Jinks later received on or after May 5, 2004, the above-referenced Notices of Levy (copies enclosed as Exh. B and C).

Walston, Wells, Anderson & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
205-244-5200
www.walstonwells.com

Mrs. Pamela Johnson
May 2, 2005
Page 2

_____

Mr. Jinks requests that CB&T and the IRS resolve any dispute that exists as to the Civil Action Proceeds, and provide him with written instructions as to the payment of the balance of the Civil Action Proceeds after deductions for Mr. Jinks' lawful priority claim to his attorneys' fees and expenses pursuant to 26 U.S.C. § 6323(b)(8) (1987). Mr. Jinks tells us that he is entitled to a contingent fee of 45% after he is reimbursed for all expenses. For purposes of this letter, we will assume that Mr. Jinks is entitled to $50,000, so that a balance of approximately $56,000 is owed to Ben Adams and that this amount is subject to our competing claims.

In response to Mr. Jinks' request and the instructions from Mrs. Sankey, we respectfully write to attempt to resolve any dispute with the IRS as to the Civil Action Proceeds.

## CB&T's Perfected Security Interest to Civil Action Proceeds

CB&T's perfected and priority Security Interest in and to the Civil Action Proceeds arises from a debt owed to CB&T by AA Adams Construction Co. under a promissory note dated January 15, 2004, in the principal amount of $259,188.07 (the "Note"). *See* Affidavit of Lynn B. Kelsoe, attached as Exh. D, at ¶3 and Exh. 1 (copy of the Note). The Note was a consolidation and renewal of prior promissory notes evidencing partnership debt owed to CB&T. *Id.* Mr. Adams was a guarantor of the Note and of the promissory notes that were renewed under the Note. *Id.* As of April 25, 2004, the debt owed under the Note was $273,249.04, exclusive of late fees and collection costs. *Id.*

The Note contains a Security Agreement in which AA Construction Co. granted to CB&T a security interest in Equipment, Accounts, General Intangibles and identified contracts. Exhibit D, ¶4 and Exh. 1. CB&T perfected its Security Interest in the collateral securing the Note by filing a UCC-1 with Alabama's Secretary of State on January 29, 2004. Exh. D at ¶ 4 and Exh. 2 (UCC-1, B-04-0073409FS).

On February 27, 2004, CB&T, AA Adams Construction Co., and Ben Adams entered into that certain Correction Amendment to Security Agreement. Exh. D at ¶ 5 and Exh. 3 (copy of the Amendment). The Amendment details that CB&T, AA Adams Construction Co., and Adams were confirming CB&T's Security Interest in and to the claims in the Civil Action and the proceeds thereof. *Id.* In addition, the Amendment reflects that CB&T was told that the lawsuit was brought in Mr. Adams' name, and not the name of the partnership. *Id.* Given that information, CB&T amended the note and security agreement pursuant to the Amendment, and CB&T prepared UCC-3's and a UCC-1 to perfect its lien against the Civil Action Proceeds of Mr. Adams.

CB&T recorded on March 3, 2004, its UCC-3 amending the UCC-1 filed on January 29, 2004, to add Adams as a debtor and to further describe CB&T's Security Interest in and to the Civil Action Proceeds. Exh. D at ¶5 and Exh. 4 (copy UCC-3's, B-04-0073409AM). In addition, CB&T recorded on March 3, 2004, a UCC-1 to perfect CB&T's Security Interest in all Equipment, Accounts, General Intangibles, Payment Intangibles, Contract Claims, and Commercial Tort Claims of AA Adams Construction Co. and Adams, including but not limited

Mrs. Pamela Johnson
May 2, 2005
Page 3

to those arising from the Civil Action.  Exh. D at ¶5 and Exh. 5 (copy of UCC-1, 04-015-9577FS).

## Notice of Federal Tax Lien and Notices of Levy

On January 22, 2004, the IRS filed in the Office of the Judge of Probate of Barbour County, Alabama (the "Judge of Probate"), a Notice of Federal Tax Lien on the IRS Form 668 (the "First NFTL") (copy attached as Exh. E).  The First NFTL names "AA-Adams Construction, a partnership" as the only taxpayer. *Id.* The First NFTL states that notice is given that taxes in the amount of $32,547.30 have been assessed "against the following-named taxpayer." *Id.* (emphasis added).  Importantly, the First NFTL further states that a lien exists "in favor of the United States on all property and rights to property belonging to this taxpayer." *Id.* (emphasis added).  The First NFTL does not identify any of the general partners of "AA-Adams Construction," and, importantly, it does not identify Ben Adams.

The Notices of Levy were sent to Mr. Jinks in May 2004, after the First NFTL was filed and after CB&T had perfected its Security Interest in the Civil Action Proceeds of Mr. Adams.

After the Notices of Levy were sent to Mr. Jinks, a second Notice of Federal Tax Lien was filed on June 22, 2004, in the Probate Office (the "Second NFTL") (copy attached as Exh. F).  This Second NFTL also names only "AA-Adams Construction, a Partnership" as the taxpayer, and it gives notice of the assessment of taxes against this taxpayer in the amount of $12,825.83.  A third Notice of Federal Tax Lien was filed in November 2004 naming only the partnership (copy attached as Exh. G).

## Priority of CB&T's Security Interest

CB&T's Security Interest in the Civil Action Proceeds of Ben Adams takes priority over the federal tax lien of the IRS arising under the First NFTL because CB&T properly perfected its Security Interest in and to Civil Action Proceeds owned by Ben Adams when it filed its UCC-3 and UCC-1 on March 3, 2004.  At the time CB&T perfected its Security Interest in March 2004, the IRS had not perfected a lien against property of Ben Adams.  With the filing of its First NFTL in January 2004, the IRS only perfected its lien against assets of AA-Adams Construction, the partnership that was named as the only taxpayer in the First NFTL.  *In re Robby's Pancake House of Florida, Inc.*, 24 B.R. 989 (Bkt. E. D. Tenn. 1982); *see also, In re Hudgins*, 967 F.2d 973, 976 (4th Cir. 1992); *In re Sutton*, 302 B.R. 568 (Bkt. N. D. Ohio 2003); and *In re Focht*, 243 B.R. 263 (W. D. PA 1999).  As a result, CB&T's Security Interest primes the lien of the IRS, even though the IRS filed its First NFTL before CB&T perfected its Security Interest in the Civil Action Proceeds.

We recognize that there are cases that purport to hold that a notice of a federal tax lien that names a partnership, but not the partners, creates a lien on the un-named partner's assets. However, we find that those cases are distinguishable from the undisputed facts of this case, either because of the similarity in those cases between the entity name and the partner's name, or

Mrs. Pamela Johnson
May 2, 2005
Page 4

---

because the notice of tax lien in those cases contained both the entity <u>and</u> partner's name. *See e.g., American Surety Co. v. Sunberg,* 58 Wash.2d 337, 363 P.2d 99 (1961), *cert. denied,* 368 U.S. 989, 82 S.Ct. 598, 7 L.Ed.2d 526 (1962); *Underwood v. U. S.,* 118 F.2d 760 (5th Cir. 1941)(notice of tax lien contained both name of partnership and name of partners whose asset was at issue).

Importantly, we found no discussion in those cases that purport to hold that the federal tax lien extended to the partner's assets as to what the IRS form that was used for the notice of federal tax stated about the scope of the lien arising under the recorded form. Here, however, the IRS form 668 that was used clearly states that the lien exists on all property of "this taxpayer," and that the only-named "taxpayer" was the partnership. Unlike the Notices of Levy, the First NFTL and the Second NFTL name only the partnership. Moreover, the cases that discuss the extent of the federal tax lien in similar circumstances make it clear that the IRS could have named all of the general partners in the notice of federal tax lien due to their liability for the tax debt of the partnership. Nonetheless, the IRS only named the partnership in the First NFTL and Second NFTL, and the IRS form verbage clearly states that the lien extends only to the property of the named taxpayer.

Here, it is undisputed that the First NFTL failed to identify Ben Adams, and, thus, failed to notify that a lien was claimed as to his assets, as opposed to the assets in the name of "AA-Adams Construction Co." Likewise, it is undisputed that the Civil Action was filed in Mr. Adams' name, and that he, not the partnership, is the owner of the Civil Action Proceeds. Given these facts, the IRS did not perfect its lien on assets of Mr. Adams with the filing of the First NFTL before CB&T perfected its Security Interest in the Civil Action Proceeds owned by Mr. Adams with the filing of its UCC-1's in January 2004 and again in March 2004.

Finally, even if the IRS should disagree with CB&T's position as to the priority of CB&T's Security Interest, the First NFTL does not create a lien against the total amount of the assumed available balance of the Civil Action Proceeds. Moreover, the First NFTL appears to assess taxes for two tax periods on a date that is beyond the applicable 3-year statute of limitations for the assessment of taxes.

Based on the foregoing, CB&T respectfully requests that the IRS provide to Mr. Jinks written acknowledgment of the priority of CB&T's Security Interest in the Civil Action Proceeds, and authorization for Mr. Jinks to pay CB&T the balance of the Civil Action Proceeds, after he deducts his attorneys' fees and expenses.

Mrs. Pamela Johnson
May 2, 2005
Page 5

---

       If you disagree with our conclusion, if you need additional verification or documentation, or if you would like to discuss this matter, please call me.  Otherwise, we look forward to hearing from you in response, and we appreciate your attention to, and consideration of, our request.

Yours very truly,

WALSTON, WELLS, ANDERSON & BIRCHALL, LLP

Anne Stone Sumblin

ABSS/sc
Enclosures Exh. A, B, C, D, E, F, & G
cc:    Lynn W. Jinks, Esq. (by fax (letter only) and U.S. Mail (letter and encl.))
       Mr. Frank Garrett (by fax (letter only) and U.S. Mail (letter and encl.))
       Mrs. Lynn B. Kelsoe (by fax (letter only) and U.S. Mail (letter and encl.))

# Walston Wells
## Anderson Bains, LLP

Anne Stone Sumblin
(334) 565-3380
Facsimile (334) 565-3076
asumblin@alaweb.com

P.O. Box 345 • Kinston, Alabama 36453

March 10, 2004

Lynn W. Jinks, III, Esq.
Jinks, Daniel, Crow & Seaborn, LLC
PO Box 350
Union Springs, AL 36089

RE:    **Ben Adam's Assignment to CB&T of Claims In** *Ben T. Adams, d/b/a AA-Adams Construction Company v. Charter Construction Management Co., Inc., the Charter Companies, Carl Sutton, Sutton Construction Services, and et al.,* **CV 03-024, Circuit Court of Barbour County, Alabama (the "Civil Action").**

Dear Lynn:

We represent Community Bank & Trust of Southeast Alabama ("CB&T"). As we believe you know, Ben Adams recently executed loan documents granting to CB&T a security interest in his claims under the Civil Action. We can provide you copies of the loan and security documents if necessary.

Ben informed CB&T of Judge Smithart's order awarding him contract damages of $94,415.04 in the Civil Action. Congratulations on your victory for Ben.

We write to confirm your notice of Ben's assignment of the claim to CB&T, and CB&T's right to payment of the net proceeds of any monies to be paid to Ben, after payment of your agreed fees and expenses. We realize, of course, that no money is being sent to you at this juncture, and that you expect an appeal. However, we request that you and/or Ben keep CB&T apprised of all developments. Thank you for your attention to, and compliance with the terms of, Ben's assignment to CB&T. Should you have any questions, please call me.

Yours very truly,

WALSTON, WELLS, ANDERSON & BAINS, LLP

Anne Stone Sumblin

ABSS/jd
cc:    Mr. Frank Garrett
       Mr. Ben T. Adams

Walston, Wells, Anderson & Bains, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
205-244-5200
www.walstonwells.com

EXH. A

Form 668-A(ICS)
(Jan. 2003)

**Department of the Treasury – Internal Revenue Service**

## Notice of Levy

DATE: 05/05/2004

REPLY TO: Internal Revenue Service
L. F. SANKEY
1285 CARMICHAEL WAY
MONTGOMERY, AL 36106

TELEPHONE NUMBER
OF IRS OFFICE: (334)290-4011

TO:    LYNN W JINKS, III
ATTORNEYS AT LAW
219 NORTH PRAIRIE STREET
P O BOX 350
UNION SPRINGS, AL 36089

NAME AND ADDRESS OF TAXPAYER:
AA-ADAMS CONSTRUCTION
ADMAS BEN T GEN-PTR
79 COUNTY RD 23
CLIO, AL 36017-3815

IDENTIFYING NUMBER(S):

AA-A

THIS IS NOT A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 941 | 12/31/1999 | 2491.33 | 202.52 | 2693.85 |
| 941 | 12/31/2000 | 2211.11 | 255.45 | 2466.56 |
| 941 | 12/31/2001 | 3044.63 | 462.23 | 3506.86 |
| 941 | 03/31/2002 | 2130.79 | 328.70 | 2459.49 |
| 941 | 06/30/2002 | 2612.53 | 409.83 | 3022.36 |
| 941 | 09/30/2002 | 1977.07 | 360.95 | 2338.02 |
| 941 | 12/31/2002 | 3364.03 | 531.40 | 3895.43 |
| 941 | 03/31/2003 | 1188.08 | 85.57 | 1273.65 |
| 941 | 06/30/2003 | 5538.25 | 481.44 | 6017.69 |
| 940 | 12/31/1996 | 2971.21 | 149.49 | 3120.70 |
| 940 | 12/31/1999 | 2528.08 | 192.73 | 2720.81 |

THIS LEVY WONT ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ⇒

| Total Amount Due | 33515.42 |
|---|---|

We figured the interest and late payment penalty to  **06-04-2004**

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to property (such as money, credits, and bank deposits) that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

The attached levy attaches proceeds relative to Judicial Court Order # CV -2003-024

Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must be held for 21 calendar days from the day you receive this levy before you send us the money. Include any interest the person earns during the 21 days. Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.

Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search your records using the taxpayer's name, address, and identifying number(s) shown on this form. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions. You may not subtract a processing fee from the amount you send us.

To respond to this levy,
1. Make your check or money order payable to United States Treasury.
2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order (not on a detachable stub.).
3. Complete the back of Part 3 of this form.
4. Keep Part 1 of this form for your records and mail it to us with your payment in the enclosed envelope.

If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

Signature of Service Representative
L. F. SANKEY  _L. B. Sankey_

Title
REVENUE OFFICER

Part 1 –    For Addressee

Catalog No. 35389E          www.irs.gov

Form 668-A(ICS) (1-2003)

EXH. B

Form 668-A(ICS)
(Jan. 2003)

Department of the Treasury – Internal Revenue Service

**Notice of Levy**

DATE: 05/05/2004

REPLY TO: **Internal Revenue Service**
L. F. SANKEY
1285 CARMICHAEL WAY
MONTGOMERY, AL 36106

TELEPHONE NUMBER
OF IRS OFFICE: (334)290-4011

NAME AND ADDRESS OF TAXPAYER:
AA-ADAMS CONSTRUCTION
ADMAS BEN T GEN PTR
79 COUNTY RD 23
CLIO, AL 36017-3815

TO:  LYNN W JINKS, III
ATTORNEYS AT LAW
219 NORTH PRAIRIE STREET
P O BOX 350
UNION SPRINGS, AL 36089

IDENTIFYING NUMBER(S):

AA-A

THIS IS NOT A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 940 | 12/31/2001 | 754.66 | 105.59 | 860.25 |
| 940 | 12/31/2002 | 1807.03 | 309.75 | 2116.78 |

THIS LEVY WON'T ATTACH FUNDS IN IRAS, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ⟹

| Total Amount Due | 2977.03 |
|---|---|

We figured the interest and late payment penalty to  **06-04-2004**

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to property (such as money, credits, and bank deposits) that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code **must be held** for 21 calendar days from the day you receive this levy before you send us the money. Include any interest the person earns during the 21 days. Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.

Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search your records using the taxpayer's name, address, and identifying number(s) shown on this form. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions. You may not subtract a processing fee from the amount you send us.

To respond to this levy —
1. Make your check or money order payable to United States Treasury.
2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order (not on a detachable stub.).
3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

Signature of Service Representative
**L. F. SANKEY**

Title
**REVENUE OFFICER**

Part 1 –    For Addressee

Catalog No. 35389E        www.irs.gov

Form 668-A(ICS) (1-2003)

EXH. C

### AFFIDAVIT OF LYNN B. KELSOE

STATE OF ALABAMA   )

COUNTY OF COFFEE   )

      Before me, the undersigned authority, personally appeared Lynn B. Kelsoe, who first being duly sworn, deposes and says as follows:

      1.     My name is Lynn B. Kelsoe. I am competent in all respects to execute this Affidavit. I am Vice President of Community Bank & Trust of Southeast Alabama ("CB&T"). I am authorized to provide this Affidavit on behalf of CB&T.

      2.     This Affidavit is based upon my personal knowledge of the facts and my review of the records of CB&T. The records of CB&T are created, maintained, and preserved by CB&T in the ordinary course of CB&T's business, and as a regular and ordinary business practice of CB&T. The exhibits attached to this Affidavit are true and correct copies of the originals of the same.

      3.     "AA Adams Construction Co.," an Alabama general partnership, is indebted to CB&T under a promissory note dated January 15, 2004, in the principal amount of $259,188.07 (the "Note"). **Exh. 1** (copy of the Note). The Note was a consolidation and renewal of prior promissory notes evidencing partnership debt owed to CB&T. Mr. Adams was a guarantor of the Note and of the promissory notes that were renewed under the Note. As of April 25, 2005, the debt owed under the Note is $273,249.04 ($250,490.87 -- principal; and $22,758.17 -- interest), exclusive of late fees and collection costs.

      4.     The Note contains a Security Agreement in which AA Construction Co. granted to CB&T a security interest in Equipment, Accounts, General Intangibles, and identified

EXH. D

contracts. **Exh. 1.** CB&T filed a UCC-1 with Alabama's Secretary of State on January 29, 2004. **Exh. 2** (UCC-1, B-04-0073409FS).

5.     On February 27, 2004, CB&T, AA Adams Construction Co., and Ben Adams entered into that certain Correction Amendment to Security Agreement. **Exh. 3** (copy of the Amendment). Pursuant to the Amendment, CB&T amended the note and security agreement, and CB&T prepared two UCC-3's and a UCC-1. CB&T recorded on March 3, 2004, its two UCC-3's amending the UCC-1 filed on January 29, 2004. **Exh. 4** (copy of two UCC-3, both bearing file number B-04-0073409AM). In addition, CB&T recorded on March 3, 2004, a second UCC-1 to perfect CB&T's Security Interest in all Equipment, Accounts, General Intangibles, Payment Intangibles, Contract Claims, and Commercial Tort Claims of AA Adams Construction Co. and Adams. **Exh. 5** (copy of UCC-1, 04-015-9577FS).

_Lynn B. Kelsoe_
Lynn B. Kelsoe

SWORN TO AND SUBSCRIBED
BEFORE ME ON THIS 28th DAY
OF _April_                    2005

_Sandra Bamos_
Notary Public
My Commission Expires: MY COMMISSION EXPIRES OCT. 16, 2008
SEAL

Feb. 10, 2004  3:20PM   CB&T Ozark                                    No.6989  P. 3

| | | |
|---|---|---|
| AA ADAMS CONSTRUCTION CO.<br>79 COUNTY RD 23<br>CLIO, AL 36017-3815<br><br>BORROWER'S NAME AND ADDRESS<br>"I" includes each borrower above, jointly and severally. | COMMUNITY BANK AND TRUST<br>OF SOUTHEAST ALABAMA<br>901 N. BOLLWEEVIL CIRCLE<br>ENTERPRISE, AL 36330<br><br>LENDER'S NAME AND ADDRESS<br>"You" means the lender, its successors and assigns. | Loan Number  72431960 / 23<br>Date  01/15/2004<br>Maturity Date  04/14/2004<br>Loan Amount $ 259188.07<br>Renewal Of  00158<br>Fed. Tax ID |

For value received, I promise to pay to you, or your order, at your address listed above the PRINCIPAL sum of
**TWO HUNDRED FIFTY NINE THOUSAND ONE HUNDRED EIGHTY**
**EIGHT DOLLARS AND SEVEN CENTS**_____ Dollars $ _____259,188.07_____

☒ Single Advance: I will receive all of this principal sum on ___January 15, 2004___. No additional advances are contemplated under this note.
☐ Multiple Advances: The principal sum shown above is the maximum amount of principal I can borrow under this note. On _____
_____ I will receive the amount of $ _____ and future principal advances are contemplated.
  Conditions: The conditions for future advances are _____

☐ Open End Credit: You and I agree that I may borrow under this Note, prepay this Note in whole or in part, and borrow again under this Note,
  so long as the aggregate unpaid principal amount owed under this Note at any time does not exceed the amount of the principal sum set
  forth above. My right to borrow is subject to all other conditions of this Note expires on _____
  ☐ Closed End Credit: You and I agree that I may borrow in aggregate an amount not to exceed the principal sum shown above. Amounts I
  repay under this Note may not be re-borrowed later. My right to borrow is subject to all other conditions and expires on _____
☒ INTEREST: I agree to pay interest on the outstanding principal balance from ___January 15, 2004___ at the rate of __7.000000__ %
  per year until ___April 14, 2004_____.
  Variable Rate: This rate may then change as stated below.
  ☐ Index Rate: The future rate will be __N/A__ the following index rate: _____ N/A _____
    __N/A__
  ☐ No Index: The future rate will not be subject to any internal or external index. It will be entirely in your control.
  ☐ Frequency and Timing: The rate on this note may change as often as __N/A__
    A change in the interest rate will take effect __N/A__
  ☐ Limitations: During the term of this loan, the applicable annual interest rate will not be more than ___N/A___ % or less than
    ___N/A___ %. The rate may not change more than ___N/A___ % each ___N/A___
  Effect of Variable Rate: A change in the interest rate will have the following effect on the payments:
  ☐ The amount of each scheduled payment will change.      ☐ The amount of the final payment will change.

ACCRUAL METHOD: Interest will be calculated on a ____ACTUAL / DAYS/360 -DAY YEAR____ basis.
POST MATURITY RATE: I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:
☒ on the same fixed or variable rate basis in effect before maturity (as indicated above).
☐ at a rate equal to _____
☒ LATE CHARGE: I agree to pay a late charge on the portion of any payment not made within ____10____ days after it is due equal to
  5% OF THE UNPAID AMOUNT, WITH A MINIMUM OF $25.00
☒ ADDITIONAL CHARGES: In addition to interest, I agree to pay _____ the following charges which ☒ are ☐ are not included in the
  principal amount above:
  SEE THE ITEMIZATION INCORPORATED HEREIN BY REFERENCE.
PAYMENTS: I agree to pay this note as follows:
☒ Interest: I agree to pay accrued interest ____WITH PRINCIPAL DUE ON April 14, 2004____

☒ Principal: I agree to pay the principal ____April 14, 2004____

☐ Installments: I agree to pay this note in _____ payments. The first payment will be in the amount of $ _____
  and will be due _____. A payment of $ _____ will be due
  _____ thereafter. The final payment of the entire
  unpaid balance of principal and interest will be due _____.
PURPOSE: The purpose of this loan is ____COMBINE 6 CB&T LOANS____

ADDITIONAL TERMS:

UNIVERSAL NOTE AND SECURITY AGREEMENT
© 1984, 1991 Bankers Systems, Inc., St. Cloud, MN  Form UN&-LAZ-AL 2/8/96  Custom   MDF-EGAUNELL

(page 1 of 4)

EXH. 1

Feb.10. 2004  3:26PM   CB&T Ozark    No.6989   P. 4

SECURITY AGREEMENT

SECURITY INTEREST: I grant you a security interest in all of the Property described below that I now own and that I may own in the future (including, but not limited to, all parts, accessories, repairs, improvements, and accessions to the Property), wherever the Property is or may be located, and all cash and non-cash proceeds and products from the Property, and all supporting obligations that relate to or arise out of any of the Property (including things in action) described below, all documents that now or hereafter evidence any of the Property described below or the right to receive, hold or dispose of any of that Property.

☐ **Inventory:** All inventory, whether now owned or hereafter acquired by Debtor, including all goods, other than farm products, which now or hereafter:
(a) are leased by Debtor as lessor;
(b) are held by Debtor for sale or lease or to be furnished under a contract of service;
(c) are furnished by Debtor under a contract of service; or
(d) consist of raw materials, work in process, or materials used or consumed in Debtor's business.

☒ **Equipment:** All equipment, whether now owned or hereafter acquired by Debtor, including all goods now or hereafter owned by Debtor other than inventory, farm products, and consumer goods, and including all machinery, motor vehicles, furniture, trade or business fixtures, manufacturing equipment, mobile equipment, farm machinery and equipment, shop equipment, office equipment, record-keeping equipment, parts and tools, computer and printing equipment, and all goods which are, or are to become, fixtures. All equipment described in any list or schedule which Debtor gives to Secured Party is also included in the Property, but delivery of such a list is not necessary for the attachment of Secured Party's security interest in Debtor's equipment as described above, and Secured Party's security interest is not limited to the Property described in any such list or schedule.

☐ **Farm Products:** All farm products, whether now owned or hereafter acquired by Debtor, including all goods, other than standing timber, with respect to which Debtor is engaged in raising, cultivating, propagating, fattening, grazing or any other farming, livestock, or aquacultural operation and which are:
(a) crops grown, growing, or to be grown, including:
    (i) crops produced on trees, vines, and/or bushes; and
    (ii) aquatic goods produced in aquacultural operations;
(b) livestock born or unborn, including aquatic goods produced in aquacultural operations;
(c) feed, seed, fertilizer, medicines, or other supplies used or produced in Debtor's farming operation; or
(d) products of crops or livestock in their unmanufactured states.

☒ **Accounts:** All accounts of Debtor, whether now owned or existing or hereafter acquired or arising, including all rights of Debtor to payment of a monetary obligation, whether or not earned by performance, and whether presently owed to Debtor or acquired by Debtor after the obligation came into existence:
(a) for property that has been or is to be sold, leased, licensed, assigned, or otherwise disposed of;
(b) for services rendered or to be rendered;
(c) for a policy of insurance issued or to be issued;
(d) for a secondary obligation incurred or to be incurred;
(e) for energy provided or to be provided;
(f) for the use or hire of a vessel under a charter or other contract;
(g) arising out of the use of a credit or charge card or information contained on or for use with the card;
(h) as winnings in a lottery or other game of chance operated or sponsored by a State, governmental unit of a State, or person licensed or authorized to operate the game by a State or governmental unit of a State; and
(i) arising out of an interest in or claim under a policy or policies of insurance for healthcare goods or services provided.

☐ **Instruments** (including Promissory Notes), Documents, Chattel Paper (including Electronic Chattel Paper), Letter-of-Credit Rights, and Other Rights to Payment: All of Debtor's right, title and interest, whether now owned or existing or hereafter arising or acquired, in and to all instruments, documents, chattel paper, letter-of-credit rights, and other rights to payment, including:
(a) all negotiable instruments, including promissory notes and any other writings that evidence a right to payment of a monetary obligation and are not themselves a security agreement or lease, and that are of a type that in ordinary course of business are transferred by delivery with any necessary endorsement or assignment, but not including investment property, letters of credit, or writings that evidence a right to payment arising out of the use of a credit or charge card or information contained on or for use with the card;
(b) all documents of title and all receipts of the type described in Section 7-201(2) of the Uniform Commercial Code;
(c) all chattel paper, including any record or records that evidence both a monetary obligation and a security interest in specific goods, a security interest in specific goods and software used in specific goods, a security interest in specific goods and license of software used in the goods, a lease of specific goods, or a lease of specific goods and license of software used in the goods (but not including charters or other contracts involving the use or hire of a vessel or records that evidence a right to payment arising out of the use of a credit or charge card or information contained on or for use with the card), and including all chattel paper evidenced by a record or records consisting of information stored in an electronic medium; and
(d) all letters of credit and letter-of-credit rights, including all rights of Debtor to payment or performance under a letter-of-credit, whether or not the beneficiary has demanded or is at the time entitled to demand payment or performance.

☒ **General Intangibles:** All general intangibles, whether now owned or hereafter acquired by Debtor, including any personal property, things in action, payment intangibles, tax refunds, applications for patents, patents, copyrights, trademarks, trade names, trade secrets, service marks, goodwill, customer lists, permits and franchises, licenses, software, the right to use Debtor's name and likeness, and all property and rights described under the heading "Government Payments and Programs" below (which description is incorporated herein by this reference), but not including accounts, chattel paper, commercial tort claims, deposit accounts, documents, goods, instruments, investment property, letter-of-credit rights, letters of credit, money, or oil, gas, or other minerals before extraction (as those terms are defined or used in Article 9 of the Uniform Commercial Code).

☐ **Deposit Accounts:** All deposit accounts, whether now owned or hereafter acquired by Debtor, including all demand, time, savings, passbook, or similar accounts maintained with a bank or other financial institution, but not including investment property or accounts evidenced by an instrument.

☐ **Investment Property:** All of Debtor's investment property, whether now owned or hereafter acquired, including all securities, whether certificated or uncertificated, securities entitlements, securities accounts, commodity contracts, and commodity accounts.

☐ **Commercial Tort Claims:** All rights of Debtor now existing or hereafter arising in that certain tort claim more particularly described as follows (provide description of tort claim): _____

_____
_____
_____

☐ **Government Payments and Programs:** All payments, accounts, general intangibles, or other benefits (including, but not limited to, payments in kind, deficiency payments, letters of entitlement, warehouse receipts, storage payments, emergency assistance payments, diversion payments, and conservation reserve payments) in which Debtor now has and in the future may have any rights or interest and which arise under or as a result of any pre-existing, current or future federal or state governmental program (including, but not limited to, all programs administered by the Commodity Credit Corporation and ASCS).

☒ **Specific Property:** All of Debtor's right, title and interest, whether now owned or hereafter acquired, in the following property (all without limiting the generality of the applicable descriptions set forth above): SEE THE ADDENDUM TO SECURITY AGREEMENT DATED 01/15/2004 INCORPORATED HEREIN BY REFERENCE.

_____
_____

☐ **Standing Timber:** All of Debtor's right, title and interest, whether now owned or hereafter acquired, in standing timber located on the real property described below, and all cutting rights with respect thereto.

☐ **As-Extracted Collateral:** All of Debtor's right, title, and interest, whether now owned or hereafter acquired, in all oil, gas, and other minerals extracted from the real property described below, and all accounts arising out of the sale at the wellhead, minehead, or mine of oil, gas, or other minerals from such real property.

©1994, 1991 Bankers Systems, Inc., St. Cloud, MN  Form UNI-LAZ-AL 3/5/98 Custom   MDF. EOAUNEL2

(page 2 of 4)

Feb.10. 2004 3:21PM    CB&T Ozark                          No.6989   P. 5

☐ Where the Property includes goods that are or are to become fixtures, or standing timber, or as-extracted collateral: The legal description of the real property on which such Property is or will be located is (provide legal description or other sufficient description of real property): _____

_____

The record owner of the real property (if other than Debtor) is (provide name of record owner of real property, other than Debtor):

_____

If this agreement covers timber to be cut, minerals (including oil and gas), fixtures or crops growing or to be grown, the legal description is:

_____

☐ If checked, file this agreement on the real estate records. Record owner (if not me) _____

The Property will be used for a  ☐ personal  ☒ business  ☐ agricultural  ☐ _____ purpose.

## ADDITIONAL TERMS OF THE SECURITY AGREEMENT

**GENERALLY** - This agreement secures this note and any other debt I have with you, now or later. However, it will not secure other debts if you fail with respect to such other debts, to make any required disclosure about this security agreement or if you fail to give any required notice of the right of rescission. If property described in this agreement is located in another state, this agreement may also, in some circumstances, be governed by the law of the state in which the Property is located. All references to "this note" or "this agreement" or "this loan" shall mean this Universal Note and Security Agreement.

**OWNERSHIP AND DUTIES TOWARD PROPERTY** - I represent that I own all of the Property, or to the extent this is a purchase money security interest I will acquire ownership of the Property with the proceeds of the loan. I will defend it against any other claim. Your claim to the Property is ahead of the claims of any other creditor. I agree to do whatever you require to protect your security interest and to keep your claim in the Property ahead of the claims of other creditors. I will not do anything to harm your position.

I will keep books, records and accounts about the Property and my business in general. I will let you examine these records at any reasonable time. I will prepare any report or accounting you request, which deals with the Property.

I will keep the Property in my possession and will keep it in good repair and use it only for the purpose(s) described on page 1 of this agreement. I will not change this specified use without your express written permission. I represent that I am the original owner of the Property and, if I am not, that I have provided you with a list of prior owners of the Property.

I will keep the Property at my address listed on page 1 of this agreement, unless we agree I may keep it at another location. If the Property is to be used in another state, I will give you a list of those states. I will not try to sell the Property unless it is inventory or I receive your written permission to do so. If I sell the Property as security I will take payment made payable to the order of you and me.

I will pay all taxes and charges on the Property as they become due. You have the right of reasonable access to the Property to inspect the Property. I will immediately inform you of any loss or damage to the Property.

If I fail to perform any of my duties under this security agreement, or any mortgage, deed of trust, lien or other security interest, you may without notice to me perform the duties or cause them to be performed. Your right to perform for me shall not create an obligation to perform and your failure to perform will not preclude you from exercising any of your other rights under the law or this security agreement.

**PURCHASE MONEY SECURITY INTEREST** - For the sole purpose of determining the extent of a purchase money security interest arising under this security agreement: (a) payments on any nonpurchase money loan also secured by this agreement will not be deemed to apply to the Purchase Money Loan, and (b) payments on the Purchase Money Loan will be deemed to apply first to the nonpurchase money portion of the loan, if any, and then to the purchase money obligations in the order in which the items of collateral were acquired or if acquired at the same time, in the order selected by you. No security interest will be terminated by application of this formula. "Purchase Money Loan" means any loan the proceeds of which, in whole or in part, are used to acquire any collateral securing the loan and all extensions, renewals, consolidations and refinancing of such loan.

**PAYMENTS BY LENDER** - You are authorized to pay, on my behalf, charges I am or may become obligated to pay to preserve or protect the secured property (such as property insurance premiums). You may treat those payments as advances and add them to the unpaid principal under the note secured by this agreement or you may demand immediate payment of the amount advanced.

**INSURANCE** - I agree to buy insurance on the Property against the risks and for the amounts you require and to furnish you continuing proof of coverage. I will have the insurance company name you as loss payee on any such policy. You may require added security if you agree that insurance proceeds may be used to repair or replace the Property. I will buy insurance from a firm licensed to do business in the state where the property is located. The firm will be reasonably acceptable to you. The insurance will remain in force until the Property is released from this agreement. If I fail to buy or maintain the insurance (or fail to name you as loss payee) you may purchase it yourself.

**WARRANTIES AND REPRESENTATIONS** - If this agreement includes accounts, I will not settle any account for less than its full value without your written permission. I will collect all accounts until you tell me otherwise. I will keep in trust for you the proceeds from all the accounts and any goods which are returned to me or which I take back. I will not mix them with any other property of mine. I will deliver them to you at your request. If you ask me to pay you the full price on any returned items or items retaken by myself, I will do so.

If this agreement covers inventory, I will not dispose of it except in my ordinary course of business at the fair market value for the Property, or at a minimum price established between you and me.

If this agreement covers farm products I will provide you, at your request, a written list of the buyers, commission merchants or selling agents to or through whom I may sell my farm products. In addition to those parties named on this written list, I authorize you to notify at your sole discretion any additional parties regarding your security interest in my farm products. I remain subject to all applicable penalties for selling my farm products in violation of my agreement with you and the Food Security Act. In this paragraph the terms farm products, buyers, commission merchants and selling agents have the meanings given to them in the Federal Food Security Act of 1985.

**REMEDIES** - I will be in default on this security agreement if I am in default on any note this agreement secures or if I fail to keep any promise contained in the terms of this agreement. If I default, you have all of the rights and remedies provided in the note and under the Uniform Commercial Code. You may require me to make the secured property available to you at a place which is reasonably convenient. You may take possession of the secured property and sell it as provided by law. The proceeds will be applied first to your expenses and then to the debt. I agree that 10 days written notice sent to my last known address by first class mail will be reasonable notice under the Uniform Commercial Code. My current address is on page 1. I agree to inform you in writing of any change of my address. You may demand immediate payment of the debt(s) if the debtor is not a natural person and without your prior written consent (1) a beneficial interest in the debtor is sold or transferred, or (2) there is a change in either the identity or number of members of a partnership, or (3) there is a change in ownership of more than 25 percent of the voting stock of a corporation.

**FILING** - A carbon, photographic or other reproduction of this security agreement or the financing statement covering the Property described in this agreement may be used as a financing statement where allowed by law. Where permitted by law, you may file a financing statement which does not contain my signature, covering the Property secured by this agreement.

©1994, 1991 Bankers Systems, Inc., St. Cloud, MN Form UNI-LAZ-AL 3/6/95 Custom    MDF, EGAUNELZ    _____    _____    (page 3 of 4)

0014

ADDITIONAL TERMS OF THE NOTE

**DEFINITIONS** - As used on pages 1, 2 and 3, "☒" means the terms that apply to the loan. "I," "me" or "my" means each Borrower who signs this note and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this note (together referred to as "us"). "You" or "your" means the Lender and its successors and assigns.

**APPLICABLE LAW** - The laws of the United States and, to the extent not inconsistent therewith, the laws of the state of Alabama. Any term of this agreement which is contrary to applicable law will not be effective, unless the law permits you and me to agree to such a variation. If any provision of this agreement cannot be enforced according to its terms, this fact will not affect the enforceability of the remainder of this agreement. No modification of this note or any agreement securing this note is effective unless the modification is in writing and signed by you and me. Time is of the essence in this agreement.

**PAYMENTS** - Each payment of principal and interest I make on this note will first reduce the amount I owe you for charges which are neither interest nor principal. The remainder of each payment will then reduce accrued unpaid interest, and then unpaid principal. If you and I agree to a different application of payments, we will describe our agreement on this note. I may prepay a part of, or the entire balance of this loan without penalty, unless we specify to the contrary on this note. Any partial prepayment will not excuse or reduce any later scheduled payment until this note is paid in full (unless, when I make the prepayment, you and I agree in writing to the contrary).

**INTEREST** - Interest accrues on the principal remaining unpaid from time to time, until paid in full. If I receive the principal in more than one advance, each advance will start to earn interest only when I receive the advance. The interest rate in effect on this note at any given time will apply to the entire principal sum outstanding at that time. Notwithstanding anything to the contrary, I do not agree to pay and you do not intend to charge any rate of interest that is higher than the maximum rate of interest you could charge under applicable law for the extension of credit that is agreed to in this note (either before or after maturity). If any notice of interest accrual is sent and is in error, we mutually agree to correct it, and if you actually collect more interest than allowed by law and this agreement, you agree to refund it to me.

**INDEX RATE** - The index will serve only as a device for setting the interest rate on this note. You do not guarantee by selecting this index, or the margin, that the interest rate on this note will be the same rate you charge on any other loans or class of loans you make to me or other borrowers.

**POST MATURITY RATE** - For purposes of deciding when the "Post Maturity Rate" shown on page 1) applies, the term "maturity" means the date of the last scheduled payment indicated on page 1 of this note or the date you accelerate payment on the note, whichever is earlier.

**SINGLE ADVANCE LOANS** - If this is a single advance loan, you and I expect that you will make only one advance of principal. However, you may add other amounts to the principal if you make any payments described in the "PAYMENTS BY LENDER" paragraph herein.

**MULTIPLE ADVANCE LOANS** - If this is a multiple advance loan, you and I expect that you will make more than one advance of principal. If this is closed end credit, repaying a part of the principal will not entitle me to additional credit.

**SET-OFF** - I agree that you may set off any amount due and payable under this note against any right I have to receive money from you.

"Right to receive money from you" means:

(1) any deposit account balance I have with you;

(2) any money owed to me on an item presented to you or in your possession for collection or exchange; and

(3) any repurchase agreement or other nondeposit obligation.

"Any amount due and payable under this note" means the total amount of which you are entitled to demand payment under the terms of this note at the time you set off. This total includes any balance the due date for which you properly accelerate under this note.

If my right to receive money from you is also owned by someone who has not agreed to pay this note, your right of set-off will apply to my sole request or endorsement. Your right of set-off does not apply to an account or other obligation where my rights are only as a representative. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor occurs because you set off this debt against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right to set-off.

**DEFAULT** - I will be in default if any one or more of the following occur:

(1) I fail to make a payment on time or in the amount due; (2) I fail to keep the Property insured, if required; (3) I fail to pay, or keep any promise, on any debt or agreement I have with you; (4) any other creditor of mine attempts to collect any debt I owe him through court proceedings; (5) I die, am declared incompetent, make an assignment for the benefit of creditors, or become insolvent (either because my liabilities exceed my assets or I am unable to pay my debts as they become due); (6) I make any written statement or provide any financial information that is untrue or inaccurate at the time it was provided; (7) I do or fail to do something which causes you to believe you will have difficulty collecting the amount I owe you; (8) any collateral securing this note is used in a manner or for a purpose which threatens confiscation by a legal authority; (9) I change my name or assume an additional name without first notifying you before making such a change; (10) I fail to plant, cultivate and harvest crops in due season; (11) any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 C.F.R. Part 1940, Subpart G, Exhibit M.

**REMEDIES** - If I am in default on this note you have, but are not limited to, the following remedies:

(1) You may demand immediate payment of all I owe you under this note (principal, accrued unpaid interest and other accrued charges).

(2) You may set off this debt against any right I have to the payment of money from you, subject to the terms of the "SET-OFF" paragraph herein.

(3) You may demand security, additional security, or additional parties to be obligated to pay this note as a condition for not using any other remedy.

(4) You may refuse to make advances to me or allow purchases on credit by me.

(5) You may use any remedy you have under state or federal law.

(6) You may use any remedy given to you in any agreement securing this note.

By selecting any one or more of these remedies you do not give up your right to use later any other remedy. By waiving your right to declare an event to be a default, you do not waive your right to consider later the event a default if it continues or happens again.

**COLLECTION COSTS AND ATTORNEY'S FEES** - I agree to pay you all reasonable costs you incur to collect this debt or realize on any security. This includes, if the amount financed is more than $300.00, your reasonable attorneys' fees of up to 15% of the unpaid debt if you refer collection of this note to an attorney who is not your salaried employee. This provision also shall apply if I file a petition or any other claim for relief under any bankruptcy rule or law of the United States, or if such petition or other claim for relief is filed against me by another.

**WAIVER** - I give up my rights to require you to do certain things. I will not require you to:

(1) demand payment of amounts due (presentment);

(2) obtain official certification of nonpayment (protest); or

(3) give notice that amounts due have not been paid (notice of dishonor).

I waive any defenses I have based on suretyship or impairment of collateral. To the extent permitted by law, I also waive all personal property exemptions in the property securing this loan.

**OBLIGATIONS INDEPENDENT** - I understand that I must pay this note even if someone else has also agreed to pay it (by, for example, signing this form or a separate guarantee or endorsement). You may sue me together, or anyone else who is obligated on this note, or any number of us to this agreement without releasing any other party. If you give up any of your rights, with or without notice, it will not affect my duty to pay this note. Any extension of new credit to any of us, or renewal of this note by all or less than all of us will not release me from my duty to pay it. (Of course, you are entitled to only one payment in full.) I agree that you may at your option extend this note or the debt represented by this note, any portion of the note or debt, from time to time without limit or notice and for any term without effecting my liability for payment of the note. I will not assign my obligation under this agreement without your prior written approval.

**CREDIT INFORMATION** - I agree and authorize you to obtain credit information about me from time to time (for example, by requesting a credit report) and to report to others your credit experience with me (such as a credit reporting agency). I agree to provide you, upon request, any financial statement or information you may deem necessary. I warrant that the financial statements and information I provide to you are or will be accurate, correct and complete.

**SIGNATURES:** I AGREE TO THE TERMS OF THIS NOTE (INCLUDING THOSE ON PAGES 1, 2, AND 3). I have received a copy on today's date.

CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

AA ADAMS CONSTRUCTION CO.

BY: _____
BEN T. ADAMS    PARTNER

DISPOSITION OF FUNDS

Deposited to Account Number _____    Check Number _____

SIGNATURE FOR LENDER

©1984, 1991 Bankers Systems, Inc., St. Cloud, MN Form UN8-LAZ-AL 2/23/95 Custom   MDP. EOALNSLZ

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER (optional)**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

COMMUNITY BANK AND TRUST OF SOUTHEAST AL
P O BOX 311245
ENTERPRISE   AL   36331

Alabama
Sec. Of State
B-04-0072409-FS
Date: 1/29/2004  15:69
Time                1 Pg

File        $20.00
Exp         4.00
Add         4.00
Form        4.00
Total       $28.00
04/077

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| AA ADAMS CONSTRUCTION CO | | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 79 COUNTY ROAD 23 | CLIO | AL | 36017 | |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | PARTNERSHIP | ALABAMA | X NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | ZIPCODE | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| COMMUNITY BANK AND TRUST OF SOUTHEAST AL | | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 901 N. BOLLWEEVIL CIRCLE | ENTERPRISE | AL | 36330 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

ALL EQUIPMENT, ACCOUNTS AND GENERAL INTANGIBLES FURTHER DESCRIBED IN
SECURITY AGREEMENT EXECUTED BY DEBTOR ON JANUARY 15, 2004.


FILE WITH ALABAMA SECRETARY OF STATE

| 5. ALTERNATIVE DESIGNATION (if applicable): | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS   Attach Addendum (if applicable) | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) (optional) | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|

**8. OPTIONAL FILER REFERENCE DATA**

EX.2

## CORRECTION AMENDMENT TO SECURITY AGREEMENT & NOTE

This Correction Amendment to Security Agreement & Note is entered into as of the 27th day of February 2004 by and between A.A. Adams Construction Company, an Alabama general partnership ("Adams"), Ben·T. Adams, an individual ("Ben Adams"), and Community Bank & Trust of SE Alabama· ("CB&T").

### Recitals

1.      Adams is indebted to CB&T under that certain promissory note dated as of January 15, 2004, in the original principal amount of $259,188.07 (the "Note"). Ben Adams is a guarantor of the Note pursuant to the Guaranty Agreement dated as of January 15, 2004.

2.      As a condition to the extension of credit by CB&T under the Note, CB&T required that Adams grant to CB&T a security interest in and to all of the accounts and general intangibles of Adams, in addition to reaffirming CB&T's security interest in and to certain construction contracts to which Adams is a party (the "Security Agreement").

3.      At the execution of the Note and Security Agreement, Ben Adams informed CB&T of a lawsuit. CB&T subsequently obtained information about the lawsuit styled *Ben T. Adams, d/b/a AA-Adams Construction Company v. Charter Construction Management Co., Inc., the Charter Companies, Carl Sutton, Sutton Construction Services, and et al.*, CV 03-024, Circuit Court of Barbour County, Alabama (the "Civil Action"). In particular, CB&T learned that Ben Adams' Civil Action included both contract claims ("Contract Claims") and commercial tort claims within the meaning of Article 9 of Alabama's Uniform Commercial Code ("Commercial Tort Claims"), and that the lawsuit was brought by Ben Adams, individually, d/b/a Adams Construction Company, and not in the name of the partnership.

4.      Adams remains indebted to CB&T for outstanding interest owed that was not included in, or capitalized by, the Note. Adams has requested that CB&T continue to forbear from exercising its rights and remedies with respect to the interest owed by Adams to CB&T.

5.      In order to correct, confirm, clarify, and reaffirm that the security interest granted by Adams encompasses all of the claims set forth in the Civil Action, including all Contract Claims and Commercial Tort Claims, and that Ben Adams, in his individual capacity, grants to CB&T a security interest in this collateral, and in order to obtain CB&T's forbearance with respect to the outstanding interest owed, the parties seek to amend the Security Agreement and Note as follows.

### Amendment

1

EXH. 3

NOW THEREFORE, in consideration of the Recitals above, which Recitals are incorporated herein by reference, and for Ten Dollars in hand paid, and for such other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the parties agree as follows:

1.  **Accuracy of Recitals.** Adams and Ben Adams each acknowledge the accuracy of the factual statements contained in the Recitals above, including but not limited to the validity, enforceability, and status of the Note and Security Agreement, and the debt evidenced thereby, without offset, claim, or any defense.

2.  **Amendment To Security Agreement.** The Security Agreement, incorporated herein by reference, is amended to add Ben Adams as a party granting to CB&T a security interest in the Property described in the Security Agreement, as amended hereby, to secure his obligation to CB&T under the Guaranty and Note, and Ben Adams does grant, bargain, and sell to CB&T a security interest in and to the Property as identified, described, and defined in the Security Agreement, as amended hereby, as if he had signed originally the Security Agreement in his individual capacity. The Security Agreement is further amended to include as Property to secure the Note and Guaranty any and all Commercial Tort Claims of Adams and Ben Adams, including but not limited to all Commercial Tort Claims of either of them arising under or related to the Civil Action; and, to the extent necessary, the Security Agreement is further amended to clarify and confirm that CB&T's security interest in General Intangibles and Accounts under and as defined by the Security Agreement includes proceeds of accounts and payment intangibles, as that term is defined in Article 9 of Alabama's Uniform Commercial Code, and any and all Contract Claims of Adams and Ben Adams, including but not limited to all Contract Claims arising under or related to the Civil Action.

3.  **Amendment To Note.** The Note is amended to provide that, in the event that proceeds from the Civil Action are paid, delivered, or made available to Ben Adams or to Ben Adams and CB&T, jointly, the proceeds shall be paid immediately to CB&T and applied to the Note as a payment then due and payable under the Note to pay all accrued and outstanding interest, first, and the balance toward principal owed under the Note, second.

4.  **Right To Protect Interest; Right to Information; Power of Attorney.** CB&T is authorized to prepare any and all such documents and notices to perfect CB&T's security interest in and to the Property described in the Security Agreement, as amended, including but not limited to filings with the Secretary of State and notices to counsel and parties in the Civil Action. The parties recognize and agree that CB&T is entitled to information concerning the status of the Civil Action, and that, without disclosing confidential attorney-client information, counsel for Ben Adams is authorized to discuss the status of the Civil Action with CB&T and its agents and attorneys. Adams and Ben Adams hereby appoint CB&T, and any person it may designate, the true and lawful attorney of Adams and Ben Adams, with full power of

2

substitution, to receive, collect, and endorse in the name of Adams or Ben Adams on any Instrument given In evidence, payment, or partial payment of any proceeds of the Civil Action or any other Contract Claim or Commercial Tort Claim of Adams or Ben Adams, as CB&T may deem necessary or appropriate to preserve and protect its right, title, and interest, In and to the proceeds of the same.

5.    **CB&T's Security Interest and Ben Adams' Contingent Fee Agreement.**    CB&T recognizes that Ben Adams has entered into a contingent fee agreement with respect to the Civil Action with Lynn W. Jinks, III, LLC, and Thomas F. Kelly, Jr., P.C. ("Adams' Counsel"), and that any recovery due to Ben Adams in the Civil Action is subject to the rights of Adams' Counsel under their contingent fee agreement.

6.    **Integration; Effect.**    This Amendment constitutes the entire agreement of the parties pertaining to the subject matter hereof and all prior negotiations and representations relating thereto are merged herein. This Amendment is not intended to modify and does not modify the rights, remedies and obligations of Adams or Ben Adams under the Note, Security Agreement, or Guaranty Agreement, except to the extent expressly set forth herein. This Agreement shall inure to the benefit of, and be binding upon, the representatives, heirs, successors, and assigns of the parties hereto, respectively.

7.    **Miscellaneous.**    Neither this Amendment nor any term hereof may be terminated, amended, supplemented, waived, released or modified orally, but only by an instrument in writing signed by an authorized officer of CB&T. If more than one party executes this Amendment, then the representations, warranties and agreements of the undersigned hereunder are joint and several. Each party to this Amendment has read and reviewed the Amendment, has had their respective attorney or professional advisor review this Amendment, or, at least, has had the opportunity to do so, and each understands fully its terms as written. If any term of this Amendment or any obligation hereunder shall be held to be invalid, illegal or unenforceable, the remainder of this Amendment and any other application of such term shall not be effected thereby. The section headings of this Amendment have been inserted for convenience only, and shall not modify, define, limit or expand the express provisions hereof. This Amendment shall in all respects be governed by, and construed and enforced in accordance with, the laws of the State of Alabama.

8.    **Executed in Counterparts and Facsimile.**    This Amendment may be executed by facsimile and in two or more counterparts, each of which shall constitute an original, but when taken together shall constitute but one agreement, and any party may execute this Amendment by executing any one or more of such counterparts.

IN WITNESS WHEREOF, each of the parties to this Amendment has hereunto set his hand and seal or has caused this Amendment to be executed by its duly authorized officers as of the date first written above.

3

**A.A. Adams Construction Company**          **CB&T**

By: ~~Ben T. Adams~~
     By: ~~_____~~                    ~~Frank Barrett~~
     **Ben T. Adams**                              **Frank Garrett**
     **Its Partner**                               **Its Dale County President**


~~_____~~
**Ben T. Adams**


STATE OF ALABAMA    )
   _Dale_ COUNTY   )

    I, the undersigned authority, a Notary Public in and for said county in said state, hereby certify that Frank Garrett, whose name as Dale County President of Community Bank & Trust of Southeast Alabama, is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

    Given under my hand and official seal this the 27ᵗʰ day of February, 2004.

                                      ~~_____~~
                                      Notary Public

AFFIX SEAL
My commission expires: _4-22-07_

STATE OF ALABAMA    )
   _Dale_ COUNTY  )

    I, the undersigned authority, a Notary Public in and for said county in said state, hereby certify that Ben T. Adams, whose name as Partner of A.A. Adams Construction Company, is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he, as such officer and with full authority, executed the same voluntarily for and as the act of said partnership.

    Given under my hand and official seal this the 27ᵗʰ day of February 2004.

                                      ~~_____~~
                                      Notary Public

AFFIX SEAL
My commission expires: _4 22-07_

STATE OF ALABAMA    )

4

_Dale_ COUNTY )

I, the undersigned authority, a Notary Public in and for said county in said state, hereby certify that Ben T. Adams, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this 27ᵗʰ day of February, 2004.

Notary Public

AFFIX SEAL
My commission expires: 4-22-07

5

# UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

COMMUNITY BANK & TRUST OF SOUTHEAST AL
P O BOX 311245
ENTERPRISE AL  36331-1245

Alabama
Sec. Of State
B B-04-0073409 FS
Date 3/03/2004
Time 2512
$20.00   Site   $20.00
         EntF   1.00
         Ackn   1.00
         Form   1.00

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is |
|---|---|
| B-04-0073409 FS | to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.  ☐ DELETE name: Give record name to be deleted in item 6a or 6b.  ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| ADAMS | BEN | T | JR |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 79 COUNTY ROAD 23 | CLIO | AL | 36017 | USA |

| 7d. TAX ID #  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted  or ☐ added, or give entire ☑ restated collateral description, or describe collateral ☐ assigned.

SEE ATTACHED EXHIBIT "A" ATTACHED HERETO & INCORPORATED HEREIN BY REFERENCE

9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| COMMUNITY BANK & TRUST OF SOUTHEAST AL | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA

NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

EXH. 4

**Exhibit "A" to UCC-3 Amending UCC-1 B-04-0073409**

Community Bank & Trust of SE Alabama ("CB&T") hereby amends its UCC-1 to add Ben T. Adams as a Debtor (collectively Adams Construction Co, a partnership, and Ben T. Adams, an individual, referred to as "Debtors"), and to further describe in greater detail CB&T's security interest in and to General Intangibles (as defined in the Security Agreement dated 1/16/04, and as corrected by that certain Correction Amendment to Security Agreement and Note executed by the Debtors and CB&T on February 27, 2004 (the "Amendment") and in Alabama's Uniform Commercial Code), including but not limited to Payment Intangibles (as defined in Alabama's Uniform Commercial Code), so that it is clear that the terms General Intangibles and Payment Intangibles include Debtors' right, title, and interest in and to all of their contract claims and Commercial Tort Claims (as defined in Alabama's Uniform Commercial Code), including but not limited to those contract and Commercial Tort Claims asserted in that certain action styled <u>Ben T. Adams vs. Charter Construction Management Co., Inc.; the Charter Companies; Carl Sutton; Sutton Construction Services; et al.</u>, CV-03-024, Circuit Court of Barbour County, Alabama, Clayton Division.

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

```
COMMUNITY BANK & TRUST OF SOUTHEAST AL
P O BOX 311245
ENTERPRISE AL  36331-1245
```

Alabama
Sec. of State

B 04-0073409 SM
Date 3/03/2004
Time 15:13

File    $20.00
Exrg     4.00
Res      1.00
Form     5.00

Total $31.00
03/842

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

| | |
|---|---|
| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is |
| B-04-0073409 FS | to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 8.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☒ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR  7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| ADAMS | BEN | T | | MR |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 79 COUNTY ROAD 23 | CLIO | AL | 36017 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted  or  ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

SEE ATTACHED EXHIBIT "A" ATTACHED HERETO & INCORPORATED HEREIN BY REFERENCE

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☒ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| ADAMS | BEN | T | MR |

10. OPTIONAL FILER REFERENCE DATA

NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

Exhibit "A" to UCC-3 Amending UCC-1 B-04-0073409

Community Bank & Trust of SE Alabama ("CB&T") hereby amends its UCC-1 to add Ben T. Adams as a Debtor (collectively Adams Construction Co, a partnership, and Ben T. Adams, an individual, referred to as "Debtors"), and to further describe in greater detail CB&T's security interest in and to General Intangibles (as defined in the Security Agreement dated 1/16/04, and as corrected by that certain Correction Amendment to Security Agreement and Note executed by the Debtors and CB&T on February 27, 2004 (the "Amendment") and in Alabama's Uniform Commercial Code), including but not limited to Payment Intangibles (as defined in Alabama's Uniform Commercial Code), so that it is clear that the terms General Intangibles and Payment Intangibles include Debtors' right, title, and interest in and to all of their contract claims and Commercial Tort Claims (as defined in Alabama's Uniform Commercial Code), including but not limited to those contract and Commercial Tort Claims asserted in that certain action styled <u>Ben T. Adams vs. Charter Construction Management Co. Inc.; the Charter Companies; Carl Sutton; Sutton Construction Services; et al.</u>, CV-03-024, Circuit Court of Barbour County, Alabama, Clayton Division.

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

```
COMMUNITY BANK AND TRUST OF SOUTHEAST AL
P O BOX 311245
ENTERPRISE AL 36331
```

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | | | | |
|---|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME | | | | | |
| AA ADAMS CONSTRUCTION CO. | | | | | |
| 1b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |
| 79 COUNTY ROAD 23 | | CLIO | AL | 36017 | USA |
| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION PARTNERSHIP | 1f. JURISDICTION OF ORGANIZATION ALABAMA | 1g. ORGANIZATIONAL ID #, if any | X NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | | | | | |
|---|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | | |
| 2b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
| ADAMS | | BEN | T | | MR. |
| 2c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |
| 79 COUNTY ROAD 23 | | CLIO | AL | 36017 | USA |
| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| | | | | | |
|---|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME | | | | | |
| COMMUNITY BANK AND TRUST OF SOUTHEAST AL | | | | | |
| 3b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |
| 901 N. BOLLWEEVIL CIRCLE | | ENTERPRISE | AL | 36330 | USA |

4. This FINANCING STATEMENT covers the following collateral:

```
SEE ATTACHED EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN
BY REFERENCE.
```

| 5. ALTERNATIVE DESIGNATION (if applicable): | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS    Attach Addendum    7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [optional]   All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY f NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)        ⓒankers Systems, Inc., St. Cloud, MN  Form UCC-1-LAZ 5/30/2001

Exhibit "A" to UCC-1 of Ben Adams and AA Adams Construction Co.

All Equipment, Accounts, and General Intangibles of the Debtors (all as more fully defined in Alabama's Uniform Commercial Code and in the Security Agreement dated January 16, 2004, as amended by that certain Correction Amendment To Security Agreement & Note executed by the Debtors and CB&T on February 27, 2004 (the "Amendment")), and all the Debtors' Commercial Tort Claims (as defined in Alabama's Uniform Commercial Code (the "UCC") and the Amendment), including but not limited to all Payment Intangibles (as defined in the UCC), contract claims, and Commercial Tort Claims (as defined in the UCC) of the Debtors in that certain action styled <u>Ben T. Adams vs. Charter Construction Management Co., Inc.; the Charter Companies; Carl Sutton; Sutton Construction Services; et al.</u>, CV-03-024, Circuit Court of Barbour County, Alabama, Clayton Division.

| | 1008 | | Department of the Treasury - Internal Revenue Service | | |
|---|---|---|---|---|---|
| Form 668 (Y)(c) (Rev. October 2000) | | | **Notice of Federal Tax Lien** | | |

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #5 Lien Unit Phone: (615) 250-5934 | Serial Number 148633403 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

2001
01/22/2004 02:46:25 PM
Nancy K. Robertson
Judge of Probate
Barbour County, AL

Recording Fee $1.00
TOTAL                $1.00

**Name of Taxpayer** AA-ADAMS CONSTRUCTION , a Partnership

**Residence**     79 COUNTY RD 23
                  CLIO, AL 36017-3815

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 940 | 12/31/1996 | | 05/05/2003 | 06/04/2013 | 2971.21 |
| 940 | 12/31/1999 | | 05/05/2003 | 06/04/2013 | 2528.08 |
| 940 | 12/31/2001 | | 05/05/2003 | 06/04/2013 | 754.66 |
| 940 | 12/31/2002 | | 05/05/2003 | 06/04/2013 | 1807.03 |
| 941 | 12/31/1999 | | 05/05/2003 | 06/04/2013 | 2491.33 |
| 941 | 12/31/2000 | | 04/07/2003 | 05/07/2013 | 2211.11 |
| 941 | 12/31/2001 | | 04/07/2003 | 05/07/2013 | 3044.63 |
| 941 | 03/31/2002 | | 04/07/2003 | 05/07/2013 | 2130.79 |
| 941 | 06/30/2002 | | 04/07/2003 | 05/07/2013 | 2612.53 |
| 941 | 09/30/2002 | | 04/07/2003 | 05/07/2013 | 1977.07 |
| 941 | 12/31/2002 | | 04/07/2003 | 05/07/2013 | 3294.53 |
| 941 | 03/31/2003 | | 10/20/2003 | 11/19/2013 | 1188.08 |
| 941 | 06/30/2003 | | 10/13/2003 | 11/12/2013 | 5536.25 |

| Place of Filing | Judge of Probate BARBOUR (CLAYTON) County Clayton, AL 36016 | Total $ | 32547.30 |
|---|---|---|---|

This notice was prepared and signed at     NASHVILLE, TN                     , on this,

the    17th   day of   December , 2003 .

| Signature for L. F. SANKEY | Pat L. Grone | Title REVENUE OFFICER (334) 290-4011 x4800 | 28-02-2738 |
|---|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 2 - Internal Revenue Service TDA Copy     Form 668(Y)(c) (Rev. 10-00) CAT. NO 60025X

EXH. E

| | 1008 | | | |
|---|---|---|---|---|
| Form 668 (Y)(c) | | Department of the Treasury - Internal Revenue Service | | |
| (Rev. February 2004) | | **Notice of Federal Tax Lien** | | |

| Area: | Serial Number | For Optional Use by Recording Office |
|---|---|---|
| SMALL BUSINESS/SELF EMPLOYED AREA #8 | | |
| Lien Unit Phone: (615) 250-5934 | 177147904 | |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

F 3132
06/22/2004 04:07:53 AM
Nancy B. Robertson
Judge of Probate
Barbour County, AL

Name of Taxpayer  AA-ADAMS CONSTRUCTION , a Partnership

Residence       79 COUNTY RD 23
                CLIO, AL 36017-3815

Recording Fee       $3.00
TOTAL

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 941 | 09/30/2003 | | 03/22/2004 | 04/21/2014 | 12825.83 |

| Place of Filing | | | |
|---|---|---|---|
| | Judge of Probate BARBOUR (CLAYTON) County Clayton, AL 36016 | Total $ | 12825.83 |

This notice was prepared and signed at _____ NASHVILLE, TN _____ , on this,

the ___11th___ day of ___June___ , ___2004___ .

| Signature | Title | |
|---|---|---|
| for L. F. SANKEY  *Pat L Grone* | REVENUE OFFICER (334) 290-4011 x4800 | 28-02-2738 |

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 2 - Internal Revenue Service TPA Copy

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60026X

GXH. F

Form 668 (Y)(c)
(Rev. February 2004)

**1872**

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #8 Lien Unit Phone: (615) 250-5934 | Serial Number 198132004 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes and additional penalties, interest, and costs that may accrue.

11/16/2004 03:25:12 PM
Mary B. Robertson
Judge of Probate
Barbour County, AL

Recording Fee 21.00

Name of Taxpayer AA-ADAMS CONSTRUCTION , a Partnership

Residence
79 COUNTY RD 23
CLIO, AL 36017-3815

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 941 | 12/31/2003 | ▆▆▆▆▆ | 07/12/2004 | 08/11/2014 | 10952.98 |

| Place of Filing | | |
|---|---|---|
| Judge of Probate BARBOUR (CLAYTON) County Clayton, AL 36016 | Total \$ | 10952.98 |

This notice was prepared and signed at NASHVILLE, TN . on this,

the 27th day of October , 2004 .

| Signature _Sherwood_ for L. F. YANKEY | Title REVENUE OFFICER (334) 290-4011 x4800 | 28-02-2738 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60026X

EXH .G

# Walston Wells

WALSTON WELLS ANDERSON & BIRCHALL, LLP

P.O. Box 345 • Kinston, Alabama 36453

Anne Stone Sumblin
(334) 565-3380
Facsimile: (334) 565-3076
asumblin@oppcatv.com

July 26, 2005

**VIA CERTIFIED MAIL**

Mrs. Pamela Johnson
Collection Manager
Internal Revenue Service
1285 Carmichael Way
Montgomery, AL 36106

     RE:    **Notices of Levy Dated May 5, 2004, As To
AA-Adams Construction, and Ben T. Adams Partner in
Amounts of $33,515.42 and $2,977.03 (the "Notices of Levy")**

Dear Mrs. Johnson:

    We learned last week in conversations with Mr. Lynn Jinks, attorney for Ben Adams, and Mrs. Sanky of the IRS that counsel for the IRS disagreed with CB&T's position set forth in my letter to you dated May 2, 2005, that CB&T, not the IRS, is entitled to the Civil Action Proceeds (as defined in my prior letter).

    Last Friday, I asked Mrs. Sanky if she could have the IRS attorney who made this decision to contact me so that I could know the basis for the conclusion by the IRS. I understand that this IRS attorney is not available until next week.

    Because I will be on vacation next week, I wanted to write to confirm my conversation with Mrs. Sanky and to put in writing my request that the IRS attorney first contact me before any action is taken by the IRS or by Mr. Jinks in response to the IRS's decision.

    I also wanted to write to request that the IRS consider the effect of Alabama's Uniform Federal Lien Registration Act (copy enclosed) on the outcome of this dispute. In summary, this Act provides that, if the person against whose interest the lien applies is a partnership, the IRS shall file its lien on "personal property whether tangible or intangible" in the office of the Secretary of State. Section 35-11-44 (C)(1), Code of Alabama. We cannot find that the IRS filed a Notice of Federal Tax Lien against AA Adams Construction Co. in the office of the Secretary of State (copy of search enclosed). In the absence of the filing of the first Notice of Federal Tax Lien against AA Adams Construction Co., a partnership, in the office of Alabama's Secretary of State, the IRS failed to perfect its lien in and to the intangible personal property of the Civil Action Proceeds that were awarded in the Civil Action.

WALSTON WELLS ANDERSON & BIRCHALL, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
(205) 244-5200

Mrs. Pamela Johnson
July 27, 2005
Page 2


For this reason, in addition to the reasons set forth in my letter dated May 2, 2005, CB&T, not the IRS, has a prior perfected interest in and to the Civil Action Proceeds.

We respectfully request that the IRS review and consider this additional reason that CB&T's perfected lien takes priority over the claim of the IRS and we look forward to discussing this with you, Mrs. Sanky, and counsel for the IRS upon my return to the office on August 8, 2005.

Thank you.

Yours very truly,

WALSTON WELLS ANDERSON & BIRCHALL, LLP

Anne Stone Sumblin

ABSS/sc
Enclosure
cc:    Lynn W. Jinks, Esq. (by fax)
        Mr. Philip Wilkes (by fax)
        Mr. Frank Garrett (by fax)

## § 35-11-41. Record of notices (For repeal date — See Code commissioner's note).

It shall be the duty of the judge of probate in each county of the state, at the cost and expense of the county, to provide and keep as a public record suitable book or books, in which all such notices shall be recorded. Such notices shall be indexed and recorded under the same provisions of law of the state that relate to the filing and recording of conveyances of land, but no acknowledgment or probate of such notice is or shall be required. (Acts 1923, No. 411, p. 41; Code 1923, § 8876; Code 1940, T. 33, § 10.)

**Code commissioner's note.** — Section 9 of Acts 1989, No. 89-948, which enacted Division 2 of this article, the Alabama Uniform Federal Lien Registration Act, provides: "Sections 35-11-40 and 35-11-41, Code of Alabama 1975, are hereby repealed, except as to filings made thereunder prior to the time this act becomes effective, as to which filings said sections shall remain in effect; and all other laws or parts of laws that conflict with this act are hereby amended or repealed to the extent of such conflict as necessary to permit the full effectiveness of this act."

Thus, §§ 35-11-40 and 35-11-41 are repealed as to filings made after January 1, 1990, under the Alabama Uniform Federal Lien Registration Act, but such sections remain in effect as to filings made thereunder prior to January 1, 1990.

**Cross references.** — For law in effect for filings made after January 1, 1990, see § 35-11-42 et seq.

Cited in Gordon White Constr. Co. v. Southland Inv. Co., 521 F.2d 856 (5th Cir.).

### Division 2.

### Alabama Uniform Federal Lien Registration Act.

**Effective date.** — The act which added this division became effective January 1, 1990.

**Code commissioner's note.** — Section 9 of Acts 1989, No. 89-948, which enacted this Division 2 of Article 3, provides: "Sections 35-11-40 and 35-11-41, Code of Alabama 1975, are hereby repealed, except as to filings made thereunder prior to the time this act becomes effective, as to which filings said sections shall remain in effect; and all other laws or parts of laws that conflict with this act are hereby

amended or repealed to the extent of such conflict as necessary to permit the full effectiveness of this act."

Thus, §§ 35-11-40 and 35-11-41 are repealed as to filings made after January 1, 1990, under this act, but such sections 35-11-40 and 35-11-41 remain in effect as to filings made thereunder prior to January 1, 1990.

**Cross references.** — For law applicable to filings made prior to January 1, 1990, see §§ 35-11-40, 35-11-41.

## § 35-11-42. Short title.

This division may be cited as the "Alabama Uniform Federal Lien Registration Act." (Acts 1989, No. 89-948, p. 1868, § 1.)

490

Case 2:05-cv-00940-MHT-VPM    Document 20-2    Filed 02/14/2006    Page 34 of 46

### § 35-11-43. Scope.

This division applies only to federal tax liens and to other federal liens notices of which under any act of congress or any regulation adopted pursuant thereto are required or permitted to be filed in the same manner as notices of federal tax liens. (Acts 1989, No. 89-948, p. 1868, § 2.)

### § 35-11-44. Place of filing.

(a) Notices of liens, certificates, and other notices affecting federal tax liens or other federal liens must be filed in accordance with this division.

(b) Notices of federal liens upon real property for obligations payable to the United States and certificates and notices affecting the liens shall be filed in the office of the judge of probate of the county in which the real property subject to the liens is situated.

(c) Notices of federal liens upon personal property, whether tangible or intangible, for obligations payable to the United States and certificates and notices affecting the liens shall be filed as follows:

(1) If the person against whose interest the lien applies is a corporation or a partnership whose principal executive office is in this state, as those entities are defined in the internal revenue laws of the United States, in the office of the secretary of state;

(2) If the person against whose interest the lien applies is a trust that is not covered by subdivision (1), in the office of the secretary of state;

(3) If the person against whose interest the lien applies is the estate of a decedent, in the office of the judge of probate of the county in the courts of which the estate is being administered;

(4) In all other cases, in the office of the judge of probate of the county where the person against whose interest the lien applies resides at the time of filing of the notice of lien. (Acts 1989, No. 89-948, p. 1868, § 3.)

### § 35-11-45. Execution of notices and certificates.

Certification of notices of liens, certificates, or other notices affecting federal liens by the secretary of the treasury of the United States or his delegate, or by any official or entity of the United States responsible for filing or certifying of notice of any other lien, entitles them to be filed, and no other attestation, certification, or acknowledgment is necessary. (Acts 1989, No. 89-948, p. 1868, § 4.)

### § 35-11-46. Duties of filing officer.

(a) If a notice of a federal lien, a refiling of a notice of federal lien, or a notice of revocation of any certificate described in subsection (b) is presented for filing, the filing officer shall cause the notice to be marked, held, and indexed in accordance with the provisions of section 7-9-403(4) of the Uniform Commercial Code, as if the notice were a financing statement within the meaning of that Code, and if the filing officer is the judge of probate, the filing

491

officer also shall cause the notice to be cross-indexed in the real estate mortgage records under the name of the person against whose interest the lien applies in the same fashion as if such person were the mortgagor in a mortgage of real estate and also under the name of the person claiming the lien as if such person were the mortgagee thereunder.

(b) If a certificate of release, nonattachment, discharge, or subordination of any lien is presented to the filing officer for filing, the filing officer shall:

(1) Cause a certificate of release or nonattachment to be marked, held and indexed as if the certificate were a termination statement within the meaning of the Uniform Commercial Code, but the notice of lien to which the certificate relates may not be removed from the files; and

(2) Cause a certificate of discharge or subordination to be marked, held and indexed as if the certificate were a release of collateral within the meaning of the Uniform Commercial Code.

(c) When the filing officer is the secretary of state, the secretary of state shall issue a filing officer's certificate upon the request of any person. When the filing officer is the probate judge, the probate judge may issue a filing officer's certificate upon the request of any person. The certificate shall show whether there is on file, on the date and hour stated therein, any notice of lien or certificate or notice affecting any lien filed under this division or section 35-11-40 and 35-11-41, naming a particular person, and, if a notice or certificate is on file, giving the date and hour of filing of each notice or certificate. The fee for a certificate shall be the same as the then applicable uniform fee for obtaining information from the filing officer pursuant to section 7-9-407 of the Uniform Commercial Code. Upon request, the filing officer shall furnish a copy of any notice of federal lien, or notice or certificate affecting a federal lien, for a fee that is the same as the then applicable uniform fee for obtaining copies from the filing officer pursuant to section 7-9-407 of the Uniform Commercial Code. (Acts 1989, No. 89-454, p. 943, § 6; Acts 1990, No. 90-636, p. 1168, § 1.)

The 1990 amendment, effective April 25, 1990, added the language beginning "and if the filing officer is the judge of probate" in subdivision (a).

## § 35-11-47. Fees.

The fee for filing and indexing each notice of lien or certificate or notice affecting the lien is:

(1) For a lien on real estate, the same as the then applicable uniform fee for filing and indexing financing statements pursuant to section 7-9-403 of the Uniform Commercial Code;

(2) For a lien on tangible and intangible personal property, the same as the then applicable uniform fee for filing and indexing financing statements established by section 7-9-403 of the Uniform Commercial Code;

(3) For a certificate of discharge or subordination, the same as the then applicable uniform fee for filing and indexing termination statements pursuant to section 7-9-404 of the Uniform Commercial Code.

492

(4) For all other notices, including a certificate of release or nonattachment, the same as the then applicable uniform fee for filing and indexing termination statements pursuant to section 7-9-404 of the Uniform Commercial Code.

For purposes of this section, any notice or other document filed under the Alabama Uniform Federal Lien Registration Act pursuant to federal law or federal regulation shall be deemed to be in the standard form prescribed by the secretary of state. Only those fees specifically enumerated in sections 7-9-403 and 7-9-404 of the Uniform Commercial Code shall be charged. (Acts 1989, No. 89-948, p. 1868, § 6; Acts 1990, No. 90-636, p. 1168, § 2.)

The 1990 amendment, effective April 25, substituted the present second paragraph subdivision (4) for the former which read: "The officer shall bill the district direc-

tors of internal revenue or other appropriate federal officials on a monthly basis for fees for documents filed by them."

### § 35-11-48. Uniformity of application and construction.

This division shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this division among states enacting it. (Acts 1989, No. 89-948, p. 1868, § 7.)

ARTICLE 4.

LIENS ON WATERCRAFT.

### § 35-11-60. Lien declared.

A lien is hereby declared on any ship, steamboat or other watercraft, whether registered, enrolled or licensed or not, that may be built, repaired, fitted, furnished, supplied or victualed within this state, for work done, or material supplied by any person within this state, in or about the building, repairing, fitting, furnishing, supplying or victualing such ship, steamboat or other watercraft, and for the wages of the masters, laborers, stevedores and innkeepers of such ship, steamboat or other watercraft, in preference to other liens thereon for debts contracted by, or owing from, the owners thereof; and for wharfage and dockage; and such lien may be asserted in any court of competent jurisdiction. (Code 1876, § 3465; Code 1886, § 3054; Code 1896, § 2758; Code 1907, § 4790; Code 1923, § 8870; Code 1940, T. 33, § 12.)

This section is valid in relation to federal maritime laws and jurisdiction only if limited in its application to vessels built, repaired or supplied in their home ports. Lever Transp. Co. v. Ollinger, 205 Ala. 22, 87 So. 597 (1920). And it was deliberately construed to be so limited in Scatcherd Lumber Co. v. Rike, 113 Ala. 555, 21 So. 136 (1897).

And it makes no distinction between repairs or supplies and original construction. The phraseology of the section permits

of no distinction between repairs or supplies and original construction. Lever Transp. Co. v. Ollinger, 205 Ala. 22, 87 So. 597 (1920).

Federal jurisdiction over maritime liens cannot be ousted or rendered concurrent with state jurisdiction. — The exclusive jurisdiction of the federal courts to enforce maritime liens which exist under maritime law as distinguished from contract liens or liens given by state statutes cannot be ousted or rendered concurrent with the jurisdiction of

493



# UCC DEBTOR'S NAME INQUIRY
## Office of the Secretary of State
## State of Alabama

**Click here for info on UCC Revised Article 9 changes**

INITIATE NEW BROWSE

← PREVIOUS PAGE    NEXT PAGE →

---

AA ADAMS CONSTRUCTION CO
79 COUNTY RD 23
CLIO, AL  36017

COMMUNITY BANK & TRUST
BUS 02-0138976 ACT 03/13/02-03/13/07

---

AA ADAMS CONSTRUCTION CO
79 COUNTY ROAD 23
CLIO, AL  36017

COMMUNITY BANK AND TRUST OF SOUTHEAST
BUS 02-0511473 ACT 06/17/02-06/17/07

---

AA ADAMS CONSTRUCTION CO
79 COUNTY RD 23
CLIO, AL  36017

COMMUNITY BANK AND TRUST OF SOUTHEAST
BUS 02-0601383 ACT 07/18/02-07/18/07

---

AA ADAMS CONSTRUCTION CO
79 COUNTY ROAD 23
CLIO, AL  36017

COMMUNITY BANK AND TRUST OF SOUTHEAST
BUS 02-0872250 ACT 10/25/02-10/25/07

---

AA ADAMS CONSTRUCTION CO
79 COUNTY ROAD 23
CLIO, AL  36017

COMMUNITY BANK AND TRUST OF SOUTHEAST
BUS 03-0142579 ACT 02/14/03-02/14/08

---

AA ADAMS CONSTRUCTION CO
79 COUNTY RD 23
CLIO, AL  36017

COMMUNITY BANK AND TRUST OF SOUTHEAST
BUS 03-0271479 ACT 04/02/03-04/02/08

---

AA ADAMS CONSTRUCTION CO
79 COUNTY ROAD 23
CLIO, AL  36017

COMMUNITY BANK & TRUST OF SOUTHEAST AL
BUS 03-0417543 ACT 05/20/03-05/20/08

---

AA ADAMS CONSTRUCTION CO
79 COUNTY ROAD 23
CLIO, AL  36017

COMMUNITY BANK AND TRUST OF SOUTHEAST
BUS 03-0428915 ACT 05/23/03-05/23/08

---

AA ADAMS CONSTRUCTION CO
79 COUNTY ROAD 23
CLIO, AL  36017

COMMUNITY BANK AND TRUST OF SOUTHEAST
BUS 03-0583466 ACT 07/11/03-07/11/08

---

AA ADAMS CONSTRUCTION CO
79 COUNTY ROAD 23
CLIO, AL  36017

COMMUNITY BANK AND TRUST OF SOUTHEAST
BUS 03-0789549 ACT 09/11/03-09/11/08

---

http://arc-sos.state.al.us/CGI/sosucc01.MBR/OUTPUT

7/22/2005

# UCC DEBTOR'S NAME INQUIRY

**Office of the Secretary of State**
**State of Alabama**

Click here for info on UCC Revised Article 9 changes

**INITIATE NEW BROWSE**

**← PREVIOUS PAGE**    **NEXT PAGE →**

---

AA ADAMS CONSTRUCTION CO
79 COUNTY ROAD 23
CLIO, AL  36017

COMMUNITY BANK AND TRUST OF SOUTHEAST
BUS 03-0995578 ACT 11/13/03-11/13/08

---

AA ADAMS CONSTRUCTION CO
79 COUNTY ROAD 23
CLIO, AL  36017

COMMUNITY BANK AND TRUST OF SOUTHEAST
BUS 04-0001601 ACT 12/31/03-12/31/08

---

AA ADAMS CONSTRUCTION CO
79 COUNTY ROAD 23
CLIO, AL  36017

COMMUNITY BANK AND TRUST OF SOUTHEAST
BUS 04-0059670 ACT 01/26/04-01/26/09

---

AA ADAMS CONSTRUCTION CO
79 COUNTY ROAD 23
CLIO, AL  36017

COMMUNITY BANK AND TRUST OF SOUTHEAST
BUS 04-0073409 ACT 01/29/04-01/29/09

---

AA ADAMS CONSTRUCTION CO
79 COUNTY ROAD 23
CLIO, AL  36017

COMMUNITY BANK AND TRUST OF SOUTHEAST
BUS 04-0159577 ACT 03/03/04-03/03/09

---

AA ADAMS CONSTRUCTION CO
79 COUNTY ROAD 23
CLIO, AL  36017

COMMUNITY BANK & TRUST OF SOUTHEAST
BUS 2001-46755 ACT 12/10/01-12/10/06

---

AA-ADAMS CONSTRUCTION
79 COUNTY RD 23
CLIO, AL  36017

JOHN DEERE CONSTRUCTION EQUIPMENT CO
BUS 2001-15757 ACT 05/01/01-05/01/06

---

AA-ADAMS CONSTRUCTION
79 COUNTY RD 23
CLIO, AL  36017

CIT GROUP/EQUIPMENT FINANCING INC
BUS 2001-24818 ACT 06/26/01-06/26/06

---

AAA DISTRIBUTING
4329 W HWY 84
ENTERPRISE, AL  36330

Multiple Secured Parties
BUS 02-0629938 ACT 07/29/02-07/29/07

---

AAA DISTRIBUTING
201 W COLLEGE ST
ENTERPRISE, AL  36330

TROY BANK & TRUST CO
BUS 2001-34781 ACT 09/04/01-09/04/06

---

http://arc-sos.state.al.us/CGI/sosucc01.MBR/OUTPUT                7/22/2005

# FAX COVER SHEET

## INTERNAL REVENUE SERVICE

**OFFICE OF DIVISION COUNSEL**
**(SMALL BUSINESS/SELF-EMPLOYED)**
**801 Tom Martin Drive, Room 257**
**Birmingham, Alabama 35211**
**(205) 912-5480**
**FAX: (205) 912-5479**



| | | | |
|---|---|---|---|
| **Date Sent:** | August 10, 2005 | **Pages Sent:** 3 | (Counting Cover) |
| **Deliver To:** | Anne Stone Sumblin | **FAX Number:** | |
| **Organization:** | | **Phone Number:** | |
| **Sender:** | Thomas A. Friday<br>Senior Attorney (Birmingham) | **FAX Number:** | |
| **Office:** | Small Business/Self-Employed | **Phone Number:** (205) 912-5459 | |
| **Sent by:** | _____ | **Time:** | _____ |

**THIS DOCUMENT IS INTENDED ONLY FOR THE NAMED ADDRESSEE.**

This communication is intended for the sole use of the individual to whom it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient or the employee or agent for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the communication to the address above via the United States Postal Service. Thank you.

**COMMENTS:** It appears we did file at the Secretary of State's office on January 12, 2004. See enclosed.

I called to encourage Mr. Jinks to pay over the funds given his protection under I.R.C. Section 6332(e) but he has not retuned my call.

AF



# UCC DETAILS

## Office of the Secretary of State
## State of Alabama

```
----Filing Type----   --File Dt & Tm--  Pge   --Exp Dt--   --Status--   --File #--
IRS Tax Lien          01/12/2004 17:00  001   01/12/2016   Active       04-0049290
```

```
* Finance Statement: 01/12/2004 17:00  001
    Debtor(s)...........................   ...................................
    AA-ADAMS CONSTRUCTION A PARTNERSHIP
      79 COUNTY RD 23                      CLIO, AL  36017-3815
    Secured...........................     ...................................
      INTERNAL REVENUE SERVICE
      600 S MAESTRI PL STOP 31             NEW ORLEANS, LA  70130
```

**← PREVIOUS PAGE**



© 2005, Office of the Secretary of State, State of Alabama

http://arc-sos.state.al.us/CGI/SOSUCC10.MBR/OUTPUT

8/10/2005

3193                                              COURT RECORDING DATA

```
-----------------------------------------+------------------------------------------
        INTERNAL REVENUE SERVICE         | Lien Recorded     : 01/12/2004 - 17:00PM
  FACSIMILE FEDERAL TAX LIEN DOCUMENT     | Recording Number: 040121
                                         | UCC Number       : I 04-0049290
                                         | Liber            :
                                         | Page             :
-----------------------------------------+------------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #8    | IRS Serial Number: 148633503
Lien Unit Phone: (800) 913-6050          |
-------------------------------------------------------------------------------------
```

                      This Lien Has Been Filed in Accordance with
                         Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer :
  AA-ADAMS CONSTRUCTION, a Partnership

Residence :
  79 COUNTY RD 23
  CLIO, AL 36017-3815

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|------|------------|---------------|--------------|---------------------|--------------------|
| 940 | 12/31/1996 | | 05/05/2003 | 06/04/2013 | 2971.21 |
| 940 | 12/31/1999 | | 05/05/2003 | 06/04/2013 | 2528.08 |
| 940 | 12/31/2001 | | 05/05/2003 | 06/04/2013 | 754.66 |
| 940 | 12/31/2002 | | 05/05/2003 | 06/04/2013 | 1807.03 |
| 941 | 12/31/1999 | | 05/05/2003 | 06/04/2013 | 2491.33 |
| 941 | 12/31/2000 | | 04/07/2003 | 05/07/2013 | 2211.11 |
| 941 | 12/31/2001 | | 04/07/2003 | 05/07/2013 | 3044.63 |
| 941 | 03/31/2002 | | 04/07/2003 | 05/07/2013 | 2130.79 |
| 941 | 06/30/2002 | | 04/07/2003 | 05/07/2013 | 2612.53 |
| 941 | 09/30/2002 | | 04/07/2003 | 05/07/2013 | 1977.07 |
| 941 | 12/31/2002 | | 04/07/2003 | 05/07/2013 | 3294.53 |
| 941 | 03/31/2003 | | 10/20/2003 | 11/19/2013 | 1188.08 |
| 941 | 06/30/2003 | | 10/13/2003 | 11/12/2013 | 5536.25 |

```
-------------------------------------------------------------------------------------
Filed at:    STATE OF ALABAMA
             SECRETARY OF STATE                   Total   | $     32547.30
             MONTGOMERY, AL 36103-5616                    |
-------------------------------------------------------------------------------------
This notice was prepared and executed at NASHVILLE, TN
on this, the 17th day of December, 2003.
-------------------------------------------------------------------------------------
Authorizing Official:                    | Title:
  L. F. SANKEY                           | REVENUE OFFICER           28-02-2738
-------------------------------------------------------------------------------------
```

## INFORMATION REQUEST

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

| A. NAME & PHONE OF CONTACT [optional] | FILING OFFICE ACCT # |
|---|---|
| DEDE HARBIN 334-263-0054 05-33̅3̅6̅ | |

B. RETURN TO:  (Name and Address)

```
ANNE SUMBLIN
WALSTON WELLS
P.O. BOX 345
KINSTON, AL 36453

DEDE WILL PAY
```

UCC Search
232-720
Date 12/06/2005
Time 13:38
Name      $ .00
Copy      $3.00
Cert      $ .00
Form      $ .00
Expd      $ .00
Total     $3.00
01/056

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR NAME to be searched - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| AA ADAMS CONSTRUCTION (A PARTNERSHIP) | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

2. INFORMATION OPTIONS relating to UCC filings and other notices on file in the filing office that include as a Debtor name the name identified in item 1:

2a. SEARCH RESPONSE ☐ CERTIFIED (Optional)

Select one of the following two options: ☐ ALL (Check this box to request a response that is complete, including filings that have lapsed.) ☐ UNLAPSED

2b. COPY REQUEST ☐ CERTIFIED (Optional)

Select one of the following two options: ☐ ALL ☐ UNLAPSED

2c. SPECIFIED COPIES ONLY ☐ CERTIFIED (Optional)

| Record Number | Date Record Filed (if required) | Type of Record and Additional Identifying Information (if required) |
|---|---|---|
| 04-0506384 | | |
| 04-0894994 | | |
| 04-0049290 | | |
| | | |
| | | |
| | | |
| | | |

3. ADDITIONAL SERVICES:

4. DELIVERY INSTRUCTIONS (request will be completed and mailed to the address shown in item B unless otherwise instructed here):

4a. ☐ Pick Up

4b. ☐ Other

Specify desired method here (if available from this office); provide delivery information (e.g., delivery service's name, addressee's account # with delivery service, addressee's phone #, etc.)

FILING OFFICE COPY (1) — NATIONAL INFORMATION REQUEST (FORM UCC11) (REV. 05/09/01)

Form 668 (Y)(c)
(Rev. October 2000)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #8<br>Lien Unit Phone: (615) 250-5934 | Serial Number<br><br>148633503 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Alabama
Sec. Of State
I 04-0049290 FS
Date 1/12/2004
Time 17:00
040121    1 Pg
File        $28.00
ExPg        $.00
Ackn        $5.00
Form
Total        $25.00
06/042

Name of Taxpayer AA-ADAMS CONSTRUCTION , a Partnership

Residence        79 COUNTY RD 23
CLIO, AL 36017-3815

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

*I 04-0049290 FS*

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 940 | 12/31/1996 | | 05/05/2003 | 06/04/2013 | 2971.21 |
| 940 | 12/31/1999 | | 05/05/2003 | 06/04/2013 | 2528.08 |
| 940 | 12/31/2001 | | 05/05/2003 | 06/04/2013 | 754.66 |
| 940 | 12/31/2002 | | 05/05/2003 | 06/04/2013 | 1807.03 |
| 941 | 12/31/1999 | | 05/05/2003 | 06/04/2013 | 2491.33 |
| 941 | 12/31/2000 | | 04/07/2003 | 05/07/2013 | 2211.11 |
| 941 | 12/31/2001 | | 04/07/2003 | 05/07/2013 | 3044.63 |
| 941 | 03/31/2002 | | 04/07/2003 | 05/07/2013 | 2130.79 |
| 941 | 06/30/2002 | | 04/07/2003 | 05/07/2013 | 2612.53 |
| 941 | 09/30/2002 | | 04/07/2003 | 05/07/2013 | 1977.07 |
| 941 | 12/31/2002 | | 04/07/2003 | 05/07/2013 | 3294.53 |
| 941 | 03/31/2003 | | 10/20/2003 | 11/19/2013 | 1188.08 |
| 941 | 06/30/2003 | | 10/13/2003 | 11/12/2013 | 5536.25 |

| Place of Filing<br><br>STATE OF ALABAMA<br>SECRETARY OF STATE<br>MONTGOMERY, AL 36103-5616 | Total | $ | 32547.30 |
|---|---|---|---|

This notice was prepared and signed at _____ NASHVILLE, TN _____, on this,

the ___17th___ day of ___December___, 2003.

Signature        *Pat S. Grone*        Title

for L. F. SANKEY        REVENUE OFFICER        28-02-2738
                        (334) 290-4011 x4800

**(NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 10-00)
CAT. NO 60025X

Place of Filing

| | | |
|---|---|---|
| STATE OF ALABAMA<br>SECRETARY OF STATE<br>MONTGOMERY, AL 36103-5616 | Total | $    12825.83 |

This notice was prepared and signed at          NASHVILLE, TN                                    , on this,

the _____11th_____ day of __June__    __2004__.

Signature

for L. F. SANKEY   *Pat S. Grone*

Title
REVENUE OFFICER
(334) 290-4011 x4800          28-02-2738

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60026X

0044

# INFORMATION REQUEST
FOLLOW  INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT [optional]
DEDE HARBIN 334-263-0054 05-333 6

FILING OFFICE ACCT #

B. RETURN TO: (Name and Address)

ANNE SUMBLIN
WALSTON WELLS
P.O. BOX 345
KINSTON, AL 36453

DEDE WILL PAY    LISTING ONLY

UCC Search
232-719
Date 12/06/2005
Time  13:36

Name    $20.00
Copy    $.00
Cert    $.00
Form    $.00
Expd    $.00
--------
Total   $20.00
01/055

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR NAME to be searched - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| ADAMS    CLIO, AL | BEN | (T) | |

2. INFORMATION OPTIONS relating to UCC filings and other notices on file in the filing office that include as a Debtor name the name identified in item 1:

2a. SEARCH RESPONSE  ☐ CERTIFIED (Optional)
Select one of the following two options:  ☐ ALL (Check this box to request a response that is complete, including filings that have lapsed.)  ☑ UNLAPSED

2b. COPY REQUEST  ☐ CERTIFIED (Optional)
Select one of the following two options:  ☐ ALL    ☐ UNLAPSED

2c. SPECIFIED COPIES ONLY  ☐ CERTIFIED (Optional)

| Record Number | Date Record Filed (if required) | Type of Record and Additional Identifying Information (if required) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

3. ADDITIONAL SERVICES:

4. DELIVERY INSTRUCTIONS (request will be completed and mailed to the address shown in item B unless otherwise instructed here):
4a. ☐ Pick Up
4b. ☐ Other
Specify desired method here (if available from this office); provide delivery information (e.g., delivery service's name, addressee's account # with delivery service, addressee's phone #, etc.)

FILING OFFICE COPY (1) — NATIONAL INFORMATION REQUEST (FORM UCC11) (REV. 05/09/01)

AA ADAMS CONSTRUCTION CO
    79 COUNTY ROAD 23                        CLIO, AL  36017
  Secured........
    COMMUNITY BANK AND TRUST OF SOUTHEAST AL
    901 N BOLLWEEVIL CIRCLE               ENTERPRISE, AL  36330

* Finance Statement: 01/29/2004 15:09  001
  Debtor(s)........................
    AA ADAMS CONSTRUCTION CO
    79 COUNTY ROAD 23                     CLIO, AL  36017