IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JINKS, DANIEL & CROW, P.C.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **COMMUNITY BANK AND TRUST OF** ) | CIVIL ACTION NO. |
| **SOUTHEAST ALABAMA, UNITED** ) | 2:05cv940-T |
| **STATES DEPARTMENT OF** ) | |
| **TREASURY, INTERNAL REVENUE** ) | |
| **SERVICE,** ) | |
| ) | |
| **Defendants.** ) | |

**REPLY OF COMMUNITY BANK AND TRUST OF SOUTHEAST ALABAMA
TO MOTION FOR SUMMARY JUDGMENT OF INTERNAL REVENUE SERVICE**

Community Bank and Trust of Southeast Alabama ("CB&T") submits the following reply to the Motion for Summary Judgment filed by the Internal Revenue Service with Incorporated Memorandum of Law (the "IRS MSJ"):

**I.  Subject Funds Not Property of Partnership**

The IRS incorrectly concludes that the partnership is the owner of the proceeds of the Civil Action (identified by the IRS as the Subject Funds). The primary basis for the erroneous conclusion of the IRS is the fact that the style of the Civil Action includes the name "AA-Adams Construction" after the name Ben Adams. IRS MSJ, pp. 7 to 8. If the Civil Action was, in fact, a claim of the partnership brought on behalf of the partnership, then the partnership, not Ben Adams, would be the named plaintiff. *See* § 10-8A-201, *Code of Alabama* (1999 Repl. Vol.)(a partnership is an entity distinct from its partners).

More importantly, to reach its erroneous conclusion based upon the names included in the style of the Civil Action, the IRS ignores the fact that the Civil Action Cover Sheet for the Civil Action unequivocally provides that the plaintiff in the Civil Action is an "individual," not a "business." *See* Exhibit J to CB&T's MSJ. Furthermore, the IRS ignores the undisputed fact that the Order in the Civil Action unequivocally awards the judgment amount to Ben Adams, not to a partnership. *See* Exhibit K to CB&T's MSJ. Finally, the IRS ignores the representations of Ben Adams and of this partnership that were made to CB&T in the Correction Amendment to Note and Security Agreement. *See* Exhibit D-3, CB&T's MSJ. Specifically, the parties agreed that Ben Adams was the plaintiff in the Civil Action, and that he was granting to CB&T a security interest in the Civil Action and its proceeds. *Id.* at Recitals and paragraph 1 of p. 2.

The IRS also claims that its position as to the ownership of the Subject Funds is supported by the fact that AA-Adams Construction was "listed" on some "list" of account balances owed by Charter Construction, the defendant in the Civil Action. IRS MSJ, p. 8. Yet, the IRS fails to identify any document that contains this alleged fact, and, even if it did provide the document, such a listing is not dispositive of who is the owner of the Subject Funds. *Id.*

Finally, the IRS argues erroneously that, because the claims in the Civil Action were "contract" and "commercial tort" claims, then it was not a personal action by Ben Adams. *Id.* This argument completely ignores the fact that an individual can engage in a business, and, thus, can have and can assert contract and commercial tort claims.

For these reasons, the conclusion of the IRS that the partnership is the owner of the Civil Action Proceeds or the Subject Fund is erroneous. The undisputed evidence before this Court is that Ben Adams filed the Civil Action and Ben Adams was awarded the judgment amount.

## II. The Notices of Tax Liens are Ineffective against Asset of Ben Adams.

The Notice of Tax Liens filed by the IRS before CB&T perfected its lien against the Civil Action Proceeds of Ben Adams are ineffective against assets of Ben Adams because the IRS only listed the name of, and only asserted a lien against assets of, AA-Adams Construction Co., the partnership. The IRS mistakenly relies on the authority of *Underwood v. United States*, 118 F.2d 760 (5th Cir. 1941), to assert that the Notices of Federal Tax Liens that named only AA-Adams Construction are effective to create a lien against assets of Ben Adams. IRS MSJ, p. 9.

The *Underwood* case is distinguishable easily, because, in *Underwood*, the IRS filed the "notices of tax liens . . . against [Brown] McCallum, [J. S.] Presnall and [Jack] Buckley doing business as Hanover Refining Co." 118 F.2d at 761. Clearly, in *Underwood*, the IRS correctly listed all of the partners and the partnership on the recorded tax lien. *Id.* Because the tax lien was "recorded against the individual partners as well as the company," the Fifth Circuit easily and correctly found that the tax lien was effective against the assets of the individual partners as well as the partnership. *Id.* Here, however, it is undisputed that the IRS failed to list Ben Adams on the First NFTLs that preceded the perfection of CB&T's lien against Ben Adam's assets. *See* Exhibit E and Exhibit H to CB&T's MSJ. For obvious reasons, *Underwood* is distinguishable and does not require a finding here that the First NFTLs were effective against assets of Ben Adams.

Likewise, the other cases relied upon by the IRS to assert that its tax lien arising from the First NFTLs are effective against the Civil Action Proceeds of Ben Adams are distinguishable. In *Adams v. United States*, 328 F.Supp. 228 (NE 1971), the tax lien in the name of "Ralph's Body Shop" was held correctly to be effective against a bank account bearing the name "Ralph's Body Shop." In *Tony Thornton Auction Services, Inc. v. United States*, 791 F.2d 635 (8th Cir.

3

1986), a tax lien against "Joe Davis" and his partnership, "Davis Restaurant," was deemed to be effective against proceeds of the sale of the equipment from a restaurant operated as the "Davis Family Restaurant." Both of these cases are distinguishable factually from this case, because it is undisputed that the First NFTLs recorded by the IRS only listed the partnership and no individual, and the language of the IRS form makes it clear that the IRS only asserts a lien against assets of the named partnership. *See* Exhibits E and H to CB&T's MSJ.

Finally, the IRS's argument that its First NFTLs are effective because they provided "constructive notice" of the lien of the IRS is without merit. IRS MSJ, p. 12. The IRS claims that this constructive notice of its alleged lien against assets of "Ben Adams" would arise by virtue of its recorded tax notices against "AA-Adams Construction." However, the IRS's assertion here ignores two significant facts. First, an alphabetical search of the probate records or the Secretary of State records for "Adams" would not reveal "AA-Adams Construction." Second, even if the search for items recorded against "Adams, Ben" would reveal the First NFTLs filed by the IRS against "AA-Adams Construction," the language of the IRS form unequivocally states that it only asserts a lien against the "named" "taxpayer," and the only named taxpayer is "AA-Adams Construction." As a result, one searching the records would not be put on notice that the IRS was also claiming a lien against assets of any un-named person.

For the reasons set forth above, the First NFTLs were not effective as liens against the assets of Ben Adams so that CB&T has the prior perfected security interest in and to the Civil Action Proceeds of Ben Adams.

                Respectfully submitted,

                s/ Anne Stone Sumblin
                Anne Stone Sumblin (98-8358)
                Attorney for CB&T

OF COUNSEL:

WALSTON WELLS & BIRCHALL, LLP
PO Box 345
Kinston, AL 35643
Telephone: (334) 565-3380
Fax: (334) 565-3076
*asumblin@oppcatv.com*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 16, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Janie S. Gilliland
      PO Box 241345
      Montgomery, AL  36124-1345
      Email: *janiegilliland@knology.net*

      James T. Lyons
      Trial Attorney, Tax Division
      U. S. Department of Justice
      PO Box 14198
      Washington, DC  20044
      Email:  *james.t.lyons@usdoj.gov*

                      s/ Anne Stone Sumblin
                      Of Counsel