**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **JINKS, DANIEL & CROW, P.C.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:05CV940-T** |
| | ) | |
| **COMMUNITY BANK AND** | ) | |
| **TRUST OF SOUTHEAST** | ) | |
| **ALABAMA, and INTERNAL** | ) | |
| **REVENUE SERVICE** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPLY BY THE IRS TO CB&T'S MOTION FOR SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT OF THE
IRS' MOTION FOR SUMMARY JUDGMENT**

The Internal Revenue Service ("IRS") submits the following Reply by the

IRS to Community Bank and Trust's ("CB&T") Motion for Summary Judgment

and Memorandum in Support of the IRS's Motion for Summary Judgment.  To the

extent not explicitly included herein, the IRS incorporates its Motion for Summary

Judgment by the Internal Service with Incorporated Memorandum of Law filed

February 14, 2006.  CB&T's motion for summary judgment and memorandum of

law in support thereof contains two main arguments. First, CB&T argues that the

Subject Funds are an asset of Ben T. Adams and not AA-Adams Construction

Company. Second, CB&T argues that the IRS's notices of federal tax lien filed

January 12, 2004 and January 22, 2004 do not protect the IRS' right of priority in

Ben T. Adams's property against CB&T's security interest. The IRS now

addresses these two arguments.

1.    **The Subject Funds are the Property of the Partnership.**

The Order filed February 23, 2004 in the underlying case that generated the

Subject Funds states that AA-Adams Construction Company was listed as a

supplier to a subcontractor named Sutton Construction Company on that

subcontractor's supplier/subcontractor's list. AA-Adams Construction

Company's account balance on a construction job was $98,915.04, and it received

a partial payment in the amount of $4,500, reducing the balance to $94,415.04.

[Exhibit B (fax from Barbour County, Alabama Circuit Court Clerk) p. 17-18]. A

judgment was rendered by the trial court in favor of "Ben Adams, d/b/a AA-

Adams Construction Company and against Charter Construction Management Co.,

Inc." in this same amount of $94,415.04. [Exhibit B, p. 19].

AA-Adams Construction is listed as the "Supplier" on this Sutton Construction Company "Supplier/Subcontractor's List" with a balance of $94,415.04, and Ben Adams is only listed as a contact. [Exhibit C, (Plaintiff's Exhibits 1, 4, 5, 8, 9 & 10 from <u>Ben T. Adams d/b/a AA-Adams Construction Company vs. Charter Construction Management Co., Inc.</u>) p. 13]. AA-Adams Construction is also listed as the "Supplier" on three other Sutton Construction Company "Supplier/Subcontractor's Lists". [Exhibit C, pp. 8-10].

In a letter to Charter Construction on AA-Adams Construction letterhead signed by Ben T. Adams, Managing General Partner, Ben Adams writes ". . . for the balance of $94,415.04 that was due **us** from this project." [Exhibit C, p. 2] (*emphasis added*). The check for $4,500 from CB&T representing partial payment to AA-Adams Construction Company was made out to AA-Adams, with no mention of Ben Adams. [Exhibit C, p. 11]. A Waiver and Subordination of Lien that was executed to receive the $4,500 check listed AA-Adams Construction as the "Supplier" and was signed by Ben T. Adams, Managing General Partner. [Exhibit C, p. 12].

This lawsuit that generated the Subject Funds was styled <u>Ben T. Adams d/b/a AA-Adams Construction Company vs. Charter Construction Management</u>

<u>Co., Inc.; the Charter Companies, Carl Sutton, Sutton Construction Services, et al.</u>
The name of the partnership, AA-Adams Construction Company, actually appears
in the caption and the judgment, demonstrating that this is not a personal law suit
by Ben T. Adams, but instead is a business suit by AA-Adams Construction
Company against, among others, other construction businesses.

CB&T claims that the "Order in the Civil Action mandates that Ben Adams
recover the judgment amount."  Presumably, CB&T is relying on the fact that the
court states that "it is the judgment and order of this Court that Adams is entitled
to recover . . . ." [Exhibit B, p. 19].  This is misleading, however, because on page
one of this Order,  "Adams" is a defined term that stands for "Ben T. Adams d/b/a
AA-Adams Construction Company". [Exhibit B, p. 16].

CB&T claims on page three in their memorandum in support of the motion
for summary judgment that "The complaint in the Civil Action makes no reference
to the partnership."  However, this is not correct.  The very first paragraph of that
complaint states that "Ben T. Adams does business as AA-Adams Construction."
[Exhibit B, p. 2].

CB&T points out that Ben Adams checked the box on the civil action cover
sheet that says the suit is being brought by an individual.  CB&T also points out

that CB&T and Ben Adams entered into a Correction Amendment to Security Agreement whereby they agreed that the proceeds from the Civil Action were Ben Adams's property and not the property of the partnership. [Exhibit A (CB&T's Initial Disclosures), pp. 17-21]. This self-serving agreement was made after the IRS filed the notice of federal tax lien at issue in this case and should be given no weight.

Aside from these two self-serving statements, including the one made on the civil action cover sheet, there is little or no evidence to support the assertion that the proceeds from the lawsuit belong to Ben T. Adams and not to AA-Adams Construction Company. By contrast, the IRS has provided a substantial amount of proof above in support of the fact that the proceeds from the lawsuit belong to AA-Adams Construction Company and not Ben T. Adams.

CB&T does not dispute that the IRS tax lien was filed in January 2004 against AA-Adams Construction Company, a Partnership. Therefore, because the Subject Funds were generated by a law suit for a debt owed to the partnership and not to Ben T. Adams individually, they are assets of the partnership and are subject to the IRS tax lien. It is also undisputed that the IRS tax lien was filed in January 2004 before CB&T perfected its security interest on March 3, 2004.

- 5 -

Therefore, the IRS tax lien has priority over CB&T's lien because the filing of the IRS tax lien in January 2004 protects its right of priority versus CB&T, a holder of a security interest perfected on March 3, 2004, after the filing of the IRS tax lien. I.R.C. § 6323.

>    2.    The Notices of Federal Tax Lien Protected the IRS' Right of Priority
>           in Ben T. Adams's Property against CB&T's Security Interest

CB&T claims that because the Notices of Federal Tax Lien dated January 12, 2004 and January 22, 2004 did not specifically name Ben T. Adams, CB&T's security interest perfected March 3, 2004 has priority over the IRS federal tax lien against Ben T. Adams. CB&T claims that the IRS did not protect its right to priority against CB&T's security interest because the IRS did not file the Notices of Federal Tax Lien against Ben T. Adams, but that it only filed the Notices of Federal Tax Lien against the partnership. See I.R.C. 6323. However, the Notices of Federal Tax Lien constitute notice with respect to the partnership **and Ben T. Adams** under applicable law.

In <u>Underwood v. United States</u>, 118 F.2d 760, 761 (5th Cir. 1941),[1]
Underwood contended that a federal tax lien resulting from taxes owed by a
partnership attached only to the property of the partnership, and not the property
individually owned by the partners.  The court rejected that contention, stating:
"The partners were liable individually for any debts contracted in the name of the
company and for any taxes validly assessed against it."  <u>Id.</u> at 761.  In <u>Adams v.
United States</u>, 328 F.Supp. 228, 232 (D. Neb. 1971) (<u>citing</u> <u>Underwood</u>), the court
held that a lien filed against the property of a partnership is also a lien on the
personal property of an individual partner, and that the United States properly
levied on the individual partner's property.  The court also stated that "the demand
made by the United States on the taxpayers Ralph's Body Shop was demand upon
all partners of that business and that a lien arose on the personal property of
plaintiff when the deficiency was assessed."  <u>Id.</u> at 232.

In <u>Richter's Loan Company v. United States</u>, 235 F.2d 753 (5th Cir. 1956),
the court held that a notice of federal tax lien that misspelled the taxpayer's name
constituted constructive notice to establish the federal tax lien's priority.  In

---

[1]This Fifth Circuit decision is precedent for the 11th Circuit, because it was handed down
prior to close of business on September 30, 1981.  <u>Bonner v. City of Prichard</u>, 661 F.2d 1206
(11th Cir. 1981).

American Surety v. Sundberg, 58 Wash.2d 337, 343 (1961) (footnote omitted), the court stated:  "A demand on the partnership is a demand upon all of the partners and is a sufficient compliance with the terms of both § 6321 and § 6303 of the Internal Revenue Code of 1954, for the purpose of making the taxes assessed a lien on the property of the individual partners."

In a case involving I.R.C. § 6323 that is similar to the instant case, the filing of notices of federal tax liens on Form 668 (as in this case) naming the partnership and one partner was sufficient to establish the priority of the federal tax liens against a judgment lien creditor with respect to property of the unnamed partner. Tony Thornton v. United States, 791 F.2d 635, 638 (8th Cir. 1986).  The fact that the same Form 668 was used in Thornton as in this case and that constructive notice was imputed to an unnamed partner in Thornton rebuts CB&T's argument that the language of the form causes the notice of federal tax lien to be defective with respect to Ben T. Adams.

The Fourth Circuit, in another I.R.C. § 6323 case, held "that the constructive notice approach is appropriate in determining whether a tax lien is perfected and therefore unavoidable in bankruptcy."  Hudgins v. United States, 967 F.2d 973, 977 (4th Cir. 1992).  The court held that filing the notice of federal

- 8 -

tax lien naming only the individual's corporation gave purchasers of the individual's business assets constructive notice that the assets were encumbered. However, the court also held that this filing did not give constructive notice with respect to the individual's nonbusiness assets, because the individual was shielded from liability for the corporation's debts under general corporate law. The result in Hudgins regarding nonbusiness assets would be different under the facts of the instant case, because Ben T. Adams is liable for the partnership's debts as a general partner. Therefore, CB&T mistakenly relies on Hudgins.

Another case involving a bankruptcy proceeding, citing Hudgins, reached the conclusion that notice of a federal tax lien with respect to an individual's corporation did not provide notice of that federal tax lien with respect to the individual. In re Sutton, 302 B.R. 568 (Bankr. N.D. Ohio). However, under the rationale of Hudgins, if the entity involved in In re Sutton were a partnership instead of a corporation, constructive notice would be implied. The Hudgins court summarized the caselaw in this area by stating that "the majority of courts in tax cases not involving bankruptcy proceedings have followed the constructive notice approach." 967 F.2d at 976.

The IRS is aware that contrary authority exists in two bankruptcy cases. <u>In re Robby's Pancake House</u>, 24 B.R. 989 (Bankr. E.D. Tenn. 1982); <u>In re Focht</u>, 243 B.R. 263 (W.D. Penn. 1999). However, because these cases are not within the Eleventh Circuit and involved bankruptcy proceedings, the IRS believes that the majority of the caselaw, including the precedent of the Eleventh Circuit and cases outside the bankruptcy context, should control this case.

There is no injustice done by determining that CB&T had constructive notice of the tax lien on this property as a result of the filing of the Notice of Federal Lien naming AA-Adams Construction Company, a Partnership, because AA-Adams Construction Company generated the Subject Funds, AA-Adams Construction Company generated the tax liability at issue, and CB&T is trying to collect a business debt.

### III. <u>Conclusion</u>

The IRS should be awarded the Subject Funds at issue in this action in the amount of $32,547.30, plus interest and penalties, for two independently sufficient reasons. First, the Subject Funds are the property of the partnership, and CB&T does not dispute that the IRS' federal tax lien takes priority over CB&T's security interest with respect to the partnership's property.

- 10 -

Second, the IRS holds a priority interest over CB&T with respect to Ben T.

Adams' property because the Notices of Federal Tax Lien provided notice as to

Ben T. Adams under applicable law.

For the foregoing reasons, the Internal Revenue Service respectfully

requests that CB&T's motion for summary judgment be denied.

Respectfully Submitted,

LEURA G. CANARY
United States Attorney

/s/ James T. Lyons
JAMES T. LYONS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-5880
Facsimile:  (202) 514-9868
New York Bar No. 3933868
james.t.lyons@usdoj.gov

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing has been made by filing the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to Ms. Janie Gilliland, Plaintiff's counsel, and Ms. Anne Stone Sumblin, Defendant CB&T's counsel, this 6th day of March, 2006.


James T. Lyons
JAMES T. LYONS