

# DAVID S. NIX
## CIRCUIT & DISTRICT COURT CLERK
BARBOUR COUNTY
P.O. BOX 219
CLAYTON, ALABAMA 36016

Telephones Clayton Office
(334) 775-8366
(334) 775-8700

Telephones Eufaula
Circuit (334) 687-1513
District (334) 687-1516
Small Claims (334) 687-1514
Traffic (334) 687-1515

DATE _02-13-06_

FAX MESSAGE SENT TO: _Atty Lyons_

FAX MESSAGE SENT FROM: _Lisa_

COPIES INCLUDING COVER SHEET: _18_

REMARKS: _____

*10C*

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## CLAYTON DIVISION

| | |
|---|---|
| BEN T. ADAMS, d/b/a AA–ADAMS CONSTRUCTION COMPANY | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) ) |
| CHARTER CONSTRUCTION MANAGEMENT CO., INC.; THE CHARTER COMPANIES, CARL SUTTON, SUTTON CONSTRUCTION SERVICES AND A, B, C, D, E, F AND G, said fictitious parties being those persons or entities who or which are the successors in interest to any of the named Defendants and/or who were the owners or principals of the construction projects which are the subject of this lawsuit, the names of said fictitious parties being unknown to the Plaintiff at this time but which will be substituted by Amendment when ascertained, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

CV-03-_02__

FEB 4 2003

## COMPLAINT

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Ben T. Adams is an adult resident citizen of Barbour County, Alabama whose address is 83 County Road 23, Clio, Alabama 36017. Ben T. Adams does business as AA-Adams Construction.

2.      Defendant Charter Construction Management Company, Inc., on information and belief, is an Alabama corporation whose principal place of business is located at 730 North Dean Road, Suite 200, Auburn, Alabama 36830. The Charter Companies, on information and belief, is a parent or subsidiary of Charter Construction, whose address is also 730 North Dean Road, Suite 200, Auburn, Alabama 36830.

*//c*

3.      Defendant Carl Sutton is an adult resident citizen of Barbour County, Alabama, whose address is P. O. Box 397, Ariton, Alabama 36311.  At all pertinent times Carl Sutton was acting as an agent for the other Defendants, within the course and scope of his agency.

4.      Defendant Sutton Construction and Drywall Services, Inc. is an Alabama corporation, whose address is P. O. Box 397, Ariton, Alabama 36311.

5.      Fictitious Defendants A, B, C, D, E, F and G are those persons or entities who or which are the successors in interest to any of the named Defendants and/or who were the owners or principals of the construction projects which are the subject of this lawsuit, the names of said fictitious parties being unknown to the Plaintiff at this time but which will be substituted by Amendment when ascertained.

6.      The contractual agreements which form the basis of this dispute were made in Barbour County, Alabama.

7.      The statements and representations which were made to the Plaintiff and which, in part, form the basis for this action, were made to the Plaintiff in Barbour County, Alabama.

8.      Certain of Plaintiff's factual assertions and claims may be made in the alternative as permitted by the Alabama Rules of Civil Procedure.

## FACTS

9.      In approximately May of 2000, the Plaintiff was contacted by the Defendant, , Carl Sutton, acting on behalf of and as an agent for the other Defendants (hereafter the Sutton Defendants will be referred to as "Sutton" and the Charter Defendants will be referred to as "Charter").  Sutton contracted with and promised the

/2C

Plaintiff that if he would furnish construction materials to certain job sites owned and/or managed by Charter, that the Plaintiff would be promptly paid. Sutton told the Plaintiff that payment for the materials furnished by him would be made directly from Charter.

10.     Thereafter, Plaintiff did furnish to Charter's job sites in excess of $130,000.00 worth of materials.

11.     Charter accepted the materials and goods furnished by the Plaintiff and was aware that the materials were being sold to them by the Plaintiff and that the Plaintiff expected payment from Charter.

12.     Charter did make payment to the Plaintiff on several occasions for these materials, however, an unpaid balance remains of approximately $94,915.00.

13.     Over the course of the last several months the Plaintiff has requested payment of the unpaid balance but both Charter and Sutton have refused.

14.     As a direct and proximate result of the wrongful conduct of the Defendants, the Plaintiff has been injured and damaged. Specifically, the Plaintiff has lost approximately $94,915.00 for goods that it has delivered to Charter's job sites. In addition, the Plaintiff has been caused to suffer worry, anxiety, frustration, and mental anguish as a result of losing a large sum of money. Plaintiff has been forced to the brink of bankruptcy by these losses.

## COUNT I

## GOODS SOLD AND DELIVERED

15.     Plaintiff re-alleges paragraphs 1-14 of his Complaint as if set out here in full.

)                                        )

*13C*

16.     The Charter Defendants owe the Plaintiff approximately $94,915.00, together with interest, for goods sold and delivered by the Plaintiff to the Defendant between approximately October, 2000 and July, 2001.

## COUNT II

## BREACH OF CONTRACT

17.     Plaintiff re-alleges Paragraphs 1-16 of this Complaint as if set out here in full.

18.     The Defendants Sutton and Charter both expressly or impliedly contracted with the Plaintiff that he would be paid for goods sold and delivered to Charter's job sites.

19.     Plaintiff has advanced significant sums for expenses on behalf of Defendants.

20.     These Defendants have breached that contract by failing to pay to the Plaintiff all monies due and owing to him under the terms of this contract.

## COUNT III

## MISREPRESENTATION

21.     Plaintiff re-alleges Paragraphs 1-20 of his Complaint as if set out here in full.

22.     Sometime in the late spring or summer of 2001, Defendant Sutton, acting as an agent for Defendant Charter, represented to Adams that, if Adams would supply construction materials to Charter's job sites, he would be paid for such construction materials directly by Charter.

23.     At the time these representations were made, Defendants Sutton and Charter knew or should have known that they were false.

)                                    )

*14C*

24.     These misrepresentations were made innocently, negligently, wantonly, and/or intentionally.

25.     In reliance on these representations, Plaintiff did furnish construction materials to Charter's job sites.

26.     As a direct and proximate result of the misrepresentations made to him, the Plaintiff has been injured and damaged as alleged above.

27.     Plaintiff claims punitive damages in this count.

## COUNT IV

## NEGLIGENCE AND/OR WANTONNESS

28.     Plaintiff re-alleges Paragraphs 1-27 of this Complaint as if set out here in full.

29.     Charter and Sutton both undertook a duty to devise a system whereby suppliers of construction materials, such as the Plaintiff, would be paid directly and fully for the materials supplied by them to Charter's job sites.

30.     Charter and Sutton negligently and/or wantonly failed to make proper arrangements and to implement appropriate systems to ensure that the Plaintiff was fully and timely paid.

31.     As a direct and proximate result of the negligence and/or wantonness of the Defendants, the Plaintiff has been injured and damaged as set out above.

WHEREFORE, the premises considered, the Plaintiff demands judgment against all Defendants as follows:

(a)     For contractual damages and/or for goods sold and delivered in the amount of $94,915.00;

*15C*

    (a)     Punitive damages;

    (b)     Interest;

    (c)     Attorney's fees;

    (d)     Compensatory damages, including damages for mental anguish

and emotional distress, in an appropriate amount;

    (e)     Such other relief as the Court may deem appropriate.


_____
Lynn W. Jinks, III
Attorney for Plaintiff

*JIN002*

_____
Thomas F. Kelly, Jr.
Attorney for Plaintiff

*056*

OF COUNSEL:

JINKS, DANIEL & CROW, L.L.C.
P. O. Box 310
Union Springs, AL  36089
(334) 738-4225

Thomas F. Kelly, Jr., P.C.
Attorney at Law
17 Court Square
Post Office Box 605
Clayton, Alabama  36016-0605
(334) 775-8009

*16C*

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.

Lynn W. Jinks, III
OF COUNSEL

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## CLAYTON DIVISION

| | |
|---|---|
| **BEN T. ADAMS, d/b/a AA–ADAMS**<br>**CONSTRUCTION COMPANY** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| -vs- | )      **CV-2003-024** |
| | ) |
| **CHARTER CONSTRUCTION** | ) |
| **MANAGEMENT CO., INC.; et al.** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Based upon the foregoing Satisfaction of Judgment, it is the order of this Court that the judgment entered by this Court on February 23, 2004 and affirmed on appeal by the Alabama Supreme Court on March 11, 2005 is due to be and is hereby satisfied of record and the Defendant, Charter, is fully discharged from any lien or debt related thereto.

Thus Done and Ordered this _21st_ day of _April_ , 2005.

_____
CIRCUIT JUDGE

FILED

APR 2 1 2005

DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## CLAYTON DIVISION

BEN T. ADAMS, d/b/a AA-ADAMS          )
CONSTRUCTION COMPANY                  )
                                      )
    Plaintiff,                        )
                                      )
-vs-                                  )          CV-2003-024
                                      )
CHARTER CONSTRUCTION                  )
MANAGEMENT CO., INC.; et al.          )
                                      )
    Defendants.                       )

**FILED**
**APR 2 1 2005**
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

### SATISFACTION OF JUDGMENT

    COMES NOW the Plaintiff, Ben T. Adams, d/b/a AA-Adams Construction

Company, and shows to this Court that the judgment rendered in his favor and against the

Defendant, Charter Construction Management Co., Inc., has been satisfied and paid in

full, and is due to be satisfied of record.

                                                   Lynn W. Jinks, III
                                              Attorney for Plaintiff Ben Adams

OF COUNSEL:

JINKS, DANIEL & CROW, P.C.
Post Office Box 350
Union Springs, AL  36089
(334) 738-4225
(334) 738-4229 *fax*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing a copy of the same in the U.S. Mail postage prepaid and addressed as follows on this the _19th_ day of _April_ , 2005.

Robin Kelley, Esq.
AKRIDGE & BALCH, P.C.
730 North Dean Road, Suite 300
P. O. Drawer 3738
Auburn, Alabama 36831-3738

George H. Trawick, Esq.
Attorney At Law
Clio Road North
Post Office Box 47
Ariton, AL 36311-0047

Thomas F. Kelly, Esq.
Attorney at Law
17 Court Square
P. O. Box 605
Clayton, AL 36016-0605

OF COUNSEL

IN THE CIRCUIT COURT OF BARBOUR COUNTY ALABAMA
CLAYTON DIVISION



FILED
MAR — 6 2003
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

BEN T. ADAMS, d/b/a AA-ADAMS )
CONSTRUCTION COMPANY,       )
                            )
          PLAINTIFF,        )
                            )
VS.                         )          CV-2003-024
CHARTER CONSTRUCTION        )
MANAGEMENT CO, INC.; THE    )
CHARTER COMPANIES, CARL     )
SUTTON, SUTTON              )
CONSTRUCTION SERVICES, et al., )
          DEFENDANTS.       )

## ANSWER AND AFFIRMATIVE DEFENSES

### I.

Comes now the undersigned counsel for defendants, Carl Sutton and Sutton

Construction Services and answers plaintiff's Complaint as follows:

1.    Defendants, Carl Sutton and Sutton Construction Services admit the

allegations contained in paragraphs 1, 4, and 8 of plaintiff's Complaint.

2.    Paragraphs 15, 17, 21, and 28 of plaintiff's Complaint do not require a

response.

3.    Defendants, Carl Sutton and Sutton Construction Services deny the

allegations in paragraphs 18, 20, 22, 23, 24, 25, 26, 27, 29, 30 and 31.

4.    Defendants, Carl Sutton and Sutton Construction Services lack

sufficient knowledge to admit or deny the allegations contained in paragraphs 2, 5,

11, and 16.

88C

5.     As to paragraph 3, defendant, Carl Sutton admits the allegation with reference to his address. Defendant, Carl Sutton admits that he was acting as an agent for Sutton Construction Services but denies acting as an agent for any other defendants.

6.     As to paragraph 6, defendants, Carl Sutton and Sutton Construction Services deny that the contractual agreements were made in Barbour County, Alabama. All such agreements were made at the office of Sutton Construction services in Ariton, Alabama and Community Bank & Trust in Ozark, Alabama, both of which are located in Dale County, Alabama.

7.     As to paragraph 7 is denied. All statements and representations between defendants, Carl Sutton and Sutton Construction Services and the plaintiff were made in Dale County, Alabama.

8.     As to paragraph 9, Carl Sutton denies that he contacted the plaintiff and avers that the plaintiff contacted Carl Sutton. Carl Sutton denies acting as an agent for the other defendants and denies the remaining allegations of paragraph 9.

9.     As to paragraph 10, Carl Sutton has no knowledge of the dollar amount of materials furnished by the plaintiff because the plaintiff has removed and taken all financial records and denied Carl Sutton access to these records.

10.     As to paragraph 12, defendant, Carl Sutton has no knowledge of any payments made by defendant, Charter to the plaintiff or of any unpaid balance

because the plaintiff has removed all financial records and refused access to these records by Carl Sutton.

11.     As to paragraph 13, defendant, Carl Sutton admits that the plaintiff has requested money from him but denies owing said money.

12.     As to paragraph 24, defendants, Carl Sutton and Sutton Construction Services deny any wrongful conduct and have no knowledge of plaintiff's loss or of the plaintiff's mental state or bankruptcy status.

13.     As to paragraph 19, defendants, Carl Sutton and Sutton Construction Services admit that the plaintiff has contributed an unknown amount but alleges that said contribution was for the benefit of all parties.

## II.

## AFFIRMATIVE DEFENSES

Come now defendants, Carl Sutton and Sutton Construction Services, by and through their undersigned attorney, and set forth the following affirmative defenses whether in the alternative or whether mistakenly designated as an affirmative defense instead of a Counterclaim:

1.     Accord and satisfaction.

2.     Assumption of the risk.

3.     Contributory negligence.

4.     Estoppel.

*90C*

5.    Fraud.

6.    Payment.

Respectfully submitted this 5th day of March, 2003.

GEORGE H. TRAWICK (TRA010)
ATTORNEY FOR CARL
SUTTON AND SUTTON
CONSTRUCTION SERVICES
P.O. BOX 47
ARITON, AL 36311
(334) 762-2356/774-3175

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above foregoing Motion on all parties listed below by mailing a copy of same to them on this 5th day of March, 2003.

1.    Lynn W. Jinks, III., Attorney for plaintiff, P.O. Box 310, Union Springs, AL 36089;

2.    Thomas F. Kelly, Jr., Attorneys for the plaintiff, P.O. Box 605, Clayton, AL 36016-0605.

GEORGE H. TRAWICK
ATTORNEY FOR CARL
SUTTON AND SUTTON
CONSTRUCTION SERVICES

/54c

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## CLAYTON DIVISION

BEN T. ADAMS, d/b/a AA–ADAMS     )
CONSTRUCTION COMPANY       )
                                   )
     Plaintiff,                 )
                                   )
-vs-                           )     CV-2003-024
                                   )
CHARTER CONSTRUCTION        )
MANAGEMENT CO., INC.; et al.     )
                                   )
     Defendants.               )

```
F I L E D
FEB 2 3 2004
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA
```

## ORDER

This matter is before this Court following a non-jury trial. One of the Defendants, Sutton Construction Company, has previously been dismissed without prejudice. At the trial, which took place on February 2nd, both the Plaintiff, Ben T. Adams d/b/a AA-Adams Construction Company (Adams), and the remaining Defendant, Charter Construction Management Company, Inc., were present and represented by Counsel. Both parties had an opportunity to call witnesses and admit documentary evidence. Based upon the evidence adduced at trial, this Court finds as follows:

Charter Construction Management Company, Inc. (Charter) was the general contractor on the construction of the Sun Ridge Apartments located in or near LaGrange, Georgia. One of its subcontractors on that job was the previously dismissed Defendant, Sutton Construction Company (Sutton). The Plaintiff in this case was requested by Sutton and did supply labor and materials to the Sun Ridge job.

Charter was aware that Adams was supplying labor and materials to this job. It was the custom and practice of Charter to require its subcontractors to list all suppliers to

/55C

its job and the amount of the current balance owed to those suppliers.  These

suppliers'/subcontractors' lists were prepared periodically by Sutton and sent to Charter.

These lists showed AA-Adams Construction as one of those suppliers.  In addition, as a

condition for periodic payments or advances, Charter routinely required each of those

suppliers to execute a Waiver and Subordination of Lien.  Early on in the project, Adams

did execute one or more of these so-called lien waivers.

During the work on this project, because of financial difficulties, Sutton's credit

became impaired.  Rather than risk having one of its subcontractors go out of business,

thus slowing down work on the project, Sutton, Charter, and Sutton's financing entity,

Community Bank and Trust, entered into an agreement and arrangement whereby Sutton

assigned its rights under its contract with Charter to the Bank.  Thereafter, payments

under that contract were presumably made by Charter to the Bank and the Bank in turn

would pay Sutton.

By August 2001 Adams had built up a large account balance on the Sun Ridge job

in the amount of $98,915.04.  Adams communicated to Charter that he would have no

choice but to cease work on the project unless he could get assurances from Charter that

he would be paid.  Again, rather than risk a walkout by a supplier, and a slow down of

work on the project, Charter and Adams worked out an agreement.  Under the terms of

this agreement, Adams agreed to accept a partial payment in the amount of $4,500.00 and

Charter agreed to be directly responsible to Adams for paying the remaining balance of

$94,415.04.  This Court finds that this agreement was an "original" agreement in which

the effect of Charter's promise was to pay the obligation of Sutton, but the object of that

promise was to promote the interest and purpose of Charter in not having the work slow

2

down on the project. Adams confirmed that agreement in writing by a letter dated 8-16-01. In keeping with his obligation under that agreement, Adams executed a lien waiver and was issued a check in the amount of $4,500.00.

Work continued on the project and presumably it was completed. It was undisputed at the trial that neither Sutton nor Charter ever paid Adams any additional sums of money, even though Adams continued to be shown on the supplier's/ subcontractor's list as a supplier with an account balance of $94,415.04.

After not receiving payment Adams began to inquire directly of Charter concerning the payment of his money. Throughout the spring and summer of 2002 he attempted to call Charter's office and did speak to Charter's representative on at least one occasion. Adams was told that Charter would look into it. Finally, in September 2002 Adams wrote to Charter inquiring about the payment and the possible execution of a lien waiver to document any payment in that amount. Charter's representative wrote back to Adams saying that she would research the information and get back in touch with Adams. Nobody at Charter ever contacted Adams again.

Based upon the foregoing facts, this Court is of the opinion that Adams is entitled to recover from Charter under the terms of its August 2001 agreement. That agreement was in writing by virtue of Adams' August 16, 2001 letter to Charter. The Court finds that under the terms of that agreement, Charter became directly responsible for paying Adams his account balance. Moreover, the Court specifically finds, as stated above, that the object of Charter's agreement was to promote its own interest in getting the Sun Ridge job finished in an expeditious manner, even though the effect of the promise might have

3

*157G*

been to discharge an obligation that Sutton had to Adams.   See Fendly v. Dozier

Hardware Company, Inc., 449 So. 2d 1236 (Ala. 1984).

Accordingly, it is the judgment and order of this Court that Adams is entitled to

recover the sum of $94,415.04 from Charter and judgment is hereby rendered in favor of

Ben Adams, d/b/a AA-Adams Construction Company and against Charter Construction

Management Co., Inc. in that amount.

Thus Done and Ordered this __23rd__ day of __February__, 2004.

_____
Circuit Court Judge

4